Brewster H. Jamieson, ASBA No. 8411122
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone:  907-277-9511
Facsimile:  907-276-2631
Email:  jamiesonb@lanepowell.com

Attorneys for Defendant
Eli Lilly and Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| STATE OF ALASKA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>ELI LILLY AND COMPANY,<br><br>　　　　　　　Defendant. | Case No. 3:06-cv-_____-____<br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, defendant Eli Lilly and Company ("Lilly"), a corporation, hereby removes this case from the Superior Court for the State of Alaska, Third Judicial District at Anchorage, to the United States District Court for the District of Alaska.  In support of this Notice of Removal, Lilly avers as follows:

**BACKGROUND**

1.　Plaintiff, the State of Alaska, commenced this action in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, on March 1, 2006.  A copy of the Summons and Complaint is attached hereto as Ex. A.  Lilly was served on March 20, 2006.

2.　This action involves allegations regarding the FDA-approved medicine Zyprexa®. Multidistrict litigation, *In re Zyprexa Products Liability Litigation*, MDL No. 1596, is pending before the Honorable Jack B. Weinstein in the United States District Court for the Eastern District of New York.  Two similar suits filed by the Attorney General of the State of Louisiana are already pending in that MDL proceeding.  *See In re Zyprexa Products Liability Litigation*, 375 F. Supp. 2d 170

(E.D.N.Y. 2005) (denying motion to remand).  Lilly intends to ask the Judicial Panel to transfer this action to MDL No. 1596.

3. Lilly has filed contemporaneously with this Notice of Removal a Motion to Stay All Proceedings Pending Transfer by the Judicial Panel on Multidistrict Litigation, asking this Court to stay this action pending transfer to MDL No. 1596.  As explained in the Motion, a stay will conserve the Court's and the parties' resources, avoid duplicative litigation and prevent inconsistent rulings on global issues – including jurisdictional issues – that arise repeatedly in Zyprexa actions.  For these reasons, courts in more than 60 cases have granted stays pending transfer of Zyprexa-related actions to MDL No. 1596.[1]

