Brewster H. Jamieson, ASBA No. 8411122
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone:  907-277-9511
Facsimile:   907-276-2631
Email:        jamiesonb@lanepowell.com

Attorneys for Defendant
Eli Lilly and Company

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| STATE OF ALASKA,<br><br>        Plaintiff,<br><br>v.<br><br>ELI LILLY AND COMPANY,<br><br>        Defendant. | Case No. 3:06-cv-_____-____<br><br>**DEFENDANT ELI LILLY AND COMPANY'S MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** |

  For the reasons set forth in the accompanying Memorandum of Law, defendant Eli Lilly and Company ("Lilly"), moves this Court to enter an Order staying: (a) all pretrial activity in this case, including any motion to remand;  (b) the period for initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure;  and (c) all other discovery and pretrial deadlines, pending transfer of this case by the Judicial Panel on Multidistrict Litigation, pursuant to 28 U.S.C. § 1407, to *In re Zyprexa Products Liability Litigation,* MDL No. 1596, pending before the Honorable Jack B. Weinstein in the United States District Court for the Eastern District of New York.

## I.  INTRODUCTION

  To conserve the Court's and parties' resources, avoid duplicative litigation and prevent inconsistent rulings on global issues that arise repeatedly in Zyprexa® actions, this Court should stay all proceedings in this action pending transfer, pursuant to 28 U.S.C. § 1407, to *In re Zyprexa Products Liability Litigation,* MDL 1596 ("the MDL"), pending before the Honorable Jack B. Weinstein in the United States District Court for the Eastern District of New York.  Faced with similar circumstances, district courts throughout the country have granted stays pending transfer to

the MDL in more than 60 Zyprexa actions, including two actions filed by the Attorney General of Louisiana.[1]

