Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 2624851 (E.D.Pa.)
(Cite as: Not Reported in F.Supp.2d)

Page 1

**Briefs and Other Related Documents**
Only the Westlaw citation is currently available.
United States District Court,E.D. Pennsylvania.
In re: DIET DRUGS (PHENTERMINE, FENFLURAMINE, DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION
Scott RUBIN
v.
AMERICAN HOME PRODUCTS CORPORATION, et al.
No. MDL 1203, Civ.A. 03-20370.

Nov. 18, 2004.

*MEMORANDUM AND PRETRIAL ORDER NO.*
_____

BARTLE, J.
*1 THIS DOCUMENT RELATES TO:____

Before the court is the motion of the plaintiff Scott Rubin to remand to the Circuit Court of Broward County, Florida. Plaintiff has also filed an objection to the conditional transfer order and request for remand to the United States District Court for the Southern District of Florida.

Plaintiff, a citizen of Florida, has sued Wyeth, the manufacturer of Pondimin and Redux, Wyeth's related companies, Wyeth-Ayerst, Wyeth-Ayerst Laboratories, Wyeth Pharmaceuticals, and A.H. Robins Company, Inc., as well as Interneuron Pharmceuticals, Inc., a co-promoter of Redux. Plaintiff has also named as defendants several phentermine manufacturers and distributors and Dr. Richard Bowen ("Dr.Bowen"), the physician who allegedly prescribed the diet drugs for plaintiff. The phentermine distributor Goldline Laboratories ("Goldline") and Dr. Bowen are purportedly citizens of Florida. The remaining defendants, including Wyeth and its related companies, are of diverse citizenship. This motion is before the undersigned as transferee judge in MDL 1203, the mass tort litigation involving the diet drugs commonly known as fen-phen.

FN1. Wyeth was previously known as American Home Products Corporation.

FN2. Plaintiff, in his remand motion, refers to "the Health Care Defendant." Plaintiff's amended complaint refers to physician defendants and diet center defendants. However, the amended complaint only identifies Dr. Bowen as the plaintiff's treating physician and lists no other physicians or diet centers. We will assume the references to "the Health Care Defendant" in plaintiff's remand motion are to Dr. Bowen.

Plaintiff claims that he suffers from neurotoxicity, neurocognitive dysfunction and developmental neurotoxicity as a result of ingesting fen-phen. Plaintiff asserts claims for negligence, strict liability, misrepresentation, and breach of warranties against Wyeth, Interneuron, and the phentermine manufacturers. He also brings claims against his prescribing physician for negligence and negligent misrepresentation. No federal claim for relief is alleged. Unlike plaintiffs in the remand motions this court has previously addressed, plaintiff here is not seeking relief for valvular heart disease or primary pulmonary hypertension.

I.

In September, 1999, plaintiff filed his first suit against Wyeth and other defendants, some of which are also named in the instant action, claiming that he suffered injuries, including neurotoxic injuries as a result of his use of Wyeth's diet drugs. *See Rubin v. Wyeth, et al.,* No. 99016790 (Broward County, Florida, filed Sept. 30, 1999) (hereinafter, the "1999 action"). After plaintiff voluntarily dismissed the non-diverse defendants in the 1999 action, Wyeth removed the case to the United States District Court for the Southern District of Florida. Plaintiff's 1999 action was subsequently transferred to this court as part of MDL 1203. On January 31, 2003, this court entered summary judgment in favor of Wyeth because plaintiff had failed to procure expert testimony that Wyeth's diet drugs caused his alleged injuries. *See* Memorandum and Pretrial Order ("PTO") No. 2718, *Rubin v. American Home Prods. Corp.,* CIV.A. No. 99-20593 (E.D.Pa. Jan. 31, 2003), *aff'd, In re Diet Drugs,* No. 03-1601 (3d Cir. Jan. 14, 2004).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:06-cv-00088-TMB    Document 4-5    Filed 04/20/2006    Page 2 of 6

Not Reported in F.Supp.2d                                                                                              Page 2
Not Reported in F.Supp.2d, 2004 WL 2624851 (E.D.Pa.)
(Cite as: Not Reported in F.Supp.2d)

While plaintiff was pursuing an appeal in his 1999 action, he filed the complaint that is the subject of the instant action. This complaint, filed in the Broward County Circuit Court on or about September 13, 2002, seeks relief for neuropsychiatric and neurotoxic damages. Wyeth removed the action to the United States District Court for the Southern District of Florida on May 14, 2003. Thereafter, plaintiff moved to remand this action under 28 U.S.C. § 1447(c). The Florida court deferred ruling on plaintiff's motion, and the action was then transferred to this court as part of MDL 1203. On January 30, 2004, plaintiff filed an objection to the transfer order, along with his motion to remand to the United States District Court for the Southern District of Florida. Plaintiff has incorporated by reference his motion for remand to the Broward County Circuit Court in his motion to remand to the Southern District of Florida. On May 7, 2004, plaintiff filed with this court a notice of pending motion to remand to the Circuit Court of Broward County, Florida.

