UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| XAVIER JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV02139 ERW |
| ) | |
| ELI LILY CO., INC. and DR. J. COLVIN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Defendant's Motion to Stay [doc. #12], filed on December 30, 2005. With leave of Court, Plaintiff filed his memorandum in opposition on January 26, 2006.

This action is one of many product liability cases filed in courts across the country concerning the prescription drug Zyprexa. On April 14, 2004, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order establishing a multi-district litigation ("MDL") proceeding in the Eastern District of New York. *See In re Zyprexa Products Liability Litig.., No. 1596*, 314 F.Supp.2d 1380 (J.P.M.L. 2004). Defendant states that this case involves the same factual inquiries that the JPML has found to warrant coordinated or consolidated pretrial proceedings in the MDL court. According to Defendant, it has filed a notice of potential tag-along seeking transfer of this case to the MDL court. Defendant anticipates that the JPML will issue a conditional transfer order in the near future. Defendant argues that this Court should stay all proceedings in this case pending MDL transfer in order to conserve judicial resources and prevent inconsistent pretrial orders. Plaintiff opposes Defendant's request for a stay, arguing that the Court should first consider Plaintiff's pending Motion to Remand.

A district court has the inherent power to stay its proceedings. This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

EXHIBIT E
PAGE 1 OF 3

and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). This power requires a court to exercise its "judgment, which must weigh competing interests and maintain an even balance." *Id.* A court need not automatically stay a case merely because a party has moved the MDL for transfer and consolidation. *See Rivers v. Walt Disney*, 980 F.Supp. 1358, 1360 (C.D. Cal. 1997). In considering a motion for stay, a court should consider both the interest of judicial economy and the potential prejudice or hardship to the parties. *Id.*

In its Motion, Defendant requests that the Court stay all proceedings in this action pending resolution of its request that this case be transferred. In support of the Motion, Defendant argues that a stay will assist the designated MDL court in achieving its purpose of conserving judicial resources, ensuring uniform decisions on pretrial matters, and avoiding duplicative and costly burdens on the litigants. Defendant contends that the existence of a pending Motion to Remand does not affect the propriety of staying this case. Plaintiff opposes the Motion. According to Plaintiff, the Court should rule on his pending Motion to Remand before ruling on Defendant's Motion to Stay. Plaintiff argues that this Court is in the best position to decide the jurisdictional issue and that no benefit will inure to either party by leaving the issue to be decided by the MDL court.

The Court first considers judicial economy interests. According to Defendant, the issues raised in Plaintiff's Motion to Remand are identical to the remand issues raised in other Zyprexa cases that will be most economically and consistently decided by the MDL court. Defendant contends that allowing a single MDL court to decide the jurisdictional issue will ensure uniformity and conserve judicial resources. Plaintiff points out that the MDL rules specifically authorize the Court to rule on a pending Motion to Remand and argues that, if the Motion to Remand is granted, no further federal resources will be expended on this case. After considering the arguments made by the parties, the Court concludes that the judicial economy factor weighs in favor of staying this action. Importantly, the MDL court hearing the coordinated cases will decide many of the same issues this Court would examine with regard to the parties'

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

jurisdictional dispute. Although Plaintiff is correct in pointing out that the Court does have the power to decide the disputed jurisdictional issue, the Court finds Defendant's judicial economy argument persuasive and concludes that judicial economy weighs heavily in favor of granting the requested stay. Moreover, a stay will allow for consistent pretrial rulings and will conserve judicial resources because only one court will need to make such rulings.

The Court also considers the resulting prejudice to the parties. Plaintiff indicates that a stay will cause prejudice because it will delay the opportunity for recovery. The Court concludes that, although Plaintiff might well be subjected to some delay as a result of the issuance of a stay, that prejudice does not outweigh the judicial economy interests described above. In any event, any delay is likely to be relatively short. Moreover, both parties will benefit from coordinated pretrial management. Therefore, Defendant's Motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Stay [doc. #12] is **GRANTED**.

Dated this 27th day of February, 2006.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

EXHIBIT E
PAGE 3 OF 3