LEXSEE 2000 US DIST LEXIS 5417

**CLAIR FALGOUST, ET AL. VERSUS MICROSOFT CORPORATION**

CIVIL ACTION NO: 00-0779 SECTION: "D"(3)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

*2000 U.S. Dist. LEXIS 5417; 2000-1 Trade Cas. (CCH) P72,885*

**April 19, 2000, Decided**
**April 19, 2000, Filed; April 20, 2000, Entered**

**SUBSEQUENT HISTORY:** Related proceeding at *In re Microsoft Corp. Windows Operating Sys. Antitrust Litig., 2000 U.S. Dist. LEXIS 5559* (J.P.M.L., Apr. 25, 2000)

**PRIOR HISTORY:** *United States v. Microsoft Corp., 87 F. Supp. 2d 30, 2000 U.S. Dist. LEXIS 4014* (D.D.C., 2000)

**DISPOSITION:** [*1] Plaintiffs' Motion to Remand DENIED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiffs moved to remand and defendant moved to stay all proceedings pending the decision of the Judicial Panel on Multidistrict Litigation on defendant's motions to transfer the current action and other actions pursuant to *28 U.S.C.S. § 1407*.

**OVERVIEW:** The action before the court was one of many cases filed against defendant after findings of fact were issued in an antitrust suit against defendant. There were several motions by several parties in similar cases pending before the Judicial Panel on Multidistrict Litigation (JPML) for consolidation of all cases against defendant. The case presented questions of fact similar to the other actions pending before the JPML. The same jurisdictional question raised in the case would likely be raised in many of the other cases pending against defendant in other districts. The court stayed the pretrial proceedings in the actions, pending a determination by the JPML. Defendant would suffer a considerable hardship and inequity if forced to simultaneously litigate multiple suits in multiple courts. Defendant could suffer conflicting rulings by different judges in those multiple suits. Plaintiffs failed to show any significant prejudice they would suffer, beyond the slight delay pending the JPML decision. Further, the interests of judicial economy would best be served by granting a stay.

**OUTCOME:** Plaintiffs' motion to remand denied with permission to re-urge if necessary after the decision by the Judicial Panel on Multidistrict Litigation. Motion to stay granted; defendant would suffer hardship and inequity if forced to simultaneously litigate multiple suits in multiple courts, could suffer conflicting rulings by different judges, and the interests of judicial economy were best served by a stay.

**LexisNexis(R) Headnotes**

*Governments > Courts > Creation & Organization*
[HN1] The Judicial Panel on Multidistrict Litigation is established under *28 U.S.C.S. § 1407*. The purpose of this statute is to permit the centralization in one district of all pretrial proceedings in civil actions involving one or more common questions of fact pending in different districts. Further, the statute seeks to eliminate potential conflicting rulings by coordinate district and appellate judges.

*Governments > Courts > Creation & Organization*
[HN2] A pending motion before the Judicial Panel on Multidistrict Litigation does not affect the jurisdiction of the transferor court. However, courts have inherent power to control the disposition of the causes on their dockes with economy of time and effort for itself, for counsel, and for litigants.

*Civil Procedure > Jurisdiction*
[HN3] Once removed, federal courts have jurisdiction to determine jurisdiction, the Judicial Panel on Multidistrict

**EXHIBIT F**
**PAGE 1 OF 4**

Case 3:06-cv-00088-TMB   Document 4-7   Filed 04/20/2006   Page 2 of 4

Page 2
2000 U.S. Dist. LEXIS 5417, *; 2000-1 Trade Cas. (CCH) P72,885

Litigation (JPML) has the power to transfer cases with motions to remand pending, and the district courts have discretion to stay actions pending decisions of the JPML even where jurisdictional questions exist.

*Civil Procedure > Jurisdiction*
[HN4] The Judicial Panel on Multidistrict Litigation does have jurisdiction to transfer a case even where a jurisdictional objection is pending.

*Civil Procedure > Jurisdiction*
[HN5] The transferee judge of the Judicial Panel on Multidistrict Litigation certainly has the power to determine the question of remand, and if remand issues are common to many of these cases, decisions by the transferee judge would avoid duplicative discovery and conflicting pretrial rulings.

