**Westlaw.**

Not Reported in F.Supp.
Not Reported in F.Supp., 1991 WL 13726 (D.N.J.)
**(Cite as: Not Reported in F.Supp.)**

Page 1

C
**Briefs and Other Related Documents**
Only the Westlaw citation is currently available.
United States District Court, D. New Jersey.
Frances EGON, et al., Plaintiffs,
v.
DEL-VAL FINANCIAL CORPORATION, et al.,
Defendants.
**Civ. A. No. 90-4338.**

Feb. 1, 1991.

Christine D. Petruzell, Wilentz, Goldman & Spitzer, Woodbridge, N.J., and Perry Goldberg, Specks & Goldberg, Chicago, Ill. and Robert A. Skirnick, Wechsler, Skirnick, Harwood, Halebian & Feffer, New York City, and Gary Specks, Altheimer & Gray, Chicago, Ill. and Bruce Gerstein, Garwin, Bronzaft, Gerstein & Fisher, New York City, for plaintiffs.
Arnold L. Natali, Jr., McCarter & English, Newark, N.J., for defendant Del-Val Financial Corporation.

OPINION

WOLIN, District Judge.
*1 Before the Court is a motion by defendants to temporarily stay all litigation pending resolution by the Judicial Panel on Multidistrict Litigation ("Jud. Panel Multidist. Lit.") of defendants' motion, pursuant to 28 U.S.C. § 1407, for multidistrict consolidation. For the following reasons, the Court will exercise its discretion in granting the motion.

On December 14, 1990 a motion was filed with the Panel by certain of the defendants seeking transfer of the actions to the Southern District of New York for consolidation of pretrial proceedings pursuant to 28 U.S.C. § 1407.

The power to stay proceedings is discretionary. The Supreme Court has described the power to stay proceedings as "incidental to the power inherent in every court to manage the schedule of cases on its docket to ensure fair and efficient adjudication." Gold v. Johns Manville Sales Corp., 723 F.2d 1068, 1077 (3rd Cir.1983) (citing Landis v. North America Co., 299 U.S. 248, 254-255 (1936). The Third Circuit has adhered to the standard that petitioner must "demonstrate a 'clear case of hardship or inequity' if there is even a 'fair possibility' that the stay would work damage on another party." Id. at 1076 (citing Landis, 299 U.S. at 255).

Plaintiffs have themselves admitted that it is not likely that much pretrial discovery will take place between the date of this order and the issuance of the Panel's order on defendants' motion for consolidation. In spite of this admission, plaintiffs have asserted that a temporary stay will constitute a prejudicial delay.

The Court finds that even if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay. Section 1407 of 28 U.S.C. exists for the express purpose of coordination of pretrial proceedings. See 28 U.S.C. § 1407. The actions before this Court are two of ten actions currently pending in United States District Courts for the District of New Jersey, Southern District of New York, and District of Delaware. The Court notes that the parties and issues of fact are common in all of the actions and that if separate discovery were to go forward, much work would be duplicated.

Plaintiffs argue that Rule 18 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation precludes the grant of a stay. Rule 18 provides as follows:

The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the panel concerning transfer or remand of an action pursuant to 28 U.S.C. 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

R.P.Jud.Panel Multidist. Lit. 18. Plaintiffs assert that the Rule mandates that the district court retain jurisdiction of pretrial proceedings during the pendency of a transfer motion before the Panel. The Court finds, however, that Rule 18 of Procedure merely allows a transferee court to retain jurisdiction over pretrial proceedings during the pendency of a motion before the Panel if it judges it fair to all of the parties involved to do so. For the reasons cited above, the Court does not find that the balance of hardship weighs in favor of plaintiffs.

Not Reported in F.Supp. Page 2
Not Reported in F.Supp., 1991 WL 13726 (D.N.J.)
**(Cite as: Not Reported in F.Supp.)**

*2 Plaintiffs also argue that there is a good chance that the parties will coordinate pretrial discovery. This is outside of the Court's calculation. The Court is to examine the likelihood of duplicative discovery in the event that the parties are free to engage in any discovery practices.

For these reasons, the Court will stay its participation in this litigation.

An appropriate order is attached.

*ORDER*

For the reasons expressed in the Court's Opinion filed herewith,

It is on this 1st day of February, 1991,

ORDERED that defendant's motion to stay this action pending resolution of defendant's motion for consolidation is granted; and it is further

ORDERED that the parties shall immediately inform the Court of the Multi-District Litigation Panel's decision and the stay shall be lifted.

D.N.J.,1991.
Egon v. Del-Val Financial Corp.
Not Reported in F.Supp., 1991 WL 13726 (D.N.J.)

Briefs and Other Related Documents (Back to top)

• 2:90CV04338 (Docket) (Oct. 31, 1990)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**EXHIBIT K**
**PAGE 2 OF 2**