Westlaw.

Not Reported in F. Supp.
Not Reported in F .Supp., 1988 WL 49065 (S.D.N.Y.), 1988-1 Trade Cases P 68,015
(Cite as: Not Reported in F. Supp.)

Page 1

C

United States District Court, S.D. New York.
Henry L. ROSENFELD, trading as Mobile Check Cash, a partnership, on behalf of itself and all others similarly situated, Plaintiff,
v.
HARTFORD FIRE INSURANCE COMPANY, et al. Defendants.
ACE CHECK CASHING, INC., on behalf of itself and all others similarly situated, Plaintiff,
v.
HARTFORD FIRE INSURANCE COMPANY, et al. Defendants.
Nos. 88 CIV. 2153 (MJL), 88 CIV. 2252 (MJL).

May 12, 1988.

OPINION AND ORDER

LOWE, District Judge.

*1 The above-captioned actions are two of a growing number of antitrust complaints brought against participants in the commercial general liability insurance and reinsurance industry. The actions allege that the defendants have entered into various conspiracies and boycotts with respect to the terms and conditions upon which commercial general liability and property insurance is sold.

The first eight complaints were filed in the Northern District of California on March 22 and 23, 1988 by the Attorneys General of Alabama, Arizona, California, Massachusetts, Minnesota, New York, West Virginia and Wisconsin. Beginning on March 25, 1988, at least twelve private actions have been brought in six districts throughout the country. The above-captioned cases are two of these twelve.

Each of the private complaints, as do these two, names defendants also named by the states. Most of the private actions name thirty of the same thirty-two defendants as are named in the government complaints. Each private action closely tracks the complaints in the government actions. The private actions seek certification of a nationwide class of all private purchasers, or some subset of the purchasers, of commercial general liability insurance from the four primary insurer defendants.

On April 19, 1988 all defendants who had been served joined in filing a motion pursuant to 28 U.S.C. § 1407 with the Judicial Panel on Multidistrict Litigation (the "Panel") seeking transfer to and consolidation of all federal actions for purposes of pretrial proceedings in the Northern District of California. Plaintiffs in the two instant actions oppose the transfer and consolidation.

Presently before this Court are two consolidated motions on behalf of all defendants to stay the proceedings in the two instant actions pending the outcome of the motion to transfer and consolidate before the Panel.

DISCUSSION

Procedures in complex multidistrict litigation are governed by 28 U.S.C. § 1407 and by the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("Rules"). Section 1407 establishes the Panel and outlines the criteria the Panel shall take into consideration when deciding whether to transfer cases to a single district for coordinated or consolidated pretrial proceedings. Section 1407(a) authorizes the Panel to transfer and coordinate cases pending in different districts when they have "one or more common questions of fact", "for the convenience of parties and witnesses" and when the transfer "will promote the just and efficient conduct of such actions."

The Panel may initiate proceedings to determine if transfer is appropriate, or one of the parties may file a motion before the Panel. 28 U.S.C. § 1407(c)(i) and (ii).

A motion pending before the Panel in no way limits or suspends the pretrial jurisdiction of the district court in which an individual action is pending. Rule 16.

In *Landis v. North American Co.,* 299 U.S. 248 (1936), the Supreme Court held that courts have the power to stay proceedings in one action pending the decision of another action. In doing so the Court stated: "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

Not Reported in F.Supp.
Not Reported in F.Supp., 1988 WL 49065 (S.D.N.Y.), 1988-1 Trade Cases P 68,015
**(Cite as: Not Reported in F.Supp.)**

Page 2

counsel, and for litigants." *Id.*, 299 U.S. at 254. In these two actions the defendants are not asking this Court to stay the proceedings pending the outcome of another action; instead, they seek to stay these actions pending a decision by the Panel on these very actions, among others. Therefore, the Supreme Court's caution to apply stays in the former situation "[o]nly in rare circumstances" is inapposite. *Id.*, 299 U.S. at 255. On the other hand, the Court's statement that stays can be granted with economy of time and resources in mind is completely applicable.

We find that stays are warranted in these two actions to further the underlying purposes of coordination of multidistrict litigation: "to promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Cases are transferred and consolidated under § 1407 expressly for coordination of pretrial proceedings. The defendants would be enormously burdened if they were forced to submit answers, to answer interrogatories, to produce documents, and to reply to class certification and other motions separately on all twenty actions. If these two cases are not stayed, the defendants certainly would be required to duplicate much work.

*2 On the other hand, the plaintiffs in these two actions are not similarly burdened. While they may suffer some initial delay, once the cases are coordinated and the defendants are able to respond to all the complaints in a coordinated manner, more time may well be saved than was lost.

As stated earlier, the plaintiffs oppose the defendants' motion to have their cases transferred to California. The plaintiffs wish to have the litigation coordinated in New York and have the other pending cases transferred to this district. The plaintiffs assert that, if this Court stays these actions, the Panel will be influenced to transfer the cases to California, where the defendants have not moved for stays. We have no control over the Panel, nor over the defendants' actions in cases pending in other districts. We therefore make our decision based on the principal of judicial economy espoused in § 1407. We find that judicial resources and the defendants' resources may well be fruitlessly spent if a stay is not granted pending the outcome of the Panel's decision on the transfer motion.

We therefore stay both 88 Civ. 2153 and 88 Civ. 2252 until the Panel decides the motion filed by defendants on April 19, 1988 to coordinate and transfer the cases to the Northern District of California. The actions shall be placed on this Court's suspense calendar pending a decision by the Panel.

It Is So Ordered.

S.D.N.Y.,1988.
Rosenfeld v. Hartford Fire Ins. Co.
Not Reported in F. Supp., 1988 WL 49065 (S.D.N.Y.), 1988-1 Trade Cases P 68,015

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT L
PAGE 2 OF 2