Brewster H. Jamieson, ASBA No. 8411122
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone:   907-277-9511
Facsimile:    907-276-2631
Email:          jamiesonb@lanepowell.com

Attorneys for Defendant
Eli Lilly and Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| STATE OF ALASKA,<br><br>                    Plaintiff,<br><br>v.<br><br>ELI LILLY AND COMPANY,<br><br>                    Defendant. | Case No. 3:06-cv-00088-TMB<br><br><br><br><br>**ANSWER** |

Defendant Eli Lilly and Company ("Lilly"), by its counsel, hereby responds to plaintiff's Complaint as follows:

### JURISDICTION AND PARTIES

1.    Lilly denies the allegations contained in Paragraph 1 of the Complaint, except admits that this Court has jurisdiction over this matter.

2.    Lilly admits the allegations contained in Paragraph 2 of the Complaint.

3.    Lilly admits the allegations contained in Paragraph 3 of the Complaint.

4.    Lilly denies the allegations contained in Paragraph 4 of the Complaint, except admits that, at certain times, it has been authorized to do business in the State of Alaska and in the Third Judicial District.

5.    Lilly denies the allegations contained in Paragraph 5 of the Complaint, except admits that (A) it is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in Indianapolis, Indiana; (B) at certain times, it has been authorized to do business in the State of Alaska and in the Third Judicial District; and (C) it researched, tested,

developed, manufactured, marketed, and/or sold Zyprexa® to independent pharmaceutical wholesalers for use only upon prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with warnings approved by the Food and Drug Administration ("FDA") regarding the risks and benefits of the medication.

## ALLEGATIONS OF FACT

6. Lilly denies the allegations contained in Paragraph 6 of the Complaint.

7. Lilly denies the allegations contained in Paragraph 7 of the Complaint.

8. Lilly denies the allegations contained in Paragraph 8 of the Complaint, except admits that it researched, tested, developed, manufactured, marketed, and/or sold Zyprexa to independent pharmaceutical wholesalers, for use only upon prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings regarding the risks and benefits of the medication.

9. Lilly denies the allegations contained in Paragraph 9 of the Complaint, except admits that on September 30, 1996, the FDA approved Zyprexa for use in the management of manifestations of psychotic disorder.

10. Lilly denies the allegations contained in Paragraph 10 of the Complaint, except admits that on March 17, 2000, the FDA approved Zyprexa for use in the short-term treatment of acute manic episodes associated with Bipolar I Disorder.

11. Lilly denies the allegations contained in Paragraph 11 of the Complaint, except admits that on January 14, 2004, the FDA approved Zyprexa for maintenance monotherapy for Bipolar Disorder.

12. Lilly denies the allegations contained in Paragraph 12 of the Complaint.

13. Lilly denies the allegations contained in Paragraph 13 of the Complaint, except Lilly is without knowledge as to which "reports" plaintiff refers and denies plaintiff's description of the unidentified "reports" to the extent that it conflicts with such reports.

14. Lilly admits that medical literature reporting on medical research involving Zyprexa is published in multiple medical journals, but denies plaintiff's description of the literature to the extent that it conflicts with such literature when read in context and in its entirety.

**LANE POWELL LLC**
301 WestNorthern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

**LANE POWELL LLC**
301 WestNorthern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

15. Lilly denies the allegations contained in Paragraph 15 of the Complaint to the extent that the allegations are inconsistent with any statements issued by the United Kingdom's Medicines Control Agency when read in context and in their entirety.

16. Lilly denies the allegations contained in Paragraph 16 of the Complaint to the extent that the allegations are inconsistent with any statements or warnings issued by the Japanese Health and Welfare Ministry when read in context and in their entirety.

17. Lilly denies the allegations contained in Paragraph 17 of the Complaint, including the allegation that Zyprexa has serious risks of diabetes, hyperglycemia, diabetic ketoacidosis, and other serious conditions.

18. Lilly denies the allegations contained in Paragraph 18 of the Complaint, except admits that medical literature reporting on medical research involving Zyprexa is published in multiple medical journals, but denies plaintiff's description of the unidentified "journal articles" to the extent that it conflicts with such literature when read in context and in its entirety.

19. Lilly denies the allegations contained in Paragraph 19 of the Complaint, including the allegation that Zyprexa causes dangerous and permanent health consequences.

20. Lilly denies the allegations contained in Paragraph 20 of the Complaint.

21. Lilly denies the allegations contained in Paragraph 21 of the Complaint.

22. Lilly denies the allegations contained in Paragraph 22 of the Complaint.

23. Lilly (A) is without knowledge or information as to plaintiff's meaning of the term "top selling drug," and therefore denies the allegations contained in Paragraph 23 of the Complaint, and (B) admits that the sales figures for Zyprexa are disclosed in its filings with the Securities and Exchange Commission ("SEC"), which are publicly available, and denies any characterization or interpretation inconsistent with these documents when read in context and in their entirety.

