Eric T. Sanders
Alaska Bar No. 7510085
FELDMAN ORLANSKY & SANDERS
500 L Street, Fourth Floor
Anchorage, Alaska 99501
Telephone:  (907) 272-3538
Facsimile:  (907) 274-0819
Email:  sanders@frozenlaw.com

Attorneys for Plaintiff State of Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| STATE OF ALASKA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ELI LILLY AND COMPANY,<br><br>　　　　　Defendant.<br>_____ | Case No. 3:06-cv-00088-TMB<br><br>**PLAINTIFF S OPPOSITION TO DEFENDANT S MOTION FOR STAY PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** |

## INTRODUCTION

This Court should deny Defendant's Motion for a Stay Pending Transfer by the Judicial Panel on Multidistrict Litigation (" JPML").  A stay would not serve the interests of judicial economy and it would prejudice Plaintiff by needlessly delaying this case. Declining to stay the case would not prejudice Defendant.  Rather th an stay the case, this Court should expeditiously address the question of federal court jurisdiction and rule on Plaintiff's pending motion to remand this case to state court.

## STATEMENT OF FACTS

**A.     The Procedural Posture of This Case**

Plaintiff filed this action in the superior court in Anchorage on March 1, 2006. The complaint seeks compensatory damages, restitution, and other pecuniary relief for the cost of past and future medical care incurred by Plaintiff based on the State's responsibilities under Medicaid to pay for harm caused as a result of Defendant's actions in marketing Zyprexa in Alaska. Plaintiff's claims are based entirely on state statutes and Alaska common law.

Notwithstanding the absence of the federal jurisdiction, Defendant removed this case to federal court, alleging that Plaintiff's state law claims raise substantial issues of federal law and, therefore, confer jurisdiction under 28 U.S.C. § 1331 or, alternatively, that Plaintiff's claims are preempted by federal law. Contemporaneously with the removal petition, Defendant filed its motion asking this Court to stay all proceedings, including any jurisdictional inquiry, pending possible transfer of this case by the JPML to the Zyprexa Multi-District Litigation ("Zyprexa MDL"), presided over by Judge Weinstein in the Eastern District of New York. Plaintiff contends that the removal is impermissible and has moved for a remand to state court. In opposing Defendant's request for a stay, Plaintiff asks this Court to rule without delay on the motion for remand.

## B.     The Zyprexa Multi-District Litigation

The Zyprexa MDL is a consolidation of a large number of personal injury cases brought by individuals who claim they were harmed by ingesting Zyprexa; additionally, the MDL includes two actions similar to the current case filed by the State of Louisiana, and at least one third-party payor class action. The cases have been consolidated to allow coordinated and nonduplicative discovery on common factual questions, and resolution of preliminary legal questions common to all cases. All of the consolidated cases that are not settled or dismissed while assigned to the MDL will be remanded back to the transferor courts at or before the conclusion of these pretrial proceedings.

The Zyprexa MDL is drawing to a close. In a series of orders issued in early 2006, Judge Weinstein directed the parties to plan to conclude the common discovery quickly. Summary judgment and *Daubert* motions must be filed August 15, 2006. Cases filed in the Eastern District of New York will commence trial on October 2, 2006.[1]

## ARGUMENTS

## I.     This Court Has Discretion To Deny A Stay.

Courts have inherent discretionary authority over motions to stay proceedings. *See Landis v. North Am. Co.,* 299 U.S. 248, 254-55 (1936). Generally, courts consider three factors in exercising that discretion: (1) the interests of judicial economy; (2) any

---

[1]     *See* Exhibits A (Order of April 10, 2006), B (Order of February 21, 2006). This schedule may be altered by a forthcoming case management order, which likely will extend the deadlines by approximately 90 days but will not significantly alter the fast pace for concluding the MDL.

hardship to the moving party if the action is not stayed; (3) any prejudice to the nonmoving party if the action is stayed. *See, e.g., Rivers v. Walt Disney Co.,* 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); *see generally Clinton v. Jones,* 520 U.S. 681, 707-08 (1997) (stating that a district court has broad discretion whether to stay proceedings, and that the proponent has the burden of justifying a stay).

Even after the JPML has issued a conditional transfer order -- which it has not yet issued in this case -- a court retains jurisdiction to decide the merits of motions pending before it. *See* Rules of Procedure of the JPML, Rule 1.5; *General Electric Co. v. Byrne,* 611 F.2d 670, 673 (7th Cir. 1979).

