UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

In re: ZYPREXA
PRODUCTS LIABILITY LITIGATION

-----------------------------------------------------------------x

THIS DOCUMENT RELATES TO:

ALL ACTIONS

-----------------------------------------------------------------x

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ FEB 2 1 2006 ★

BROOKLYN OFFICE

MEMORANDUM
& ORDER
MDL-1596

Jack B. Weinstein, Senior United States District Judge:

1.  The court has the letter of the Mitchell M. Breit of February 3, 2006, the letter of Christopher A. Seeger of February 7, 2006, and the letter of Nina M. Gussack of February 13, 2006 with respect to further discovery.

2.  As the court has previously indicated, it is intent on obtaining a prompt resolution of this case and completion of its duties under the order of the Multidistrict Litigation Panel. The parties shall confer with Special Master Peter Woodin to put in place a Case Management Order that will provide for the completion of discovery as promptly as possible.

3.  If there are cases pending in the Eastern District of New York which can be tried by the court and which are not being settled, the parties, with the aid of Special Master Woodin shall set a tentative date or dates for trial, after checking with case coordinator June Lowe to see if the proposed trial dates are available. Discovery should be promptly completed in these cases. Dispositive and in limine motions can then be made. Special Master Woodin will endeavor to expedite discovery in these cases in preparation for trial.

**Exhibit B**
Opposition to Motion for Stay
Case No. 3:06-cv-00088-TMB

4. As soon as necessary discovery has been completed, either party shall make a motion for summary judgment in all or some of the remaining non-settling cases. The moving party shall supply the opposing party with the names and backgrounds of the experts it intends to rely on in connection with the motion so that those experts can be deposed. The opposing party should then supply the moving party shortly thereafter with the names and backgrounds of the experts it intends to rely on so that those experts can be deposed. The parties, with Special Master Woodin's assistance, will set a date for a hearing on the summary judgment motion and on Daubert issues.

5. Special Master Woodin, who is controlling discovery, has full authority to set priorities in discovery under paragraphs 2, 3 and 4.

SO ORDERED.

*/s/ Jack B. Weinstein*

Jack B. Weinstein

Dated: February 14, 2006
Brooklyn, New York