Eric T. Sanders
Alaska Bar No. 7510085
FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Telephone:    (907) 272-3538
Facsimile:    (907) 274-0819
Email:        sanders@frozenlaw.com

Attorney for Plaintiff State of Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| STATE OF ALASKA, | |
| Plaintiff, | Case No. 3:06-cv-00088-TMB |
| vs. | **REQUEST FOR HEARING REGARDING DEFENDANT'S COMMUNICATIONS WITH JUDGE WEINSTEIN** |
| ELI LILLY AND COMPANY, | |
| Defendant. | |
| _____ | |

        Recent filings bring before this court the defendant's notice of removal of

this action from state court to federal court, plaintiff's motion to remand due to the

absence of federal jurisdiction, and defendant's motion to stay all proceedings "including

any motion to remand," pending a possible order from the Judicial Panel on Multi-

District Litigation ("JPML") order, which would transfer this case to In Re: Zyprexa

Products Liability Litigation, MDL No. 1596, pending before the Honorable Jack B.

Weinstein in the United States District Court for the Eastern District of New York.

Plaintiff Alaska trusts this court to address the remand and stay motions when they are fully briefed, and to schedule a hearing to address those motions if the parties request and the court decides it would be helpful. In the meantime, Alaska respectfully requests that this court schedule a short hearing to address another issue that has arisen.

The Rules of Procedure of the Judicial Panel on Multi-District Litigation made it appropriate for Lilly to file with the JPML clerk a formal Notice of Potential Tag-Along Action, requesting transfer of this case to Judge Weinstein, as Lilly did on April 20, 2006. (See Exhibit 1.) However, Lilly took other actions that are not contemplated by those Rules, and Alaska is concerned about those actions. Specifically, on the day before Lilly filed its Notice of Potential Tag-Along Action, Lilly's attorneys wrote two letters to Judge Weinstein concerning this case. The first letter misrepresents the nature of Alaska's case. (See Exhibit 2.) It also tells Judge Weinstein that "Your Honor has already" ruled that the allegations that Lilly described (which are not the allegations Alaska actually has made) establish a basis for federal jurisdiction. (See id.) It concludes by telling Judge Weinstein that Lilly "has asked the federal court in Alaska to stay the action pending transfer of the matter" to his court; it assumes that transfer is a foregone conclusion and does not acknowledge that reasonable judges might differ on the proper course of proceedings. (See id.)

Lilly' second letter is less objectionable; it is simply a cover letter, albeit addressed directly to Judge Weinstein rather than to a court clerk, advising that Lilly is providing a copy of its notice of removal and motion to stay. (See Exhibit 3.) But, given the existence of this second letter, Alaska wonders about Lilly's true purposes in writing the first letter. It cannot have been simply to provide Judge Weinstein notice of another Zyprexa-related case.

As this court knows, in Alaska it is not customary or proper for any party to write letters to a federal judge that concern substantive matters in a pending case. Thus, Lilly's letter to Judge Weinstein is at best unusual. More important, it is peculiar that Lilly would consider it necessary or appropriate to tell Judge Weinstein how he would rule on a jurisdictional question presented to an Alaska court. Lilly's motivation for telling Judge Weinstein that it filed a stay motion in the Alaska court is equally enigmatic. It appears that Lilly is lobbying Judge Weinstein, and perhaps suggesting he should take some action to influence the motions pending in Alaska's federal court.

Alaska respectfully requests that this court schedule a hearing at its earliest convenience to discuss appropriate conduct by counsel and to allow the court and Alaska's counsel to inquire into Lilly's agenda and whether Lilly's actions initiated any contact by Judge Weinstein or his special discovery master with this court.

/

/

/

Request for Hearing Regarding Defendant's
Communications with Judge Weinstein
Case No. 3:06-cv-00088-TMB
Page 3 of 4

DATED this 8th day of May, 2006.

By    /s/ Eric T. Sanders

FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Telephone:   (907) 272-3538
Facsimile:   (907) 274-0819
Email:       sanders@frozenlaw.com
[Alaska Bar No. 7510085]

Attorneys for Plaintiff State of Alaska

Certificate of Service

I certify that on May 8, 2006, a copy of the
foregoing  Request For Hearing Regarding
Defendant's Communications with Judge Weinstein
was served electronically on:

Brewster H. Jamieson

By    /s/ Eric T. Sanders