# Pepper Hamilton LLP
#### Attorneys at Law

3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
Fax 215.981.4750

Nina M. Gussack
direct dial: 215-981-4950
gussackn@pepperlaw.com

April 19, 2006

The Honorable Jack B. Weinstein
U. S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: In re Zyprexa Products Liability Litigation, MDL 1596

Dear Judge Weinstein:

On March 20, 2006, the State of Alaska served Eli Lilly and Company with a multi-count Complaint concerning the marketing of Zyprexa in Alaska. Yesterday, Lilly removed the case to Federal Court in Alaska, and today it notified the Judicial Panel on Multidistrict Litigation that the case should be considered a tag-along action in connection with MDL 1596.

The complaint alleges, *inter alia*, that Lilly failed to warn consumers, "including the State, its physicians, and Medicaid recipients, of the dangerous and permanent health consequences caused by the use of Zyprexa®." The complaint seeks relief on the basis of negligence, strict liability, and violations of the Alaska Unfair Trade Practices and Consumer Protection Act. It seeks compensatory damages for "past, present and future medical expenses for recipients of the Alaska Medicaid program," restitution for the cost of all Zyprexa prescriptions paid by the State under its Medicaid program, civil penalties of $5,000 for each violation of the UTPCPA, costs, interest, and attorneys' fees.

Much like the action brought by the Attorney General of Louisiana (Foti v. Eli Lilly and Company), the Alaska case implicates federal question jurisdiction under Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 125 S.Ct. 2363 (2005), because it presents substantial federal questions. It is implicitly premised on Lilly's alleged off-label marketing of Zyprexa in violation of FDA regulations. The rights asserted may therefore be vindicated or defeated only by a construction of a federal statute, the Food, Drug and Cosmetic Act, 21 U.S.C. § 301, et seq. (the "FDCA") and its implementing regulations. Indeed, Your Honor has already stated in Foti that allegations that Lilly violated federal regulations by allegedly marketing Zyprexa for off-label uses presented substantial federal questions, and federal question

Pepper Hamilton LLP
Attorneys at Law

The Honorable Jack B. Weinstein
April 19, 2006
Page 2

jurisdiction therefore existed. *See In re: Zyprexa Prods. Liab. Litig.*, 375 F. Supp.2d 170, 172-73 (E.D.N.Y. 2005) (Weinstein, J.) (holding that, where a state attorney general's complaint alleged that Lilly promoted Zyprexa for off-label uses, and therefore violated state laws, "the allegations about the violation of federal law through improper off-label use present[ed]" a substantial federal question and created jurisdiction under 28 U.S.C. § 1331).

Finally, Lilly has asked the Federal Court in Alaska to stay the action pending transfer of the matter by the JPMDL to this Court for consolidated pretrial proceedings. Enclosed is a copy of our Notice of Removal and Motion for Stay.

Respectfully,

Nina M. Gussack

NMG/lis
Enclosure

cc: Peter H. Woodin, Esquire (Special Master)
Christopher A. Seeger, Esquire (for PSC)
Eric T. Sanders, Esquire