---

[1] *See, e.g., Johnson v. Eli Lilly Co., Inc & Dr. J. Colvin*, No. 4:05-cv-02139-ERW (E.D. Mo. Feb. 27, 2006) (a stay "will allow for consistent pretrial rulings and will conserve judicial resources because only one court will need to make such rulings . . . with regard to the parties' jurisdictional dispute," and that "prejudice of a [relatively short delay] does not outweigh the judicial economy interests"). *See also Wesley v. Lilly,* CV-06-569 (N.D. Ala., March 27, 2006); *McDonald v. Lilly,* H-06-651 (S.D. Tex., March 9, 2006); *McTier v. Lilly,* CV-05-607 (M.D. Ala., Aug. 9, 2005); *Muhammad v. Lilly*, CV-05-1046 (M.D. Ala., Nov. 22, 2005); *McCray-Martin v. Lilly,* CV-05-1048 (M.D. Ala., Nov. 22, 2005); *Andrews v. Janssen Pharmaceutica, L.P., et al.*, 4:05-cv-02126-CDP (E.D. Mo. Feb. 26, 2006); *Atterberry v. Eli Lilly & Co, et al.*, 4:05-cv-02177-CDP (E.D. Mo. Feb. 26, 2006); *Benton v. Eli Lilly & Co., et al.*, 2:05-cv-04337-NKL (W.D. Mo. Dec. 13, 2005); *Bledsoe v. Janssen Pharmaceutica, L.P. et al.*, 4:05-cv-02330-ERW (E.D. Mo. Feb. 13, 2006); *Bradley v. Eli Lilly & Co., et al*., 4:05-cv-00932-SOW (W.D. Mo. Dec. 27, 2005); *Buck v. Janssen Pharmaceutica, L.P. et al*., 4:05-cv-01922-CEJ (E.D. Mo. Jan. 27, 2006); *Caffey v. Eli Lilly & Co., et al*., 6:05-cv-03474-DW (W.D. Mo. Dec. 28, 2005); *Davis v. Eli Lilly & Co., et al*., 6:05-cv-03490-RED (W.D. Mo. Jan. 6, 2006); *Deruyter v. Janssen Pharmaceutica, L.P. et al*., 4:05-cv-02155-CAS (E.D. Mo. Feb. 6, 2006); *Eads v. Eli Lilly & Co., et al*., 4:05-cv-00987-GAF (W.D. Mo. Jan. 6, 2006); *Easley v. Eli Lilly & Co., et al*., 3:05-cv-05150-GAF (W.D. Mo. Jan. 6, 2006); *Edwards v. Eli Lilly & Co., et al*., 1:05-cv-00174-ERW (E.D. Mo. Jan. 17, 2006); *Ewing v. Eli Lilly & Co., et al*., 2:05-cv-00066-ERW (E.D. Mo. Jan. 17, 2006); *Forbes v. Eli Lilly & Co., et al*., 2:05-cv-04331-NKL (W.D. Mo. Dec. 13, 2005); *Freeman v. Eli Lilly & Co., et al*., 6:05-cv-03504-DW (W.D. Mo. Jan. 3, 2006); *Harrington v. Janssen Pharmaceutica, L.P., et al*., 4:05-cv-02158-ERW (E.D. Mo. Jan. 17, 2006); *Hayes v. Eli Lilly & Co., et al*., 4:05-cv-02128-AGF (E.D. Mo. Jan. 25, 2006); *Hemphill v. Eli Lilly and Company et al*., 4:05-cv-01245-DW (W.D. Mo. Mar. 20, 2006); *Hedrix v. Eli Lilly & Co., et al*., 4:05-cv-01151-DW (W.D. Mo. Mar. 14, 2006); *Henry v. Eli Lilly & Co., et al*., 2:05-cv-04317-SOW (W.D. Mo. Dec. 22, 2005); *Holden v. Janssen Pharmaceutica, L.P. et al*., 4:05-cv-02121-SNL (E.D. Mo. Mar. 2, 2006); *Howard v. Janssen Pharmaceutica, L.P., et al*., 4:05-cv-02122-CDP (E.D. Mo. Feb. 27, 2006); *Howard v. Eli Lilly & Co., et al*., 4:06-cv-00062-HEA (E.D. Mo. Feb. 27, 2006); *Hurst v. Janssen Pharmaceutica, L.P. et al*., 4:05-cv-02181-CEJ (E.D. Mo. Jan 20, 2006); *Johnson v. Eli Lilly & Co., et al*., 4:05-cv-00960-ODS (W.D. Mo. Dec. 20, 2005); *Johnson v. Eli Lilly Co., et al*., 4:05-cv-02139-ERW (E.D. Mo. Feb. 27, 2006); *Journey v. Janssen Pharmaceutica, L.P. et al*., 4:05-cv-01924-ERW (E.D. Mo. Jan. 17, 2006); *Karsch v. Eli Lilly & Co., et al*., 2:05-cv-04339-NKL (W.D. Mo. Dec. 14, 2005); *Keetch v. Janssen Pharmaceutical, L.P. et al*., 4:05-cv-01931-CAS (E.D. Mo. Mar. 6, 2006); *Kelley v. Eli Lilly & Co., et al*., 2:05-cv-04327-NKL (W.D. Mo. Dec. 13, 2005); *Lipe v. Eli Lilly & Co., et al*., 6:05-cv-03487-RED (W.D. Mo. Feb. 15, 2006); *C. M. v. Janssen*

(continued . . .)

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

4. Venue is proper in this Court pursuant to 28 U.S.C. § 89(c), because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

5. Lilly will promptly (a) file a true and correct copy of this Notice with the Clerk of Court for the Superior Court for the State of Alaska, Third Judicial District at Anchorage, in accordance with 28 U.S.C. § 1446(d), and (b) serve plaintiff's counsel with a copy of this Notice of Removal, in accordance with 28 U.S.C. § 1446(d).