---

[1] *See e.g., Wesley v. Lilly,* CV-06-569 (N.D. Ala., March 27, 2006); *McDonald v. Lilly,* H-06-651 (S.D. Tex., March 9, 2006); *McTier v. Lilly, CV-05-607 (*M.D. Ala., August 9, 2005*); Muhammad v. Lilly,* CV-05-1046 (M.D. Ala., November 22, 2005); *McCray-Martin v. Lilly,* CV-05-1048 (M.D. Ala., November 22, 2005); *Andrews v. Janssen Pharmaceutica, L.P., et al.*, 4:05-cv-02126-CDP (E.D.Mo. Feb. 26, 2006); *Atterberry v. Eli Lilly & Co, et al.*, 4:05-cv-02177-CDP (E.D.Mo. Feb. 26, 2006); *Benton v. Eli Lilly & Co., et al.*, 2:05-cv-04337-NKL (W.D.Mo. Dec. 13, 2005); *Bledsoe v. Janssen Pharmaceutica, L.P. et al.*, 4:05-cv-02330-ERW (E.D.Mo. Feb. 13, 2006); *Bradley v. Eli Lilly & Co., et al.*, 4:05-cv-00932-SOW (W.D.Mo. Dec. 27, 2005); *Buck v. Janssen Pharmaceutica, L.P. et al.*, 4:05-cv-01922-CEJ (E.D.Mo. Jan. 27, 2006); *Caffey v. Eli Lilly & Co., et al.*, 6:05-cv-03474-DW (W.D.Mo. Dec. 28, 2005); *Davis v. Eli Lilly & Co., et al.*, 6:05-cv-03490-RED (W.D.Mo. Jan. 6, 2006); *Deruyter v. Janssen Pharmaceutica, L.P. et al.*, 4:05-cv-02155-CAS (E.D.Mo. Feb. 6, 2006); *Eads v. Eli Lilly & Co., et al.*, 4:05-cv-00987-GAF (W.D.Mo. Jan. 6, 2006); *Easley v. Eli Lilly & Co., et al.*, 3:05-cv-05150-GAF (W.D.Mo. Jan. 6, 2006); *Edwards v. Eli Lilly & Co., et al.*, 1:05-cv-00174-ERW (E.D.Mo. Jan. 17, 2006); *Ewing v. Eli Lilly & Co., et al.*, 2:05-cv-00066-ERW (E.D.Mo. Jan. 17, 2006); *Forbes v. Eli Lilly & Co., et al.*, 2:05-cv-04331-NKL (W.D.Mo. Dec. 13, 2005); *Freeman v. Eli Lilly & Co., et al.*, 6:05-cv-03504-DW (W.D.Mo. Jan. 3, 2006); *Harrington v. Janssen Pharmaceutica, L.P., et al.*, 4:05-cv-02158-ERW (E.D.Mo. Jan. 17, 2006); *Hayes v. Eli Lilly & Co., et al.*, 4:05-cv-02128-AGF (E.D.Mo. Jan. 25, 2006); *Hemphill v. Eli Lilly and Company et al.*, 4:05-cv-01245-DW (W.D.Mo. Mar. 20, 2006); *Hedrix v. Eli Lilly & Co., et al.*, 4:05-cv-01151-DW (W.D.Mo. Mar. 14, 2006); *Henry v. Eli Lilly & Co., et al.*, 2:05-cv-04317-SOW (W.D.Mo. Dec. 22, 2005); *Holden v. Janssen Pharmaceutica, L.P. et al.*, 4:05-cv-02121-SNL (E.D.Mo. Mar. 2, 2006); *Howard v. Janssen Pharmaceutica, L.P., et al.*, 4:05-cv-02122-CDP (E.D.Mo. Feb. 27, 2006); *Howard v. Eli Lilly & Co., et al.*, 4:06-cv-00062-HEA (E.D.Mo. Feb. 27, 2006); *Hurst v. Janssen Pharmaceutica, L.P. et al.*, 4:05-cv-02181-CEJ (E.D.Mo. Jan 20, 2006); *Johnson v. Eli Lilly & Co., et al.*, 4:05-cv-00960-ODS (W.D.Mo. Dec. 20, 2005); *Johnson v. Eli Lilly Co., et al.*, 4:05-cv-02139-ERW (E.D.Mo. Feb. 27, 2006); *Journey v. Janssen Pharmaceutica, L.P. et al.*, 4:05-cv-01924-ERW (E.D.Mo. Jan. 17, 2006); *Karsch v. Eli Lilly & Co., et al.*, 2:05-cv-04339-NKL (W.D.Mo. Dec. 14, 2005); *Keetch v. Janssen Pharmaceutical, L.P. et al.*, 4:05-cv-01931-CAS (E.D.Mo. Mar. 6, 2006); *Kelley v. Eli Lilly & Co., et al.*, 2:05-cv-04327-NKL (W.D.Mo. Dec. 13, 2005); *Lipe v. Eli Lilly & Co., et al.*, 6:05-cv-03487-RED (W.D.Mo. Feb. 15, 2006); *C. M. v. Janssen Pharmaceutica, L.P. et al.*, 4:05-cv-02183-CAS (E.D.Mo. Feb. 6, 2006); *Martin v. Eli Lilly & Co., Inc. et al.*, 4:05-cv-02150-DJS (E.D.Mo. Jan. 25, 2006); *Maurice v. Janssen Pharmaceutica, L.P. et al.*, 4:05-cv-02293-CAS (E.D.Mo. Mar. 6, 2006); *Mincks v. Eli Lilly & Co., et al.*, 6:05-cv-03485-GAF (W.D.Mo. Jan. 6, 2006); *Morlan v. Eli Lilly & Co., et al.*, 1:05-cv-00189-CAS (E.D.Mo. Dec. 20, 2005); *Prince v. Janssen Pharmaceutica, L.P. et al.*, 4:05-cv-02086-CDP (E.D.Mo. Mar. 8, 2006); *Quebedeaux v. Eli Lilly & Co., et al.*, 2:05-cv-04326-NKL (W.D.Mo. Dec. 13, 2005); *Schmidt v. Eli Lilly & Co., et al.*, 2:05-cv-04320-NKL (W.D.Mo. Dec. 13, 2005); *Schardthorst v. Eli Lilly & Co., et al.*, 4:05-cv-02331-CDP (E.D.Mo. Feb. 27, 2006); *Smith v. Eli Lilly & Co., et al.*, 4:06-cv-00061-HEA (E.D.Mo. Feb. 24, 2006); Sousley v. *Eli Lilly and Company, et al.*, 2:05-cv-04412-NKL (W.D.Mo. Mar. 14, 2006); *St. Cin v. Eli Lilly & Co.*, 4:05-cv-01596-ERW (E.D.Mo. Jan. 17, 2006); *Starkey v. Janssen Pharmaceutica, L.P., et al.*, 4:05-cv-02141-CDP (E.D.Mo. Feb. 27, 2006); *Stewart v. Eli Lilly & Co., et al.*, 6:05-cv-03473-RED (W.D.Mo. Feb. 15, 2006); *Surface v. Eli Lilly & Co., et al.*, 2:05-cv-04341-NKL (W.D.Mo. Dec. 21, 2005); *Tindall v. Eli Lilly & Co., et al.*, 4:05-cv-01246-DW (W.D.Mo. Mar. 1, 2006); *Wallace v. Eli Lilly & Co., et al.*, 4:05-cv-01152-REL (W.D.Mo. Jan. 13, 2006); *Warson v. Eli Lilly & Co., et al.*, 6:05-cv-03488-DW (W.D.Mo. Dec. 28, 2005); *West v. Janssen Pharmaceutica, L.P., et al.*, 4:05-cv-02124-CDP (E.D.Mo. Feb.