> FN3. In a footnote to its opposition to plaintiff's remand motion, Wyeth has stated its intention to seek dismissal of this case on the grounds that it is without merit. We need not address this issue at this time as a motion to dismiss is not properly before the court.

II.

*2 First, we turn to plaintiff's objection to the conditional transfer order. Plaintiff contends that the MDL panel should not have transferred this action from the United States District Court for the Southern District of Florida and requests that we remand his action back to the Florida federal court. Plaintiff claims that because the Nationwide Class Action Settlement Agreement ("Settlement Agreement") does not provide any benefits for neurotoxic injuries, his claim should not be governed by MDL 1203. See Brown v. American Home Products Corporation, CIV.A. No. 99-20593 (E.D.Pa. Aug. 28, 2000) (Pretrial Order No. 1415). We disagree. Plaintiff correctly points out that the Settlement Agreement does not provide compensation for neurotoxic injuries. Even so, plaintiff, an initial opt-out, is not bound by the terms of the Settlement Agreement. In any event, our jurisdiction as the MDL court extends to *all* diet drug cases, not only those alleging injuries recognized in the Settlement Agreement. See JPML Transfer Order dated December 10, 1997.

> FN4. We note that under the of Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("JPML"), objections to transfer orders should be filed with the JPML and not the transferee court. Specifically, Rule 7.4 of the Rules of Procedure of the JPML provides that notices of opposition and motions to vacate orders of the JPML shall be governed by Rules 5.2, 5.12, 7.1 and 7.2. Under these rules, filings are to be made with the clerk of the panel, under the heading "Before the Judicial Panel on Multidistrict Litigation." J.P.M.L. Proc. R. 5.2(a), 5.12(1), 7.1(d), 7.2(a).

We find that there is no basis for plaintiff's argument that discovery on his neurotoxicity claims should take place in the transferor court.

III.

Next, we turn to plaintiff's motion to remand to the Circuit Court of Broward County, Florida. This court addressed similar issues in Memorandum and PTO No. 3856 in *Bankston, et al. v. Wyeth, et al.,* CIV.A. No. 03-20765 (E.D.Pa. Aug.12, 2004), which is also part of the nationwide diet drug litigation. In *Bankston,* we laid out in detail the standards for removal based on diversity jurisdiction and fraudulent joinder. See *id.* Because we examined the same legal standards in *Bankston,* we need not revisit them here.

IV.

Plaintiff contends that he has alleged claims in negligence and negligent misrepresentation against Dr. Bowen, who purportedly prescribed the diet drugs for plaintiff. Wyeth counters that plaintiff has no reasonable possibility of recovery against him because plaintiff's amended complaint, on its face, does not make out a claim against him. Plaintiff only mentions Dr. Bowen in the caption and in paragraph 35 of the amended complaint, which alleges he was plaintiff's prescribing physician. However, none of the counts of plaintiff's amended complaint is directed specifically at Dr. Bowen. Instead, each of the five counts of the amended complaint is directed either at the "Pharmaceutical Company Defendants only" or the "Pharmaceutical Company Defendants and the Diet Center Defendants only." Because we

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d        Page 3
Not Reported in F.Supp.2d, 2004 WL 2624851 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

are dealing with notice pleading, we will construe the complaint as alleging negligence and negligent misrepresentation against Dr. Bowen.

> FN5. Although the counts of the Amended Complaint are listed as one through six, there is no fourth cause of action.