*Civil Procedure > Entry of Judgments > Stay of Proceedings & Supersedeas*
[HN6] Courts consider the following factors in deciding whether a stay of the proceedings is appropriate: 1) hardship and inequity on the moving party without a stay; 2) prejudice the non-moving party will suffer if a stay is granted; and 3) judicial economy.

**COUNSEL:** For CLAIR FALGOUST, CARLTON FALGOUST, plaintiffs: Thomas J. Kliebert, Jr., Kliebert & Heltz, Gramercy, LA.

For CLAIR FALGOUST, CARLTON FALGOUST, plaintiffs: Daniel E. Becnel, Jr., Law Offices of Daniel E. Becnel, Jr., Reserve, LA.

For MICROSOFT CORPORATION, defendant: George William Jarman, Charles Simon McCowan, III, Glenn Michael Farnet, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, LLP, Baton Rouge, LA.

For MICROSOFT CORPORATION, defendant: Julie Parelman Silbert, Daniel L. Daboval, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, LLP, New Orleans, LA.

**JUDGES:** McNAMARA, CHIEF JUDGE.

**OPINIONBY:** McNAMARA

**OPINION:**

Before the court are the following motions:

(1) "**Motion to Remand**" filed by Plaintiffs and opposed by Defendant Microsoft; and

(2) "**Motion to Stay All Proceedings Until the MDL Panel Rules on Motions to Transfer this and Other Actions Pursuant to** *28 U.S.C. § 1407*" filed by Defendant and opposed by Plaintiffs.

The motions, set for hearing on April 19, 2000, are before the court on briefs without oral argument. Having considered the memoranda of counsel and the applicable law, the court [*2] now rules.

**BACKGROUND**

The instant action is one of many cases filed against Microsoft after findings of fact were issued in *United States v. Microsoft, 84 F. Supp. 2d 9* on November 5, 1999. Currently, there are motions by several parties in these cases pending before the Judicial Panel on Multidistrict Litigation ("JPML") for consolidation of all cases against Microsoft.

The Defendant requests that this court exercise its discretion and stay pretrial proceedings, including determinations of jurisdictional issues, pending a determination by the JPML. Plaintiffs oppose the motion, and urge this court to deny the stay, determine that jurisdiction is lacking and remand the case to state court.

**ANALYSIS**

[HN1] The JPML is established under *28 U.S.C. § 1407*. The purpose of this statute is to permit the centralization in one district of all pretrial proceedings in civil actions involving one or more common questions of fact pending in different districts. n1 Further, the statute seeks to eliminate potential conflicting rulings by coordinate district and appellate judges. n2

n1 *Matter of New York City Mun. Securities Litigation, 572 F.2d 49, 51-52 (2nd Cir. 1978).*
[*3]

n2 *In re Air Crash Off Long Island, N.Y. on July 17, 1996, 965 F. Supp. 5, 7 (S.D.N.Y. 1997).*

[HN2] A pending motion before the JPML does not affect the jurisdiction of the transferor court. n3 However, courts have inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." n4

2000 U.S. Dist. LEXIS 5417, *; 2000-1 Trade Cas. (CCH) P72,885

n3 *In re Air Crash Disaster at Paris, France on March 3, 1974*, 376 F. Supp. 887, 888 (J.P.M.L. 1974).

n4 *Landis v. North American Co.*, 299 U.S. 248, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936).

Plaintiffs assert that this court lacks subject matter jurisdiction and that jurisdictional issues should be resolved prior to any other action. While generally true, cases such as this require special consideration.

As stated previously, the purpose of the JPML is to promote judicial economy and to prevent inconsistent [*4] rulings. This case presents questions of fact similar to the other actions pending before the JPML. Additionally, the same jurisdictional question raised in this case has been raised before this court in another case against Microsoft, and will likely be raised in many of the other cases pending against Microsoft in other districts.

In support of their opposition, Plaintiffs have included a letter from the JPML to Judge Fallon regarding Tramonte v. Chrysler Corp. n5 where a motion to transfer was pending before the JPML and a motion to remand was pending before Judge Fallon. Plaintiffs quote a sentence from the letter which states "In the Panel's experience, such motions to remand to state court often involve questions unique to an action that are well suited for decisions prior to the 1407 transfer." While in Tramonte there were unique questions to be considered regarding jurisdiction, this is not the case here. As previously stated, this exact issue was presented to this court in another action against Microsoft, and will surely be an issue in many of the other cases pending against Microsoft in other districts.

n5 *1999 U.S. Dist. LEXIS 9802*, Civil Action No. 95-2109 (E.D. La. June 28, 1999).