24. Lilly denies the allegations contained in Paragraph 24 of the Complaint.

25. Lilly denies the allegations contained in Paragraph 25 of the Complaint, except is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations relating to plaintiff.

26. Lilly denies the allegations contained in Paragraph 26 of the Complaint, except is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations relating to plaintiff.

27. Lilly denies the allegations contained in Paragraph 27 of the Complaint, except is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations relating to plaintiff.

**ANSWERING THE FIRST CLAIM FOR RELIEF**
(Strict Products Liability: Failure to Warn)

28. Lilly incorporates its responses to paragraph 1-27 of the Complaint.

29. Lilly denies the allegations contained in Paragraph 29 of the Complaint, except admits that Lilly researched, tested, developed, manufactured marketed, and/or sold Zyprexa to independent pharmaceutical wholesalers, for use only upon prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings regarding the risks and benefits of the medication.

30. Lilly denies the allegations contained in Paragraph 30 of the Complaint.

31. Lilly denies the allegations contained in Paragraph 31 of the Complaint.

32. Lilly denies the allegations contained in Paragraph 32 of the Complaint.

33. Lilly denies the allegations contained in Paragraph 33 of the Complaint.

34. Lilly denies the allegations contained in Paragraph 34 of the Complaint.

**ANSWERING THE SECOND CLAIM FOR RELIEF**
(Strict Products Liability: Design Defect)

35. Lilly incorporates its responses to paragraph 1-34 of the Complaint.

36. Lilly denies the allegations contained in Paragraph 36 of the Complaint.

37. Lilly denies the allegations contained in Paragraph 37 of the Complaint, including the allegation that Zyprexa had defects.

38. Lilly is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.

39. Lilly denies the allegations contained in Paragraph 39 of the Complaint.

40. Lilly denies the allegations contained in Paragraph 40 of the Complaint.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

### ANSWERING THE THIRD CLAIM FOR RELIEF
(Fraud and Negligent Misrepresentation)

41. Lilly incorporates its responses to paragraph 1-40 of the Complaint.

42. Lilly denies the allegations contained in Paragraph 42 of the Complaint.

43. Lilly denies the allegations contained in Paragraph 43 of the Complaint, including the allegation that Lilly made claims concerning off-label use.

44. Lilly denies the allegations contained in Paragraph 44 of the Complaint.

45. Lilly denies the allegations contained in Paragraph 45 of the Complaint.

46. Lilly denies the allegations contained in Paragraph 46 of the Complaint.

47. Lilly denies the allegations contained in Paragraph 47 of the Complaint.

### ANSWERING THE FOURTH CLAIM FOR RELIEF
(Negligence)

48. Lilly incorporates its responses to paragraph 1-47 of the Complaint

49. Lilly denies the allegations contained in Paragraph 49 of the Complaint, except admits that it had a duty to exercise reasonable care in the research, testing, development, manufacturing, labeling, warning, marketing, and sale of Zyprexa. Lilly denies that it breached such a duty.

50. Lilly denies the allegations contained in Paragraph 50 of the Complaint.

51. Lilly denies the allegations contained in Paragraph 51 of the Complaint.

### ANSWERING THE FIFTH CLAIM FOR RELIEF
(Violations of the Unfair Trade Practices and Consumer Protection Act)

52. Lilly incorporates its responses to paragraph 1-51 of the Complaint

53. Lilly denies the allegations contained in Paragraph 53 of the Complaint and all of its subparts.

54. Lilly denies the allegations contained in Paragraph 54 of the Complaint.

55. Lilly denies the allegations contained in Paragraph 55 of the Complaint.

WHEREFORE, defendant Eli Lilly and Company requests that Plaintiff's Complaint, and all claims alleged therein, be dismissed with prejudice, that Lilly be awarded the costs,

**LANE POWELL LLC**
301 WestNorthern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

disbursements, and attorney's fees incurred in the defense of this action, and that Lilly be granted any other relief to which it may be entitled.

## AFFIRMATIVE DEFENSES

Defendant Eli Lilly and Company ("Lilly"), by its counsel, pleading in the alternative and without prejudice to its other pleadings, states the following affirmative defenses. By virtue of asserting additional defenses, Lilly does not assume any burden of proof not otherwise legally assigned to it.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Lilly.

## SECOND AFFIRMATIVE DEFENSE

Discovery may show that plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations, statutes of repose, the doctrine of laches and/or as a result of the failure to allege and/or comply with conditions precedent to applicable periods of limitations and repose.

## THIRD AFFIRMATIVE DEFENSE

Some or all of the plaintiff's claims are barred by the learned intermediary doctrine. At all relevant times herein, the physicians who prescribed Zyprexa to the individual patients reimbursed by the State of Alaska were in the position of sophisticated purchasers, fully knowledgeable and informed with respect to the risks and benefits of Zyprexa.