Defendant cites numerous cases in which courts have issued a stay rather than decide pending motions. However, many other courts have proceeded differently, particularly when the pending motion asks the court to examine whether there is any jurisdictional basis at all for retaining the case in federal court. *See, e.g., Illinois Mun. Ret. Fund v. Citigroup, Inc.*, 391 F.3d 844, 851-52 (7th Cir. 2004) (stating district courts should consider remand motions even though conditional transfer order issued); *Anderson v. Merck & Co.,* 417 F. Supp. 2d 842, 844 n.2 (E.D. Ky. 2006) ("Although courts have gone both ways on this issue, this Court believes that it is in the interest of judicial economy to rule on the motion to remand before transfer." ); *Comes v. Microsoft Corp.,* 403 F. Supp. 2d 897, 904 (S.D. Iowa 2005) (finding lack of jurisdiction and thus holding decision to stay proceedings would be inappropriate); *Smith v. Mail Boxes, Etc.,* 191 F. Supp. 2d 1155, 1157 (E.D. Cal. 2002) (discussing split of authority and choosing

to address jurisdictional issue at the outset to facilitate litigation in the appropriate forum); *Farkas v. Bridgestone/Firestone, Inc.* 113 F. Supp. 2d 1107, 1115 n.8 (W.D. Ky. 2000) (holding "the jurisdictional issue must be resolved before deciding whether to stay or transfer the case to the MDL panel"); *Lloyd v. Cabell Huntington Hosp., Inc.,* 58 F. Supp. 2d 694, 696 (S.D. W.Va. 1999) (stating court could not stay proceedings in action over which it lacked jurisdiction); *Stern v. Mutual Life Ins. Co.,* 968 F. Supp. 637, 639 (N.D. Ala. 1997) ("It is incumbent upon a court whose subject matter jurisdiction is questioned to make a determination as to whether it has, or does not have, jurisdiction over the action.").        .

This Court should follow these well-reasoned cases and should decide Plaintiff's motion to remand to state court based on the lack of federal jurisdiction, rather than staying this case and allowing a lawsuit with questionable federal basis to remain in federal court without examining jurisdiction.

As discussed in the following sections, all three of the critical factors favor denying the stay and deciding the remand motion on its merits.

## II. Denying A Stay Serves Judicial Economy.

Federal court jurisdiction, obviously, is limited. The judicial economy of the federal courts is best served by addressing issues of jurisdiction promptly, so that cases may be removed from federal court quickly if there is no basis for holding onto the case. *See generally Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1054

(N.D. Cal. 2004); *Sherwood v. Microsoft Corp.*, 91 F. Supp. 2d 1196, 1199 (M.D. Tenn. 2000).

Any time a federal court retains jurisdiction over a matter originally filed in state court, questions of federalism and comity are implicated. This is especially true where, as here, the plaintiff is itself a sovereign state. To force a state to remain a party in federal court where there is no jurisdiction infringes on state sovereignty. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941). Federal courts, therefore, must exercise their discretion with "due regard for the rightful independence of state governments." *Healy v. Ratta,* 292 U.S. 263, 270 (1934). Issuing a stay, rather than quickly deciding the question of federal jurisdiction, does not respect the state's sovereignty.

The nature and stage of the Zyprexa MDL mean that judicial economy would be particularly disserved if a stay is granted in this case. As noted above, the MDL court is focused on winding down the litigation of numerous individual cases. There is no basis to expect that it could give priority to resolving the pending remand motion in this new case. It would not serve judicial economy to allow this case to linger until the busy MDL court has the chance to consider the unique aspects of this case. Instead, it would serve judicial economy for this Court to deny the stay and to resolve promptly the jurisdictional issues raised by Plaintiff's motion for a remand to state court, particularly where granting that motion would clear this case from the federal docket entirely, creating no further issues for this Court, the JPML, or the MDL court.

Further, little could be gained by staying this case to allow the possibility of its consolidation into the Zyprexa MDL. Discovery there is nearly complete. Judge Weinstein is preparing the consolidated cases for retransfer back to their home courts. And the parties in this case may benefit from the consolidated discovery without participating directly in the multi-district litigation.

This Court should not abdicate the responsibility to inquire into its own jurisdiction. Resolving the jurisdictional issue efficiently will serve judicial economy. This factor strongly favors denying Defendant's motion for a stay.

**III.   Defendant Faces No Hardship If A Stay Is Denied.**

Defendant argues that it will be prejudiced if a stay is denied and this case is permitted to proceed to the discovery phase, because then it would be forced to engage in duplicative discovery and motion practice. The nature of this case and of the Zyprexa MDL refute this claim in two important ways.