## ALLEGATIONS AND REQUESTED RELIEF

6. Making allegations that implicate federal food and drug regulations, as well as the federal Medicaid statute, the Complaint alleges, *inter alia*:

- "Defendant failed to warn consumers, including the State, its physicians, and Medicaid recipients, of the dangers and permanent health consequences caused by the use of Zyprexa. In fact, Defendant instructed its representatives to minimize and misrepresent the dangers of Zyprexa, affirmatively and consciously placing company profits above public safety. This is particularly true of the prescriptions written for off-label uses. This failure to warn was designed and intended to maximize company profits, even after Lilly's own experts were questioning the safety of Zyprexa." *See* Ex. A, Complaint, at ¶ 19.

---

(. . . continued)
*Pharmaceutica, L.P. et al.*, 4:05-cv-02183-CAS (E.D. Mo. Feb. 6, 2006); *Martin v. Eli Lilly & Co., Inc. et al.*, 4:05-cv-02150-DJS (E.D. Mo. Jan. 25, 2006); *Maurice v. Janssen Pharmaceutica, L.P. et al.*, 4:05-cv-02293-CAS (E.D. Mo. Mar. 6, 2006); *Mincks v. Eli Lilly & Co., et al.*, 6:05-cv-03485-GAF (W.D. Mo. Jan. 6, 2006); *Morlan v. Eli Lilly & Co., et al.*, 1:05-cv-00189-CAS (E.D. Mo. Dec. 20, 2005); *Prince v. Janssen Pharmaceutica, L.P. et al.*, 4:05-cv-02086-CDP (E.D. Mo. Mar. 8, 2006); *Quebedeaux v. Eli Lilly & Co., et al.*, 2:05-cv-04326-NKL (W.D. Mo. Dec. 13, 2005); *Schmidt v. Eli Lilly & Co., et al.*, 2:05-cv-04320-NKL (W.D. Mo. Dec. 13, 2005); *Schardthorst v. Eli Lilly & Co., et al.*, 4:05-cv-02331-CDP (E.D. Mo. Feb. 27, 2006); *Smith v. Eli Lilly & Co., et al.*, 4:06-cv-00061-HEA (E.D. Mo. Feb. 24, 2006); Sousley v. *Eli Lilly and Company, et al.*, 2:05-cv-04412-NKL (W.D. Mo. Mar. 14, 2006); *St. Cin v. Eli Lilly & Co.*, 4:05-cv-01596-ERW (E.D. Mo. Jan. 17, 2006); *Starkey v. Janssen Pharmaceutica, L.P., et al.*, 4:05-cv-02141-CDP (E.D. Mo. Feb. 27, 2006); *Stewart v. Eli Lilly & Co., et al.*, 6:05-cv-03473-RED (W.D. Mo. Feb. 15, 2006); *Surface v. Eli Lilly & Co., et al.*, 2:05-cv-04341-NKL (W.D. Mo. Dec. 21, 2005); *Tindall v. Eli Lilly & Co., et al.*, 4:05-cv-01246-DW (W.D. Mo. Mar. 1, 2006); *Wallace v. Eli Lilly & Co., et al.*, 4:05-cv-01152-REL (W.D. Mo. Jan. 13, 2006); *Warson v. Eli Lilly & Co., et al.*, 6:05-cv-03488-DW (W.D. Mo. Dec. 28, 2005); *West v. Janssen Pharmaceutica, L.P., et al.*, 4:05-cv-02124-CDP (E.D. Mo. Feb. 27, 2006); *Wolfe v. Eli Lilly & Co., et al.*, 4:05-cv-00990-DW (W.D. Mo. Dec. 28, 2006); *Wright v. Eli Lilly & Co., et al.*, 2:05-cv-04413-SOW (W.D. Mo. Jan. 30, 2006). Lilly has not attached copies of these unreported decisions due to their volume; however, Lilly will produce copies immediately upon request of the Court.

**LANE POWELL** LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

- Beginning in the 1990's, Defendant's strategy has been to aggressively market and sell Zyprexa by willfully misleading potential users about serious dangers resulting from the use of Zyprexa. Defendant undertook an advertising blitz, extolling the virtues of Zyprexa in order to induce widespread use. . . . Defendant has also advertised the use of Zyprexa for off-label uses . . . . Ex. A, Complaint, ¶20

- "In making Zyprexa available to Medicaid patients, [Lilly] knowingly misrepresented to the State of Alaska that Zyprexa was safe and effective. The State of Alaska allowed the purchase of Zyprexa for Alaska Medicaid recipients based upon such misrepresentations." Ex A, Complaint, ¶ 25.