(continued . . .)

**LANE POWELL** LLC
301 WestNorthern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Defendant Eli Lilly and Company's Motion to Stay All Proceedings
Pending Transfer By the Judicial Panel On Multidistrict Litigation**
*State of Alaska v. Eli Lilly and Company*                                                                                    **Page 2 of 8**

**IN RE ZYPREXA PRODUCTS LIABILITY LITIGATION, MDL NO. 1596**

Beginning on April 14, 2004, the Judicial Panel on Multidistrict Litigation ("the Panel"), pursuant to 28 U.S.C. § 1407, transferred the first of 343 civil actions (representing 650 plaintiffs) to the Eastern District of New York for coordinated or consolidated pretrial proceedings before the Honorable Jack B. Weinstein. *See In re Zyprexa Products Liability Litigation*, MDL 1596, 314 F. Supp.2d 1380 (J.P.M.L. 2004) (hereinafter, "Transfer Order"). In its Transfer Order, the Panel held:

> On the basis of the papers filed and hearing session held, the Panel finds that these six actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share allegations concerning the safety of Zyprexa, a prescription drug used in the treatment of schizophrenia. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

*Id.*, at 1381. Currently, transfers are pending for another 429 actions (3537 plaintiffs).

**THE INSTANT ACTION**

On March 1, 2006, plaintiff, the State of Alaska, commenced this action against Lilly by filing a Complaint in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, Case No. 3AN-06-5630 CIV. Service was effected on Lilly on March 20, 2006. On April 19, 2006, Lilly removed this action to this Court based on federal question jurisdiction under 28 U.S.C. § 1331 and the principles set forth in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg*, 125 S. Ct. 2363 (2005). *See* Notice of Removal of Defendant Eli Lilly and Company, filed contemporaneously herewith.

This case turns on the same complex questions raised by the hundreds of other cases pending in the MDL, including (i) whether Zyprexa caused or substantially contributed to the development of diabetes or related diseases and conditions, and (ii) whether Lilly knew that Zyprexa caused or substantially contributed to the development of diabetes or related diseases or conditions,

---

(. . . continued)
27, 2006); *Wolfe v. Eli Lilly & Co., et al.*, 4:05-cv-00990-DW (W.D.Mo. Dec. 28, 2006); *Wright v. Eli Lilly & Co., et al.*, 2:05-cv-04413-SOW (W.D.Mo. Jan. 30, 2006). Lilly has not attached copies of these unreported decisions, due to their volume. Lilly will provide copies immediately upon request of the Court.

**LANE POWELL LLC**
301 WestNorthern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Defendant Eli Lilly and Company's Motion to Stay All Proceedings
Pending Transfer By the Judicial Panel On Multidistrict Litigation**
*State of Alaska v. Eli Lilly and Company*                                                          Page 3 of 8

and failed to warn the medical community and the United States Food and Drug Administration (FDA). Accordingly, Lilly will file a Notice of Potential Tag-Along Actions seeking transfer of this case to the MDL, and expects that the Panel will transfer it soon by Conditional Transfer Order. The Court should stay all proceedings in this action pending such transfer.