Wyeth next contends that even if we construe plaintiff's amended complaint to state a claim against Dr. Bowen, he is nonetheless fraudulently joined because any such claim against him is barred by Florida's statute of limitations and repose for medical malpractice actions. *See* **Fla. Stat. Ann. § 95.11(4)(b)**. The statute provides:

**\*3** An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued ...

*Id.*

The statute defines an "action for medical malpractice" as a "claim in tort or contract for damages because of the death, injury or monetary loss to any person arising out of medical, dental, or surgical diagnosis, treatment, or care by any provider of health care." *Id.*

It is undisputed that plaintiffs' ingestion of fen-phen occurred more than two years prior to the filing of this action. While plaintiff concedes as much, he contends that the statute of limitations did not begin to run until he discovered his injuries after being diagnosed with neurotoxic disorders in January, 2002. Specifically, plaintiff claims that he filed this suit "within one year of first suspecting that said drugs were the cause of any appreciable harm sustained by Plaintiff." Pl.'s Compl. ¶ 64. Accordingly, plaintiff argues that his claims are not time barred because under Florida law, he has two years from the discovery of an alleged injury in which to file a claim. **Fla. Stat. Ann. § 95.11(4)(b)**.

There is no dispute that the two-year statute of limitations begins to run from notice of injury. Plaintiff claims he did not know of his alleged neurotoxic injuries until January, 2002, when he was purportedly diagnosed with these injuries. Wyeth, on the other hand, contends that plaintiff knew of his alleged neurotoxic injuries and attributed them to diet drugs as early as 1998. Wyeth points to plaintiff's deposition testimony in his 1999 action in which plaintiff testified that as early as February, 1998, he was aware of his alleged neurotoxic injuries and believed they were caused by the diet drugs. Wyeth also highlights several messages plaintiff posted on an internet bulletin board in which he stated he had "neuro-tox" effects after using the diet drugs. These messages were dated as early as October 30, 2000.

> FN6. The messages, attached to exhibit H in Wyeth's renewed opposition to plaintiff's motion to remand, are dated October 30, 2000; December 18, 2000, January 13, 14, and 15, 2001; February 28, 2001; and March 2, 2001. In the March 2, 2001 message, plaintiff identified himself by his real name.

We find that, based on the deposition testimony of his 1999 action, plaintiff knew of his alleged injuries and attributed them to his use of diet drugs as early as February, 1998. Thus, plaintiff would have had to file his claim by February, 2000 under the two-year statute of limitations. Because he did not file the instant claim until September, 2002, plaintiff's claims against Dr. Bowen are clearly time-barred.

Plaintiff also appears to argue that the statute of limitations is tolled against Dr. Bowen because he intentionally concealed the alleged harmful neurological effects of diet drugs or at least did not fully disclose all facts which materially affected plaintiff's rights and interests. The Florida statute of limitations provides that where

**\*4** fraud, concealment, or intentional misrepresentation of fact prevented the discovery of the injury the period of limitations is extended forward 2 years from the time that the injury is discovered or should have been discovered with the exercise of due diligence, but in no event to exceed 7 years from the date the incident giving rise to the injury occurred ...

**Fla. Stat. Ann. § 95.11(4)(b)**.

Florida law requires that a plaintiff plead with specificity allegations of fraud. *See* **Fla.R.Civ.P. 1.120(b)**; *Morgan v. W.R. Grace & Co.-Conn.,* 779 So.2d 503, 506 (Fla.Dist.Ct.App.2000). Plaintiff's complaint is devoid of facts or allegations which would suggest that affirmative acts of concealment was perpetrated by Dr. Bowen. Thus, there is "no

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2004 WL 2624851 (E.D.Pa.)  
**(Cite as: Not Reported in F.Supp.2d)**

Page 4

reasonable basis in fact or colorable ground" that plaintiff can invoke the fraudulent concealment saving provision to toll the statute of limitations. *See* Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir.1990).

Plaintiff also contends that the Settlement Agreement bars Dr. Bowen from asserting the statute of limitations. We are not persuaded. Under the Settlement Agreement, Wyeth has waived the statute of limitations in return for the prohibition against punitive damages. *See* Settlement Agreement § IV.D.3.c. However, plaintiff is an initial opt-out and has waived all benefits of the Settlement Agreement. *See* Scott Rubin's Orange Form dated March 14, 2000, attached as Ex. 3 to Wyeth's Response to Plaintiff's Objection to Conditional Transfer Order. Accordingly, all defendants, including Dr. Bowen, retain the benefit of the statute of limitations defense.

> FN7. Even if plaintiff had exercised an intermediate or back-end opt-out right, Section IV.D.3.c of the Settlement Agreement provides that any non-AHP released party retains the benefit of the statute of limitations provided that the party has not affirmatively waived the benefit in writing. Dr. Bowen is clearly a non-AHP released party. Plaintiff fails to contend or provide information that Dr. Bowen has agreed in writing to waive the statute of limitations. Thus, even if plaintiff had not opted out of the Settlement Agreement, Dr. Bowen retains the benefit of the statute of limitations defense.