[*5]

Plaintiffs also cite Panama v. American Tobacco Co., n6 in support of their position, and assert that "the facts of this case closely mirror those in Panama." Plaintiffs' reliance on Panama is misplaced. Procedurally, the two cases are similar in that defendants in both cases filed motions to stay pending a decision by the JPML, and plaintiffs in both cases filed motions to remand. However, the court in Panama noted that not all defendants joined in the motion to transfer and consolidate with the JPML and that there was the likelihood that the JPML "may not accept this case." n7

n6 *1999 U.S. Dist. LEXIS 8135, 1999 WL 350030* (E.D. La. 1999).

n7 Id. at n.2.

Plaintiffs assert that the JPML "does not have the power to consider the propriety of coordinated or consolidated pretrial proceedings in state court actions." n8 [HN3] However, once removed, federal courts have jurisdiction to determine jurisdiction, the JPML has the power to transfer cases with motions to remand pending, and [*6] the district courts have discretion to stay actions pending decisions of the JPML even where jurisdictional questions exist.

n8 See Plaintiffs' Memorandum in Opposition at p. 5.

The Second Circuit determined that [HN4] the JPML does have jurisdiction to transfer a case even where a jurisdictional objection is pending. n9 In Weinke v. Microsoft, this same issue was presented to the district court. In that case, the court exercised its jurisdiction and stayed the action pending a decision by the JPML. n10

n9 See *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990).

n10 *84 F. Supp. 2d 989, 2000 WL 220496* (E.D. Wis. 1999).

In Boudreaux v. Metropolitan Life Ins. Co., the court stated that [HN5] "the transferee judge 'certainly has the power to determine the question of remand,' and if remand issues are common to many of [these cases], decisions [*7] by the transferee judge would avoid 'duplicative discovery and conflicting pretrial rulings.'" n11 Other cases have come to this same conclusion. n12

n11 *1995 U.S. Dist. LEXIS 2656, 1995 WL 83788* at *2, (E.D. La. 1995)(quoting *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F. Supp. 812, 813 (J.P.M.L. 1973)).

n12 *In re Professional Hockey Antitrust Litigation*, 369 F. Supp. 1117, 1118 (J.P.M.L. 1974); *In re Air Crash Disaster at Juneau Alaska*, 360 F. Supp. 1406 (J.P.M.L. 1973).

EXHIBIT F
PAGE 3 OF 4

2000 U.S. Dist. LEXIS 5417, *; 2000-1 Trade Cas. (CCH) P72,885

In all of these cases the courts determined that consistency and economy would be served by resolution of these issues by a **single** court **after** transfer by the JPML. The same is true in this case. In the event that the Panel determines that consolidation of these cases is not warranted, Plaintiff may re-urge the motion.

[HN6] Courts consider the following factors in deciding whether a stay of the proceedings is appropriate: 1) hardship and inequity on the moving party without a stay; 2) prejudice [*8] the non-moving party will suffer if a stay is granted; and 3) judicial economy. n13

n13 See *Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997);* See generally *Arthur-Magna, Inc. v. Del-Val Financial Corp., 1991 U.S. Dist. LEXIS 1431, 1991 WL 13725 (D.N.J. 1991); Boudreaux v. Metropolitan Life Ins. Co., 1995 U.S. Dist. LEXIS 2656, 1995 WL 83788 (E.D. La. 1995).*

First, Microsoft would suffer a considerable hardship and inequity if forced to simultaneously litigate multiple suits in multiple courts. Further, they could potentially suffer conflicting rulings by different judges in these multiple suits. Second, Plaintiffs have failed to show any significant prejudice they would suffer, beyond the slight delay pending the JPML decision. Finally, the interests of judicial economy would best be served by granting a stay.

Accordingly;

IT IS ORDERED that further proceedings in this case are **STAYED** pending the decision on consolidation and transfer by the JPML.

IT IS FURTHER ORDERED that Plaintiffs' [*9] Motion to Remand is **DENIED** at this time and may be re-urged if necessary after the decision of the JPML.

A. J. McNamara