## FOURTH AFFIRMATIVE DEFENSE

The injuries, damages, and losses alleged in the Complaint, none being admitted, were caused in whole or in part by the negligence of the plaintiff and/or others, over whom Lilly exercised no control, had no opportunity to anticipate or right to control, and with whom Lilly had no legal relationship by which liability could be attributed to it because of the actions of the plaintiff and/or others, which by comparison was far greater than any conduct alleged as to Lilly.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged loss, damage, injury, harm, expense, diminution, or deprivation alleged, if any, was caused in whole or in part by plaintiff's failure to exercise reasonable care and diligence to mitigate alleged damages.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by federal law in that Zyprexa was researched, tested, developed, manufactured, labeled, marketed and sold in a manner consistent with the state of the art at the pertinent time and approved by the FDA.

### SEVENTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred by the doctrines concerning unavoidably unsafe products, including, but not limited to, the operation of comments j and k to Section 402A of the Restatement (Second) of Torts and/or barred by the Restatement (Third) of Torts.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable provisions of the United States Constitution, the Constitution of the State of Alaska and/or the applicable Constitution of any other State or Commonwealth of the United States whose laws might be deemed controlling in this case. These provisions include, but are not limited to, the First Amendment to the Constitution of the United States and Article I, Section 5 of the Constitution of the State of Alaska because Lilly's commercial speech regarding Zyprexa was neither false nor misleading.

### NINTH AFFIRMATIVE DEFENSE

Lilly alleges that Alaska Medicaid participants were fully informed of the risks of the use of the product made the subject of this action by their treating physician, and the informed consent given by the plaintiff is pleaded as an affirmative defense.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or this Court should defer this matter, in whole or in part, pursuant to the doctrine of primary jurisdiction, in that the FDA is charged under the law with regulating prescription drugs, including Zyprexa, and is specifically charged with determining the content of the warnings and labeling for prescription drugs. The granting of the relief prayed for in the plaintiff's Complaint would impede, impair, frustrate or burden the effectiveness of such federal law and would violate the Supremacy Clause (Art. VI, cl. 2) of the United States Constitution.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

Answer
*State of Alaska v. Eli Lilly and Company* (Case No. 3:05-cv-00088-TMB)   Page 7 of 9

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent plaintiff's claims are based on alleged misrepresentations made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001).

### TWELFTH AFFIRMATIVE DEFENSE

Any verdict or judgment rendered against Lilly must be reduced by those amounts that have been, or will, with reasonable certainty, replace or indemnify the individual patients reimbursed by the State of Alaska, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, worker's compensation or employee benefits programs. In addition, any amounts recovered by the State of Alaska pursuant to its statutory liens from patients who made claims against Lilly should reduce any judgment in this action.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's purported allegations of misrepresentation and fraud do not comply with Rule 9(b) of the Federal Rules of Civil Procedure in that they fail to state a cause of action as a matter of law because, among other deficiencies, plaintiff fails to plead with specificity any false misrepresentation as to a material fact and/or reliance on the part of plaintiff upon any such material fact.

### FOURTEENTH AFFIRMATIVE DEFENSE

Lilly is entitled to the benefit of all defenses and presumptions contained in, or arising from, any rule of law or statute of any other state whose substantive law might control the action.

### FIFTHTEENTH AFFIRMATIVE DEFENSE

To the extent that plaintiff requests attorneys' fees, such request is improper under applicable law.

### SIXTEENTH AFFIRMATIVE DEFENSE

Discovery may show that plaintiff has failed to join indispensable parties and has improperly cumulated the claims of many patients on whose behalf the State of Alaska is bringing this suit.

**LANE POWELL LLC**
301 WestNorthern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent plaintiff seeks equitable relief, those claims are barred because plaintiff has an adequate remedy at law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent plaintiff's claims are based on alleged violations of the Alaska Unfair Trade Practices Act that relate to acts or transactions regulated under the statutory authority of the United States, those claims are barred under AS § 45.50.481(a)(1).

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to an award of damages under AS § 45.50.501(b) or civil penalties under AS § 45.50.551(b).

Lilly hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves the right to amend this list to assert such defenses.

### PRAYER FOR RELIEF

WHEREFORE, defendant Eli Lilly and Company requests that Plaintiff's Complaint, and all claims alleged therein, be dismissed with prejudice, that Lilly be awarded the costs, disbursements, and attorney's fees incurred in the defense of this action, and that Lilly be granted any other relief to which it may be entitled.

DATED this 24th day of April, 2006.

LANE POWELL LLC
Attorneys for Defendant

By  s/ Brewster H. Jamieson
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska  99503-2648
Tel: 907-277-9511
Fax: 907-276-2631
Email: jamiesonb@lanepowell.com
ASBA No. 8411122

I certify that on April 24, 2006, a copy of the foregoing was served by ECF on:

Eric T. Sanders, Esq., sanders@frozenlaw.com

and by mail on:

Matthew L Garretson, Esq.
Joseph W. Steele, Esq.
H. Blair Hahn, Esq.

Nanci L. Biggerstaff, CPS, PLS
121873.0001/154816.1

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631