First, the discovery and motion practice that the Plaintiff must undertake in this case in fact is not significantly duplicative of the discovery and motions being handled in the Zyprexa MDL. As noted above, the consolidated cases are primarily individual personal injury cases, so discovery has focused on common questions of negligence, strict liability, and causation of certain types of damages. The current case is very different. Plaintiff here alleges violation of several Alaska statutes and asserts state common law claims that differ from the conventional negligence and strict liability claims asserted by individual plaintiffs. Discovery in this case must focus on

Defendant's conduct and statements vis-à-vis the State of Alaska and its agencies. Much of the discovery will be unique to the State of Alaska. Plaintiff will need to depose Defendant's representatives in Alaska; Defendant presumably will seek damages information specific to Alaska Medicaid. None of that discovery will happen in the MDL. Case-specific discovery may require a remand from the multi-district court. *See In re Silica Products Liability Litigation,* 398 F. Supp. 2d 563, 668 (S.D. Tex. 2005). The prediction that such discovery will predominate (whether the case remains in federal court or is remanded to state court) should be a basis for not consolidating a case in the first place. Moreover, it is a basis for rejecting Defendant's assertions of prejudice if a stay is denied.

Second, to the extent that this case has factual issues in common with the cases in the Zyprexa MDL -- and unquestionably there is some overlap -- a stay to permit consolidation is not necessary to avoid duplicative discovery. The judge in the Zyprexa MDL has issued orders creating a consolidated bank of discovery materials and precluding repetitive discovery. Judge Weinstein has made clear that the benefits of the consolidated discovery should be available in state courts as well as federal courts.[2] Thus, even without a stay and consolidation, there is no risk that Defendant will have to "recreate the wheel" with regard to discovery.

Because a stay is not necessary to prevent any hardship to Defendant, this second factor also favors denying a stay.

---

[2] *See* Exhibit C (Order dated January 30, 2006).

## IV. Plaintiff Will Be Prejudiced If A Stay Is Granted.

As described earlier, the Zyprexa MDL is drawing to a close. Judge Weinstein wrote recently that "These cases have been pending for an excessive length of time. It is essential that they be promptly disposed of."[3] That court is taking active steps to force the parties to conclude the common discovery and to prepare dispositive motions.[4]

If a stay is granted, and this case ultimately is transferred to the MDL, it will serve only to delay Plaintiff's opportunity to have its day in court. The development of this case will be thwarted for no apparent benefit. The case will wait in limbo until the busy MDL judge has time to rule on Plaintiff's motion to remand; that court is preparing to rule on *Daubert* and summary judgment motions and then to preside at trial. Motions from cases newly added to the mix may just have to wait. In contrast, without a stay, this case can move forward expeditiously because the parties in this case may use the product of discovery efforts in the multi-district case, and need wait on nothing.

Plaintiff suspects that, in seeking a stay and a transfer to the Zyprexa MDL, Defendant hopes to prejudice Plaintiff in one of two ways: Defendant apparently hopes either that, in the MDL, Plaintiff will be forced to react quickly, with no opportunity for Alaska-specific discovery, before being required to respond to common *Daubert* and summary judgment motions that Defendant must file on an expedited schedule in the MDL. Or else Defendant may hope that the Alaska case will sit unnoticed for months,

---

[3]   *See* Exhibit A.

[4]   *See* Exhibits A and B.

while the MDL judge concentrates on the cases already nearly ready for dispositive motions. Neither would be fair.

Plaintiff needs the opportunity to engage in Alaska-specific discovery, and it will be prejudiced if this Court stays the case, preventing that discovery. The late stage of the Zyprexa MDL further prejudices Plaintiff, because that case is concluding and even cases already joined will soon be remanded to the transferor courts.

This factor also favors denying the stay.

## CONCLUSION

This Court should exercise its discretion to deny a stay and should proceed to consider and decide the merits of Plaintiff's Motion for Remand to State Court.

RESPECTFULLY SUBMITTED this 8th day of May, 2006.

By    /s/ Eric T. Sanders

FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Telephone:    (907) 272-3538
Facsimile:    (907) 274-0819
Email:    sanders@frozenlaw.com
[Alaska Bar No. 7510085]

Attorneys for Plaintiff State of Alaska

Certificate of Service
I certify that on May 8, 2006, a copy of the foregoing Plaintiff's Opposition
to Motion to Stay was served electronically on:

Brewster H. Jamieson

By    /s/ Eric T. Sanders