- "Zyprexa has been prescribed by Alaska physicians to many recipients of the Medicaid program of the State. As a result of ingesting Zyprexa, Alaska Medicaid patients have suffered serious health effects, which now require further and more extensive medical treatment and health-related care and services. For these individuals, the State is the responsible party for these services. The State has thus suffered and will continue to suffer financial loss in the care of those Medicaid recipients who consumed prescriptions which were ineffective, unsafe and actively harmful." Ex A, Complaint, ¶26.

7. The Complaint also contains substantive counts sounding in negligence, strict liability, and violations of the Alaska Unfair Trade Practices and Consumer Protection Act ("UTPCPA"). It seeks compensatory damages for "past, present and future medical expenses for recipients of the Alaska Medicaid program," restitution for the cost of all Zyprexa prescriptions paid by the State under its Medicaid program, civil penalties of $5,000 for each violation of the UTPCPA, costs, interest, and attorneys' fees.

## FEDERAL QUESTION JURISDICTION

8. This Court has jurisdiction under 28 U.S.C. § 1331 and under the principles set forth in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg*, 125 S. Ct. 2363 (2005).

9. The United States Supreme Court's decision in *Grable* held that "federal question" jurisdiction did not require the plaintiff to have asserted a violation of a federal statute providing a private parallel right of action.[2] Rather, a case asserting only state law causes of action is removable

---

[2] *Grable* limited *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986), to the extent *Merrell Dow Pharmaceuticals* implied or held that a federal cause of action was required to remove a pharmaceutical product liability case. A case asserting only state law causes of action is removable if it raises a substantial federal question. *See Grable*, 125 S. Ct. at 2369-71.

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

if it raises a substantial federal question, "actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state responsibilities" *See Grable*, 125 S. Ct. at 2368-71. *See also County of Santa Clara v. Astra USA, Inc.*, No. C 05-03740 (WHA), 2005 U.S. Dist. LEXIS 34453 (N.D. Cal. Dec. 2, 2005) (copy attached hereto as Ex. B).

10. As more fully explained below, plaintiff's claims directly raise issues in two areas of federal law: i) the federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. § 301, *et seq*, which regulates prescription drug manufacturers' public and promotional statements about prescription drugs; and ii) federal Medicaid law, which determines which drugs a State must cover under its Medicaid program and the limited circumstances under which it can decline to pay for such drugs. *See* 42 U.S.C. §§ 1396r-8(d)(1)B, (d)(4).

11. Recently, in *In re Zyprexa Products Liability Litigation*, 375 F. Supp. 2d 170 (E.D.N.Y. 2005), the court asserted federal question jurisdiction over state law claims involving Lilly's marketing of Zyprexa and the State of Louisiana's payments for Zyprexa under Medicaid. The court found that references in the complaint to federal funding provisions and laws demonstrated "a core of substantial issues [that were] federally oriented." *Id.*, at 172-73.

12. Similarly, in a recent case involving Medicaid drug pricing, the court in *County of Santa Clara v. Astra USA, Inc.*, No. C 05-03740 (WHA), 2005 U.S. Dist. LEXIS 34453 (N.D. Cal. Dec. 2, 2005) (copy attached hereto as Ex. B), invoked federal question jurisdiction under *Grable* because plaintiff's state law claims against pharmaceutical manufacturers for allegedly overcharging plaintiff for Medicaid drugs presented substantial questions of federal law. In concluding that Medicaid drug pricing issues merited federal jurisdiction, the court observed that one measure of evaluating substantiality is "the importance of the federal issue." The court noted that "[u]nder this approach, the following issues have been found to be substantial: those that directly affect the functioning of the federal government, those in an area reserved for exclusive federal jurisdiction, and those that impact a complex federal regulatory scheme." Ex. B, *County of Santa Clara*, 2005 U. S. Dist. LEXIS 34453, at *16.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

13. Because these claims, like those in *Grable, In re Zyprexa,* and *County of Santa Clara,* will necessarily involve substantial federal questions, this Court has federal question jurisdiction over plaintiff's claims.