## II.  ARGUMENT

Federal courts have the inherent power to control their dockets by staying proceedings. *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936). Given the purposes of MDL consolidation, a stay, and deference to the MDL transferee court, is particularly appropriate when the parties contest issues that are "likely to arise in other actions pending" in the consolidated proceedings. Ex. A, *Sisemore v. Merck & Company, Inc.,* 2006 U.S. Dist. LEXIS 16753 (April 6, 2006), citing *Conroy v. Fresh Del Monte Produce Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004).

Courts analyze three factors when deciding whether to issue a stay of proceedings pending a decision by the Panel on transfer: (1) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact coordinated; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party. *See Rivers v. The Walt Disney Co.,* 980 F. Supp. 1358, 1360-62 (C.D. Cal. 1997). In this case, all three factors militate in favor of a stay.

### A.  A Stay Will Further Judicial Economy And Avoid Duplicative Litigation

#### 1.  The Potential for Inconsistent Rulings

As the Panel explained in creating MDL 1596, "Centralization under Section 1407 is . . . necessary in order to . . . prevent inconsistent pre-trial rulings, and conserve the resources of the parties, their counsel and the judiciary." Transfer Order, 314 F. Supp. at 1381. Consistent with the Panel's repeated findings, a stay of proceedings by this Court will further the Panel's goals of conserving judicial resources and ensuring uniform decisions on an array of pretrial matters. *See In re Plumbing Fixture Cases*, 298 F. Supp. 484, 491-92 (J.P.M.L. 1968).

A district court should not waste time "familiarizing itself with the intricacies of an action that will be coordinated for pretrial management before a transferee judge." *Rivers,* 980 F. Supp. at 1360; *see also* Ex. B, *Gorea v. Gillette Co.*, No. 05 Civ. 2425, 2005 WL 2373440, at *1 (W.D. Tenn. Sept. 26, 2005) ("a stay is warranted in this case . . . the court would have to use judicial

LANE POWELL LLC
301 WestNorthern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Defendant Eli Lilly and Company's Motion to Stay All Proceedings
Pending Transfer By the Judicial Panel On Multidistrict Litigation**
*State of Alaska v. Eli Lilly and Company*                                                                  Page 4 of 8

resources in making rulings . . . in a case over which it might ultimately lose jurisdiction"). It was this concern that prompted a district court to note, "[i]f the MDL motion is granted, all of the Court's time, energy and acquired knowledge regarding the action and its pretrial procedures will be wasted." Ex. C, *U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.,* No. 3:02-CV-0853-P, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002) (granting defendant's motion to stay).

As complex jurisdictional issues become increasingly common in MDL litigation, their efficient resolution by MDL transferee courts underscores the considerations of consistency and judicial economy that go to the heart of whether a stay should be issued. *See, e.g.,* Ex. D, *In re Diet Drugs Prods. Liab. Litig.* MDL 1203, No. 03-20370, 2004 WL 2624851 (E.D. Pa. Nov. 18, 2004). The transferee court in the Diet Drug litigation has, for example, frequently addressed jurisdictional issues, thus creating a body of case law that provides valuable consistency and guidance for all involved. *Id.* Judge Weinstein has similarly begun developing such a body of case law in the Zyprexa litigation. Recently, applying *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg*, 125 S. Ct.. 2363 (2005), Judge Weinstein held that allegations that Lilly violated federal law and federal regulations by allegedly marketing Zyprexa for off-label uses presented substantial federal questions. *See In re: Zyprexa Prods. Liab. Litig.*, 375 F. Supp.2d 170, 172-73 (E.D.N.Y. 2005) (holding that, where a state attorney general's complaint alleged that Lilly promoted Zyprexa for off-label uses in violation of state law, "the allegations about the violation of federal law through improper off-label use present[ed]" a substantial federal question and created jurisdiction under 28 U.S.C. § 1331).