V.

Wyeth, in its removal notice, also contends that this case was properly removed to federal court on the grounds that at least two of the phentermine defendants are fraudulently joined. While plaintiff does not raise this issue in his remand motion, we will address it sua sponte in determining this court's subject matter jurisdiction. In the instant case, one of the phentermine defendants, Goldline, is non-diverse and another phentermine defendant, Camall Company, did not consent to removal. We addressed the fraudulent joinder of phentermine defendants in PTO No. 2567 in *Anderson v. American Home Products Corp., et al.*, CIV.A. No. 01-20182 (E.D.Pa. Aug.13, 2002). This court has found, after evidentiary hearings on the matter, that there is no support for the position that phentermine contributes to injuries allegedly caused by fen-phen. *See* PTO Nos. 1351 and 2567. Thus, for the same reasons articulated in *Anderson,* we find that Wyeth has met its heavy burden of persuasion that plaintiffs have no real good faith intention to seek a judgment against the phentermine defendants. *See* Boyer, 913 F.2d at 111; Wilson v. Republic Iron & Steele Co., 257 U.S. 92, 98, 42 S.Ct. 35, 66 L.Ed. 144 (1921). As a result, these defendants are fraudulently joined in this action, and their citizenship or lack of consent is irrelevant in determining the propriety of removal. *See* Lewis v. Rego, 757 F.2d 66, 68 (3d Cir.1985).

VI.

*5 Accordingly, we will deny the motion of plaintiff to remand to the United States District Court for the Southern District of Florida as well as the motion of the plaintiff to remand this action to the Circuit Court of Broward County, Florida. We will dismiss the complaint as to all defendants except Wyeth, Wyeth Pharmaceuticals, A.H. Robins Company, Inc., Wyeth-Ayerst, Wyeth-Ayerst Laboratories, and Interneuron Pharmaceuticals, Inc.

*PRETRIAL ORDER NO. _____*

AND NOW, this day of November, 2004, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1) the motion of plaintiff Scott Rubin for oral argument on its objection to conditional transfer order and request for remand to the United States District Court for the Southern District of Florida (Doc. # 3) is DENIED;

(2) the motion of plaintiff to remand to the Circuit Court of Broward County, Florida (Doc. # 6) is DENIED; and

(3) all defendants in the above-captioned action except Wyeth, Wyeth Pharmaceuticals, A.H. Robins Company, Inc., Wyeth-Ayerst, Wyeth-Ayerst Laboratories, and Interneuron Pharmaceuticals, Inc. are DISMISSED.

E.D.Pa.,2004.  
In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Products Liability Litigation  
Not Reported in F.Supp.2d, 2004 WL 2624851 (E.D.Pa.)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                               Page 5
Not Reported in F.Supp.2d, 2004 WL 2624851 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents (Back to top)