### A.  Alleged Violations of the FDCA and its Implementing Regulations

14. Many of the claims in this case are premised upon alleged violations by Lilly of the FDCA, in particular that Lilly illegally promoted Zyprexa for various off-label uses,[3] thereby causing harm to the state. Very similar allegations were made by the State of Louisiana. *In re Zyprexa Products Liability Litigation*, 375 F. Supp. 2d 170 (E.D.N.Y. 2005). In addition, the State alleges that Lilly illegally promoted an unsafe drug for public use and failed to adequately warn the FDA, doctors, state regulators and consumers of risks. *See, e.g.,* Ex. A, Complaint, ¶¶ 17, 18, 19, 20, 21, 22, 23, 24, 25, 30, 31, 32, 33, 38, 42, 43, 44, 45, 53. Lilly disputes these allegations, including the allegation that it violated the FDCA by marketing Zyprexa for off-label uses.

15. In addition, the Complaint alleges that Zyprexa was not adequately tested, and that the risks of Zyprexa outweighed its benefits. *See, e.g.,* Ex. A, Complaint, ¶¶ 21, 22, 31, 39. Plaintiff therefore directly challenges the FDA's decisions to approve Zyprexa for sale and to continue to allow Lilly to market and sell Zyprexa today.

16. As a currently-marketed prescription drug, Zyprexa is subject to extensive regulation by the FDA. The FDCA requires the FDA to ensure that "drugs are safe and effective" for their intended uses, 21 U.S.C. § 393(b)(2)(B), in part by "promptly and officially reviewing clinical research and taking appropriate action on the marketing of regulated products." 21 U.S.C. § 393(b)(1). The Secretary of the FDA has the authority to promulgate regulations to enforce the FDCA, which are codified in the Code of Federal Regulations, 21 C.F.R. § 200, *et seq.* 21 U.S.C. § 371(a).

17. To accomplish its purpose, the FDA maintains a Center for Drug Evaluation and Research (the "CDER"). The CDER regulates pharmaceutical companies' development, testing and research, and manufacture of drugs. The CDER examines data generated by these companies to

---

[3] "Off-label" promotion is "a promotion that violates the [FDA's] strictures on off-label marketing." *United States ex rel. Franklin v. Parke-Davis, Div. of Warner-Lambert Co.*, No. Civ. A. 96-11651, 2003 WL 22048255, at *2 (D. Mass. Aug. 22, 2003). Accordingly, where, as here, the Complaint alleges "off-label" promotion, it inherently alleges a violation of federal law.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

conduct a risk/benefit analysis and make an approval decision.  The CDER also ensures truthful advertising for prescription drugs, in part by approving Package Inserts that properly outline benefit and risk information. Once drugs are marketed, the CDER continues to monitor them for unexpected health risks that may require public notification, a change in labeling, or removal of the product from the market.  In short, the CDER evaluates and monitors the effectiveness and safety of prescription drugs.  *See generally* http://www.fda.gov/cder/about/faq/default/htm.

18. Promotional communications to physicians about Zyprexa are contained within, and restricted by, warning, labeling, and promotional materials, such as the Package Insert, that are approved and monitored by the FDA to ensure the provision of accurate information about the drug's comparative risks and benefits.  Under federal regulations, even claims in promotional labeling or advertising must be consistent with approved labeling.  21 C.F.R. § 202.1(e)(4)(2005).

19. The FDA's responsibility to regulate prescription drugs sold in the United States, and to enforce laws with respect to such drugs, inclusive of the precise content and format of prescription drug labeling (*e.g.*, the instructions, warnings, precautions, adverse reaction information provided by manufacturers, and marketing materials), is plenary and exclusive.  *See* 21 U.S.C. § 301 *et seq*.

20. Plaintiff has made a violation of federal law a critical element of its claims against Lilly.  Accordingly, plaintiff's claims regarding the safety, labeling, promotion and marketing of Zyprexa will necessarily raise substantial federal questions by requiring the Court to interpret the meaning of the FDCA and its implementing regulations.