In sum, Judge Weinstein, who has been managing the Zyprexa-related litigation for almost two years, is well positioned to assess global jurisdictional issues raised by this action, including any motion to remand that may be filed by the plaintiff. *See, e.g., In re Ivy,* 901 F.2d 7 (2d Cir. 1990) (petition for mandamus to direct JPML panel to vacate transfer order denied despite pending jurisdictional objections in transferor court, discussing with approval the economies of transfer to MDL pending before Judge Weinstein); Ex. E, *Johnson v. Eli Lilly Co., Inc & Dr. J. Colvin*, No. 4:05-cv-02139-ERW (E.D. Mo. Feb. 27, 2006) (a stay "will allow for consistent pretrial rulings and will conserve judicial resources because only one court will need to make such rulings … with regard to the parties' jurisdictional dispute," and that "prejudice of a [relatively short delay] does not outweigh the judicial economy interests"); Ex. F, *Falgoust v. Microsoft Corp.,* No. 00-0779, 2000

**LANE POWELL LLC**
301 WestNorthern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Defendant Eli Lilly and Company's Motion to Stay All Proceedings
Pending Transfer By the Judicial Panel On Multidistrict Litigation**
*State of Alaska v. Eli Lilly and Company*                                                                    Page 5 of 8

U.S. Dist. LEXIS 5417 (E.D. La. Apr. 19, 2000 (stay of consideration of remand motion was proper pending transfer to MDL). Accordingly, this action should be stayed pending transfer to MDL No. 1596.

### 2. Increased Efficiency of Pretrial Proceedings

Judicial economy will be further served by a stay of proceedings because of the increased efficiency and coordinated pretrial case management available in the MDL proceedings, particularly with respect to discovery. As noted, this case shares many common questions of fact and law with the hundreds of other pending cases involving Zyprexa. These issues include Zyprexa's safety profile, the marketing of Zyprexa, and the adequacy of Lilly's labeling. Plaintiff will certainly seek discovery on all of these issues, which discovery will be duplicative of discovery already proceeding in the MDL. Judge Weinstein has made it clear that "it is expected that all discovery to date will be shared by past and incoming parties without the need for duplication." *See* Ex. G, Order dated January 5, 2005. Accordingly, a stay of proceedings pending transfer to the MDL will ensure that efficiency is maximized and the efforts of the parties and the Court are not wasted on duplicative discovery.

### B. Lilly Will Be Prejudiced Absent Stay

The analysis of judicial economy is often accompanied by a balancing of the relative hardships to each party in the event a stay is granted or denied. *See, e.g., Meyers v. Bayer AG,* 143 F. Supp. 2d at 1053 (where defendant faced the same or similar jurisdictional issues on remand in eight other cases, stay was granted because gains in judicial economy outweighed the burden of delay); Ex. H, *Tench v. Jackson Nat'l Life Ins. Co.,* No. 99-cv-5182, 1999 WL 1044923, at *2 (N.D. Ill. Nov. 12, 1999); Ex. I. *American Seafood, Inc. v. Magnolia Processing, Inc.,* Nos. 92-1030, 92-1086, 1992 WL 102762, at *1,2 (E.D. Pa. May 7, 1992).

The prejudice to Lilly absent a stay far outweighs any perceived or potential prejudice to plaintiff if a stay is granted. *See* Ex. I, *American Seafood* 1992 WL 102762, at *2 ("The duplicative motion practice and discovery proceedings demonstrate that . . . prejudice to the defendants weigh heavily in favor of a stay."). Lilly should not be forced to engage in unnecessary and duplicative discovery. *See* Ex. J, *Wilbanks v. Merck & Co., Inc.*, No. 05-Civ. 1241, 2005 WL 2234071, at *1 (W.D. Tenn. Sep. 13, 2005) (granting a stay, holding that "in the absence of a stay, the risk to Merck

**Defendant Eli Lilly and Company's Motion to Stay All Proceedings**
**Pending Transfer By the Judicial Panel On Multidistrict Litigation**
*State of Alaska v. Eli Lilly and Company*                                                                  Page 6 of 8

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

of duplicative motions and discovery is significant."); Ex. B, *Gorea*, 2005 WL 2372440, at *1 ("whereas without a stay [pending transfer to the MDL court], the burden on Gillette of having to . . . engage in limited discovery . . . would be significant").