• 2004 WL 3608937 () Report Of Lloyd D. Stahl, M.D. (Sep. 29, 2004)
• 2004 WL 2070528 (Trial Motion, Memorandum and Affidavit) Joint Motion of Class Counsel and the Seventh Amendment Liaison Committee to Preliminarily and Permanently Enjoin the Jones Law Firm from Disseminating False and Misleading Information to Class Members and Improperly Soliciting Claimants to Opt-Out o f the 7th Amendment (Sep. 08, 2004)
• 2004 WL 2070529 (Trial Pleading) Class Counsel's Memorandum of Law in Reply to the Memorandum of AHP Settlement Trust in Response to Joint Motion by Wyeth, Class Counsel and the Salc for Preliminary Approval of the Seventh Amendment to the Nationwide Class Action Settlement Agreemen t and for the Entry of Related Orders (Aug. 19, 2004)
• 2004 WL 2070530 (Trial Pleading) Memorandum of AHP Settlement Trust in Response to Joint Motion by Wyeth, Class Counsel and the Salc for Preliminary Approval of the Seventh Amendment to the Nationwide Class Action Settlement Agreement and for the Entry of Related Orders (Aug. 17, 2004)
• 2004 WL 1857558 (Trial Filing) Seventh Amendment to the Nationwide Class Action Settlement Agreement with American Home Products Corporation (Jul. 21, 2004)
• 2004 WL 1576280 (Trial Pleading) Defendant, Celltech Pharmaceuticals Inc.'s Answer and Affirmative Defenses to Plaintiff's First Amended Petition (Apr. 26, 2004)
• 2004 WL 1576281 (Trial Pleading) Defendant, Fisons Corporation's Answer and Affirmative Defenses to Plaintiff's First Amended Petition (Apr. 26, 2004)
• 2004 WL 1576272 (Trial Motion, Memorandum and Affidavit) Supplemental Memorandum in Opposition to Motion to Dismiss (Apr. 13, 2004)
• 2004 WL 785071 (Trial Motion, Memorandum and Affidavit) Pretrial Order No. %Y(16)6D (Mar. 30, 2004)
• 2004 WL 1576277 (Trial Pleading) Answer of Defendants IVAX Pharmaceuticals, Inc. and Goldline Laboratories, Inc. to Plaintiff's Original Petition (Mar. 19, 2004)
• 2004 WL 1576278 (Trial Pleading) Answer of Defendants IVAX Pharmaceuticals, Inc. and Goldline Laboratories, Inc. to Plaintiff's Original Petition (Mar. 19, 2004)
• 2004 WL 1576279 (Trial Pleading) Answer of Defendants IVAX Pharmaceuticals, Inc. and Goldline Laboratories, Inc. to Plaintiff's First Amended Petition (Mar. 19, 2004)

• 2004 WL 1576271 (Trial Motion, Memorandum and Affidavit) Brief in Support of Motion of Non-Party Woodlawn Medical Group, Inc. for Protective Order and to Quash Subpoena (Feb. 2004)
• 2003 WL 23653397 (Trial Motion, Memorandum and Affidavit) Memorandum in Opposition to Motion to Dismiss (Dec. 3, 2003)
• 2003 WL 23653410 (Trial Motion, Memorandum and Affidavit) The Drug Store's Response to Plaintiffs' Motion to Remand (Dec. 2003)
• 2003 WL 23145555 (Trial Motion, Memorandum and Affidavit) Motion to Disqualify all Echomotion Echocardiograms from Supporting Claims for Benefits (Nov. 19, 2003)
• 2003 WL 23653413 (Trial Pleading) Jones Pharma Incorporated, Formerly Known as Jones Medical Industries, Inc., as Successor to Abana Pharmaceuticals, Inc.'s Original Answer, Affirmative Defenses, and Jury Demand (Nov. 12, 2003)
• 2003 WL 23653414 (Trial Pleading) Jones Pharma Incorporated, Formerly Known as Jones Medical Industries, Inc., as Successor to Abana Pharmaceuticals, Inc.'s Original Answer, Affirmative Defenses, and Jury Demand (Nov. 12, 2003)
• 2003 WL 23653415 (Trial Pleading) Original Answer of Defendant Wal-Mart Stores Texas, LP (Oct. 27, 2003)
• 2003 WL 23653412 (Trial Pleading) Answer and Affirmative Defenses of the Drug Store (Oct. 2003)
• 2003 WL 24297115 () Oral Deposition Waenard Miller, M.D. (Sep. 19, 2003)
• 2:03cv20370 (Docket) (Sep. 18, 2003)
• 2003 WL 23653402 (Trial Motion, Memorandum and Affidavit) Plaintiff, Fredda Rainey's Opposition to Defendant Franco's Motion to Dismiss, Response to Defendant Wyeth's Opposition to Reconsideration, and Renewed Motion to Reconsider Order Denying Remand (Sep. 17, 2003)
• 2003 WL 24303382 () Deposition of Dr. Malcom Taylor Volume II (Sep. 17, 2003)
• 2003 WL 22331117 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Wyeth's Motion for Entry of an Order Establishing a Procedure for Challenging the Eligibility of Plaintiffs in MDL No. 1203 to Exercise Intermediate or Back-End Opt-Out Rights and for Entry of an Order Approving a Revised Pla intiffs' Fact Sheet and Medical Authorization form (Apr. 07, 2003)
• 2003 WL 22023324 (Trial Filing) Pretrial Order No. (Jan. 13, 2003)
• 2002 WL 33004010 () Affidavit of Sheldon Hersh, M.D (Jul. 7, 2002)
• 2001 WL 34134825 (Trial Motion, Memorandum and Affidavit) American Home Products Corporation%7Ds Motion to Enforce Pretrial Order