### B. Federal Preemption of Drug Labeling and Warning

21. On January 24, 2006, the FDA announced a new rule, which includes a detailed and emphatic statement of the FDA's intention that its approval of product labeling, whether in the "old" format or the format required by the new rule, completely preempt most state law claims related to the adequacy of prescription drug warnings because such claims frustrate "the full objectives of the Federal law."  *See* Requirements on Content and Format of Labeling for Human Prescription Drug and Biologic Products, 71 Fed. Reg. 3922, 3935, 3934 (Jan. 24, 2006) ("FDA believes that under existing preemption principles, FDA approval of labeling under the act . . . preempts conflicting or contrary State law.").  Accordingly, there is a substantial federal question with respect to whether, in

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

light of the FDA's position on conflict preemption, plaintiffs can claim that, by failing to provide adequate warnings for Zyprexa, Lilly violated state law.

22. The Complaint also creates federal question jurisdiction under the doctrine of complete preemption. Courts find complete preemption where there is a "congressional intent in the enactment of a federal statute not just to provide a federal defense to a state created cause of action but to grant a defendant the ability to remove the adjudication of the cause of action to a federal court by transforming the state cause of action into a federal cause of action." 14B Charles Alan Wright, et al., *Federal Practice and Procedure* § 3722.1 (3d ed. 1998 & Supp. 2005).

23. Here, complete preemption exists because, as explained above, Congress has so thoroughly and intentionally regulated the marketing and promotion of prescription medications that any challenge to such marketing and promotion necessarily states a federal cause of action.

24. Lilly acknowledges that there is no private right of action under the FDCA, and that under existing law a private right of action may be a requirement for the complete preemption doctrine. In *Grable*, however, the United States Supreme Court rejected any bright-line rule that a private right of action is a *sine qua non* to substantial federal question jurisdiction, reasoning that Congressional intent to create a federal forum for an issue could be inferred even in the absence of a private right of action under federal law. *Grable*, 125 S. Ct. at 2370-71. Based on that rationale, courts should not regard Congress' creation of a private right of action as the only means of ascertaining Congressional intent vis-à-vis complete preemption.

### C. Alleged Violations of Federal Medicaid Law

25. Plaintiff's claims raise substantial questions of federal law under the federal Medicaid statute because they depend upon the interpretation and application of federal statutory provisions that govern what can be included in or rejected from state Medicaid formularies, including Alaska's, and because federal funds constitute the majority of Alaska's Medicaid program funds, which funds are at issue in this lawsuit.

26. The federal Medicaid program authorizes federal grants to states to provide medical assistance to low income individuals. 42 U.S.C. § 1396, *et seq.* "Although participation in the program is voluntary, participating states must comply with certain requirements imposed by the Act and regulations promulgated by the Secretary of Health and Human Services." *Wilder v. Virginia*

*Hosp. Assn.,* 496 U.S. 498, 502 (1990).  In Alaska, the Medicaid program is administered by the Department of Health and Social Services.

27. Federal law requires states, subject to certain narrow exceptions, to reimburse FDA-approved prescription drugs of any manufacturer that has entered into and complies with a rebate agreement with the Secretary of Health and Human Services, 42 U.S.C. § 1396r-8(d)(4)(B).  Thus, Alaska is required under federal law to reimburse companies for drugs, such as Zyprexa, if the manufacturer complies with federal requirements.

28. The only time a state can exclude from its formulary a covered outpatient drug subject to a rebate agreement is "with respect to the treatment of a specific disease or condition for an identified population . . . if, based on the drug's labeling . . . the excluded drug does not have a significant clinically meaningful therapeutic advantage in terms of safety, effectiveness, or clinical outcome of such treatment for such population over other drugs included in the formulary and there is a written explanation (available to the public) of the basis for the exclusion." 42 U.S.C. § 1396r-8(d)(4)(D).  Moreover, even a decision to require prior authorization must satisfy federally mandated requirements.  42 U.S.C. §§ 1396r-8(d)(4)(E), (d)(5).  Thus, every step a state takes with regard to coverage of an FDA-approved drug is subject to strict federal mandates.

29. Accordingly, because the Alaska Medicaid program operates within this overarching federal regulatory framework, plaintiffs claims that Zyprexa should not have been part of that program necessarily implicate and turn on questions of federal Medicaid law.