Based on the allegations of the Complaint, plaintiff will seek discovery from Lilly pertaining to its development and clinical testing of Zyprexa. Such discovery is identical to discovery currently being pursued in the MDL. In addition, it is inevitable that plaintiff will seek depositions of the same set of approximately 15 Lilly employees and former employees who have already been deposed in the MDL proceeding. Without a stay, Lilly risks having to produce these witnesses multiple times in different jurisdictions, resulting in significant hardship and inconvenience to those witnesses, and substantial expense to Lilly. Thus, this Court should grant a stay of proceedings pending transfer to MDL 1596 .

### C. A Stay Will Not Prejudice Plaintiffs

A stay of proceedings will benefit all parties in this matter, including plaintiffs, because of the increased efficiency and coordinated pretrial case management available in the MDL proceedings. *See, e.g., Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (granting a stay where "a stay pending a final decision by the MDL Panel would likely be brief"); Ex. H, *Tench*, 1999 WL 1044923, at *2 (granting a stay as plaintiff would suffer no prejudice from the short delay). Other courts have similarly concluded that the long-run benefits of a stay greatly outweigh any potential minimal short-run costs. *See* Ex. K, *Egon v. Del-Val Fin. Corp.,* No. 90-4338, 1991 WL 13726, at *1 (D.N.J. Feb. 1, 1991) ("[E]ven if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay."); Ex. L, *Rosenfeld v. Hartford Fire Ins. Co.,* Nos. 88-cv-2153, 88-cv-2252, 1988 WL 49065, at *2 (S.D.N.Y. May 12, 1988) ("While [plaintiffs] may suffer some initial delay, once the cases are coordinated and the defendants are able to respond to all the complaints in a coordinated manner, more time may well be saved than was lost.").

The potential prejudice to plaintiffs if the action is stayed is negligible. Plaintiffs have expended limited resources to date; this action is still in its infancy, and discovery has not yet begun. Whatever limited discovery could take place in the next several weeks will be subsumed and

**LANE POWELL LLC**
301 WestNorthern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Defendant Eli Lilly and Company's Motion to Stay All Proceedings
Pending Transfer By the Judicial Panel On Multidistrict Litigation**
*State of Alaska v. Eli Lilly and Company*                                                            Page 7 of 8

superseded by the coordinated discovery that has already taken place in the MDL; namely, approximately 5.2 million pages of documents already produced, Rule 30(b)(6) corporate designee depositions already conducted, and Case Management Orders addressing a range of issues.

### III.  CONCLUSION

As have many other courts, this Court should grant Lilly's motion to stay all proceedings in this case pending transfer to the MDL proceeding that has been established in the Eastern District of New York.

DATED this 19th day of April, 2006.

> LANE POWELL LLC
> Attorneys for Defendant
>
> By  s/ Brewster H. Jamieson
>   301 West Northern Lights Boulevard, Suite 301
>   Anchorage, Alaska  99503-2648
>   Tel: 907-277-9511
>   Fax: 907-276-2631
>   Email:  jamiesonb@lanepowell.com
>   ASBA No. 8411122

I certify that on April 19, 2006, a copy of the foregoing was served by mail on:

Eric T. Sanders, Esq.
Feldman Orlansky & Sanders
500 L. Street, Suite 400
Anchorage, Alaska  99501-5911

Matthew L Garretson, Esq.
Joseph W. Steele, Esq.
Garretson & Steele
9545 Kenwood Road, Suite 304
Cincinnati, Ohio  45242-6100

H. Blair Hahn, Esq.
Richardson, Patrick, Westbrook & Brickman, LLC
1037 Chuck Dawley Boulevard, Building A
Mount Pleasant, South Carolina  29464-4190

  s/ Brewster H. Jamieson
121873.0001/154723.1

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska  99503-2648
Telephone  907.277.9511  Facsimile  907.276.2631

**Defendant Eli Lilly and Company's Motion to Stay All Proceedings
Pending Transfer By the Judicial Panel On Multidistrict Litigation**
*State of Alaska v. Eli Lilly and Company*                                         Page 8 of 8