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 2624851 (E.D.Pa.)
(Cite as: Not Reported in F.Supp.2d)

Page 6

No. 1415 Against Plaintiff Suzanne Jortner (Nov. 05, 2001)
• 2001 WL 34134824 (Trial Motion, Memorandum and Affidavit) Motion of American Home Products Corporation for Order Enforcing Pto 1415 Against Certain Plaintiffs Asserting Settled Claims Under the Guise of Asserting Claims Based on Primary Pulmonary Hypertension (Oct. 19, 2001)
• 2000 WL 34016470 (Trial Motion, Memorandum and Affidavit) American Home Products Corporation%7Ds Opposition to the Dunn Objectors%7D Request for Further Discovery (Nov. 29, 2000)
• 2000 WL 34016465 (Trial Motion, Memorandum and Affidavit) Memorandum of Vinson Carithers, III in Opposition to Class Counsels%7D Motion to Impose Bond Requirement on Certain Objectors for the Filing of an Appeal (Oct. 30, 2000)
• 2000 WL 34016471 (Trial Motion, Memorandum and Affidavit) Memorandum of Vinson Carithers, III in Opposition to Class Counsels%7D Motion to Impose Bond Requirement on Certain Objectors for the Filing of an Appeal (Oct. 23, 2000)
• 2000 WL 34016462 (Trial Motion, Memorandum and Affidavit) Joint Motion for Approval of Fourth Amendment to Nationwide Class Action Settlement Agreement (Aug. 10, 2000)
• 2000 WL 34016441 (Trial Filing) Pretrial Order No. (Jun. 20, 2000)
• 2000 WL 34016442 (Trial Filing) Cigna Healthcare%7Ds Statement of the Issues to be Presented on Appeal (Jun. 09, 2000)
• 2000 WL 34611051 () Litigation (May 10, 2000)
• 2000 WL 34588068 () (Partial Testimony) (May 2, 2000)
• 2000 WL 34017133 (Trial Filing) Pretrial Order No. 1227 (Apr. 06, 2000)
• 2000 WL 34016457 (Trial Motion, Memorandum and Affidavit) Plaintiffs%7D Memorandum in Response to Defendants%7D Motions to Exclude the Expert Testimny of Paul J. Wellman, Ph.D. and Timony J. Maher, Ph.D. (Feb. 25, 2000)
• 2000 WL 34016440 (Trial Filing) Pretrial Order No. (Feb. 14, 2000)
• 2000 WL 34016448 (Trial Motion, Memorandum and Affidavit) Motion of American Home Products Corporation for a Preliminary Injunction Regarding False and Misleading Communications with Absent Class members Through the Internet Addresses (Jan. 19, 2000)
• 1999 WL 34000189 () Oral and Videotaped Deposition of Randall L. Tackett, Ph.D. (Dec. 13, 1999)
• 1999 WL 34000173 () (Partial Testimony) (Nov. 30, 1999)

• 1999 WL 33740480 (Trial Motion, Memorandum and Affidavit) American Home Products Corporation's Objection to Certain Provisions of the Interneuron Settlement Agreement (Feb. 05, 1999)
• 1998 WL 34190446 (Trial Motion, Memorandum and Affidavit) Les Laboratoires Servier's Reply Memorandum of Law in Support of its Motion for Reconsideration and Clarification of PTO 373 (Dec. 16, 1998)
• 1998 WL 34190447 (Trial Motion, Memorandum and Affidavit) Les Laboratoires Servier's Memorandum of Law in Opposition to the PMC's Motion to Compel Discovery (Dec. 14, 1998)
• 1998 WL 34202072 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Plaintiffs' Opposition to Les Laboratoires Servier's Motion for Reconsideration of Pretrial Order No. 271 (Sep. 22, 1998)
• 1998 WL 34202071 (Trial Motion, Memorandum and Affidavit) Les Laboratoires Servier's Motion for a Reconsideration of Pretrial Order No. 271 (Sep. 21, 1998)
• 1998 WL 34202074 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Memorandum of Points and Authorities in Support of Their Opposition to Defendant, Les Laboratoires Servier's Motion for Protective Order and Stay of All Discovery (Sep. 18, 1998)
• 1998 WL 34202075 (Trial Motion, Memorandum and Affidavit) Les Laboratoires Servier's Motion for a Protective Order for a Temporary Stay of all Discovery Against the Sole Non-U.S. Defendant During the Pendency of its Motion to Dismiss (Aug. 31, 1998)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.