## THE FEDERAL INTEREST IN PROVIDING A FORUM

30. The federal government has a strong interest in having a federal court determine whether any conduct of Lilly, including the alleged marketing of Zyprexa for unapproved uses, violated any federal laws or regulations related to the labeling and marketing of Zyprexa, and whether Lilly's alleged dissemination of information about off-label uses was protected by the First Amendment.

31. The federal government also has a strong interest in having a federal court determine whether the FDA-approved Zyprexa label was false and misleading, as alleged by the plaintiffs, and whether a state may impose liability on Lilly for not updating the label to provide more information on hyperglycemia and diabetes, as the plaintiffs contend Lilly should have done.  Not only did the

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

FDA approve the label for Zyprexa before it was first marketed in 1996, and on later occasions when changes were made to the label, but also the FDA was closely involved with the precise labeling issue raised by the plaintiffs in this case. Before requesting a change to the labeling of Zyprexa and all other atypical antipsychotics on September 11, 2003, the FDA had spent several years studying the data relating to all atypical antipsychotic medicines and diabetes. The FDA's decision not to request a label change relating to diabetes before September 11, 2003, was based on sound policy decisions. The FDA believed that any significant label change required scientific support, and that a label change could influence physicians to prescribe less often and possibly divert patients to other drugs, which could cause the same problems.

32. Finally, the federal government has a strong interest in having a federal court construe and interpret federal Medicaid law, including questions related to reimbursement for Zyprexa under Alaska's Medicaid formulary.

33. Plaintiff's claims may be vindicated or defeated only by construction of federal statutes and regulations. The availability of a federal forum to protect the important federal interests at issue is therefore consistent with *Grable*, and determination by a federal court of the substantial and disputed federal issues that lie at the heart of this case would not "disturb any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 125 S. Ct. at 2368.

### PROPRIETY OF REMOVAL

34. For the foregoing reasons, this Court has jurisdiction over this matter.

35. This Notice is being filed within 30 days after Lilly's first receipt of a copy of the initial pleading setting forth the claim for relief upon which the action is based, as required by 28 U.S.C. § 1446(b).

36. Apart from the Summons and the Complaint (attached hereto as Ex. A, Summons and Complaint), Lilly has received no other process, pleadings, motions or orders.

37. The United States District Court for the District of Alaska is the federal judicial district embracing the Third Judicial District at Anchorage, Alaska, where this suit was originally filed. Removal to this District is therefore proper under 28 U.S.C. § 1441(a).

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

38. Accordingly, the present lawsuit may be removed from the Superior Court of the State of Alaska at Anchorage, and brought before the United States District Court for the District of Alaska pursuant to 28 U.S.C. §§ 1331, 1332(a) and 1441(a).

39. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal has been filed with the Clerk of Court for the State of Alaska, Third Judicial District at Anchorage. *See* Ex. C, hereto.

DATED this 19th day of April, 2006.

> LANE POWELL LLC
> Attorneys for Defendant
>
> By  s/ Brewster H. Jamieson
>   301 West Northern Lights Boulevard, Suite 301
>   Anchorage, Alaska  99503-2648
>   Tel: 907-277-9511
>   Fax: 907-276-2631
>   Email:  jamiesonb@lanepowell.com
>   ASBA No. 8411122

I certify that on April 19, 2006, a copy of the foregoing was served by mail on:

Eric T. Sanders, Esq.
Feldman Orlansky & Sanders
500 L. Street, Suite 400
Anchorage, Alaska  99501-5911

Matthew L Garretson, Esq.
Joseph W. Steele, Esq.
Garretson & Steele
9545 Kenwood Road, Suite 304
Cincinnati, Ohio 45242-6100

H. Blair Hahn, Esq.
Richardson, Patrick, Westbrook & Brickman, LLC
1037 Chuck Dawley Boulevard, Building A
Mount Pleasant, South Carolina  29464-4190

   s/ Brewster H. Jamieson
121873.0001/154723.1

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska  99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Notice of Removal**
*State of Alaska v. Eli Lilly and Company*                                      Page 11 of 11