Brewster H. Jamieson, ASBA No. 8411122
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone:   907-277-9511
Facsimile:   907-276-2631
Email:   jamiesonb@lanepowell.com
Attorneys for Defendant
Eli Lilly and Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| STATE OF ALASKA,<br><br>        Plaintiff,<br><br>v.<br><br>ELI LILLY AND COMPANY,<br><br>        Defendant. | Case No. 3:06-cv-00088-TMB<br><br>**DEFENDANT'S REPLY RE: MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL <u>ON MULTIDISTRICT LITIGATION</u>** |

    Plaintiff has opposed a stay pending transfer to the Zyprexa Multidistrict Litiation (MDL) on the grounds that (a) it would be more efficient for this Court to address the jurisdictional issues; and (b) plaintiff will be prejudiced by the delay that will allegedly be incurred if the case is transferred.

    Neither ground has merit.  Since the MDL Court has already considered the jurisdictional issue in an indistinguishable case brought by Louisiana, and may have to consider the issue in other cases, judicial economy would not be served by having this Court examine the same issue.  The plaintiff here will not be prejudiced:  plaintiff will have access to all the MDL discovery taken and to be taken, and plaintiff may prepare whatever "unique" discovery it believes it needs and serve it in the MDL.

    **I. JUDICIAL ECONOMY WILL BE SERVED IF THE MDL COURT ADDRESSES THE FEDERAL JURISDICTION QUESTION RAISED BY PLAINTIFF**

    The most significant factor favoring a stay is that the MDL Court has already addressed the issues of federal jurisdiction raised here in two suits brought by the Attorney General of

Louisiana. Plaintiff does not and cannot distinguish the Louisiana case. There is no good reason for multiple federal courts to consider the same or similar issues in this Zyprexa Litigation. In addition, there is no reason to afford this case special treatment because the State is the plaintiff, despite plaintiff's assertion that "questions of federalism and comity" are specially implicated "where, as here, the plaintiff is itself a sovereign state." Plaintiff's Br., at 6. In fact, only four weeks ago, the United States District Court for the Eastern District of California denied remand in a case brought by the Attorney General of that State. In *People of the State of California Ex. Rel. Bill Lockyer v. Powerex Corp.*, 2006 U.S. Dist. LEXIS 19634 (E. D. Cal., April 13, 2006), California sought to recover damages for state antitrust violations related to illegal sales of energy at "out of market" ("OOM") rates. The Court held that the complaint "involve[d] a substantial federal question because . . . [the] Federal Energy Regulatory Commission has the exclusive authority to decide whether power is or is not in-state or OOM and whether a given quantity wholesale electricity can be legally sold at OOM rates." *Id.,* 2006 U.S. Dist. LEXIS at *12.

Plaintiff stakes its position on the fact that a district court *may* address a jurisdictional issue pending transfer. However, the mere fact that a court *may* do so is not an argument that it *should* do so. As Lilly has pointed out, nearly all courts to address the question of a stay pending transfer to the *Zyprexa* MDL have issued a stay.[1] For example, less than two weeks ago, in *Stempien v. Eli Lilly and Company, et al.,* No,C06-1811 THE, the United States District Court for the Northern District of California stayed all proceedings to allow the jurisdictional issues to be resolved by Judge Weinstein after transfer to the MDL. In *Stempien*, the Court held:

---

[1] Additional stays have been granted in Zyprexa cases pending transfer to the MDL since Lilly filed its motions to stay. *See e.g., Benson v. Janssen et al.*, 4:05-CV-2016 (E.D.Mo. Apr. 11, 2006); *Brownlee v. Lilly et al.*, CV-06-JEO-0634-W (N.D. Ala. Apr. 5, 2006); *Clark et al. v. Lilly et al.*, CV-06-P-0656-S (N.D. Ala. Apr. 7, 2006); *Hubbard v. Lilly,* CV-06-535 (N.D. Ala. Apr. 5, 2006); *Jackson v. Lilly et al.* (N.D. Ala. Apr. 5, 2006); *Saunders v. Lilly et al.*, 4:05-CV-02154 (E.D.Mo. Apr. 7, 2006); *Wade v. Lilly et al.*, 4:06-CV-1170 (S.D. Tex. Apr. 11, 2006). Indeed, in *Lidikay et al. v. Lilly et al.*, 3:06-CV-01938 (N.D. Cal. Mar. 29, 2006), Judge Patel granted a stay to further the interests of the interests of judicial economy after the plaintiffs failed to file a timely motion to remand. This case involves some of the same plaintiffs and "of counsel" law firm now before this Court in the similarly styled *Lidikay et al. v. Lilly*, 4:06-cv-0056-AS.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Defendant's Reply Re: Motion To Stay All Proceedings Pending Transfer By The Judicial Panel On Multidistrict Litigation**
*State of Alaska v. Eli Lilly and Company* (Case No. 3:05-cv-00088-TMB)

> The Court finds that the interests in promoting uniformity and consistency therefore counsel in favor of a stay in this case. This is not a case where the jurisdictional issue is unlikely to be raised in other cases that may be transferred to the MDL, nor is it a case where it is clear from a preliminary review of the notice of removal or motion to remand that the removal was improper. . . .

*See* Exhibit A, Order Granting Defendant's Motion to Stay and Vacating Plaintiffs' Motion to Remand, dated May 4, 2006.

Plaintiff points to non-Zyprexa cases in which courts have refused to issue such stays before considering pending remand motions. Plaintiff's Br., at 4. Plaintiff cites *Illinois Municipal Retirement Fund* (*IMRF*) *v. Citigroup, Inc. et al.*, 391 F.3d 844 (7th Cir. 2004), for the proposition that "district courts *should* consider remand motions even though [a] conditional transfer order [has been] issued." (Emphasis added). In fact, *IMRF* stands for the proposition that, while a district court *may* rule upon a motion to remand after a Conditional Transfer Order has been issued, it may, in its discretion, stay the action pending transfer. *IMRF*, 391 F.2d at 850-52.

When faced with a motion to stay, a district court should give preliminary scrutiny to the jurisdictional basis for removal. *See, e.g., Meyers v. Bayer AG,* 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001). Where the case for remand is clear on the face of the pleadings, or where the removal itself is procedurally flawed, it may be appropriate for the removal court to resolve these issues. *See, e.g., Lloyd v. Cabell Huntington Hospital, Inc.*, 58 F. Supp. 2d 694, 698 (S.D. W. Va. 1999) (removal was improper when all defendants had not consented to removal; accordingly, court granted plaintiff's motion to remand and denied motion to stay as moot)[2]; *Kantner v. Merck & Co.,* No. 1:04-cv-2044-JDT-TAB, 2005 U.S. Dist. Lexis 32982 (S.D. Ind. Jan. 26, 2005) (granting a motion to remand where plaintiff specifically averred that the amount in controversy was less than $75,000, thereby defeating subject matter jurisdiction).

---

[2] Plaintiff cites *Lloyd* for the proposition that "this Court has previously held it could not stay proceedings over which it lacked jurisdiction." Plaintiff's Br., at 5. In fact, *Lloyd* was a case in which the removal was fatally flawed and remand was inevitable; accordingly, the decision does not stand for the broader principles to which plaintiff cites.

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

However, in the interests of consistency and judicial economy, where, as here, remand is not clearly mandated, the action should be stayed to permit the transferee court to decide the jurisdictional issues. This is particularly true when the case presents jurisdictional issues that have already been addressed, and will continue to arise, in the MDL. *See, e.g., Stempien,* Exhibit A, Order dated May 4, 2006. *See also Meyers,* 143 F. Supp. 2d at 1049; *Sisemore v. Merck & Company, Inc.,* 2006 U.S. Dist. LEXIS 16753 (E.D. Cal. April 6, 2006) (deference to the MDL transferee court particularly appropriate when the parties contest issues that are "likely to arise in other actions pending" in the consolidated proceedings). The cases cited in plaintiff's brief serve to emphasize this distinction.[3]

Here, the issues on federal question jurisdiction do not implicate local issues or require construction of Alaska law. Rather, they involve a consideration of the role of federal courts in cases involving the federal regulation of the marketing of pharmaceuticals and the federal Medicaid scheme.

---

[3] *See, e.g., Comes v. Microsoft Corporation,* 403 F. Supp. 2d 897 (where it was clear on the face of the complaint that no federal question was presented, and where the case was filed too early to fall within the scope of CAFA, removal was clearly improper, the court lacked jurisdiction to order a stay, and motion to remand was granted); *Smith v. Mail Boxes, Etc., USA, Inc.,* 191 F. Supp. 2d 1155 (E.D. Cal. 2002) (Court made threshold determination that procedural arguments forming the basis of plaintiff's remand motion lacked merit and that case was properly removed; accordingly, court stayed proceedings pending decision on transfer).

Plaintiff cites A*nderson v. Merck*, 417 F. Supp. 2d 842 (E.D. Ky. 2006), for the proposition that "[a]lthough courts have gone both ways on this issue, this Court believes that it is in the interest of judicial economy to rule on the motion to remand before transfer." Plaintiff's Br., at 4, citing *Anderson*, 417 F. Supp. 2d at 844 n.2. In fact, *Anderson* was removed on diversity grounds, alleging fraudulent joinder of non-diverse defendants. The removal court made clear that its decision to consider the pending remand motion was dictated by the specific claims alleged in the case. The Court noted, "Because the determination of whether the sales agents were fraudulently joined depends on whether Plaintiffs have stated a claim under state law, . . . the MDL court would have to examine the separate law of each state from which one of its cases was transferred." *Anderson,* 417 F. Supp. 2d at 844 n. 2. Accordingly, efficiency demanded that the issue be addressed prior to transfer. In contrast, the jurisdictional determinations in the instant case do not require construction or application of any state's law.

**Defendant's Reply Re: Motion To Stay All Proceedings Pending Transfer By The Judicial Panel On Multidistrict Litigation**
*State of Alaska v. Eli Lilly and Company* **(Case No. 3:05-cv-00088-TMB)**                                Page 4 of 7

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

The principal decision in the evolving area of "substantial federal question" jurisprudence is *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 125 S. Ct. 2363 (2005). As discussed in Lilly's Notice of Removal, *Grable* significantly narrows the holding of *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804 (1986) and broadens the scope of federal question jurisdiction. Under *Grable,* "federal question" jurisdiction does not require the plaintiff to have asserted a violation of a federal statute providing a private parallel right of action. Rather, a case asserting only state law causes of action is removable if it raises a federal question, "actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state responsibilities." *See Grable*, 125 S. Ct. at 2368-71. *See also County of Santa Clara v. Astra USA, Inc.*, No. C 05-03740 (WHA), 2005 U.S. Dist. LEXIS 34453 (N.D. Cal. Dec. 2, 2005).[4]

Preliminary scrutiny in this case reveals substantial federal questions, as defined by *Grable,* in two areas of federal law: (i) the federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301, *et seq*., which regulates prescription drug manufacturers' public and promotional statements about prescription drugs (including statements about so-called "off-label" uses); and (ii) federal Medicaid law, which determines which drugs a State must cover under its Medicaid program and the limited circumstances under which a State can decline to pay for such drugs. *See* 42 U.S.C. §§ 1396r-8(d)(1)B, (d)(4). Judge Weinstein has already devoted substantial time and resources to the analysis of federal jurisdiction based upon these very issues, in a case filed by the Attorney General of Louisiana, *In re: Zyprexa Prods. Liab. Litig.*, 375 F. Supp. 2d 170 (E.D.N.Y. 2005). There, Judge Weinstein held that allegations of off-label marketing, when embedded in a state-law claim, can and do raise a substantial federal question, and that references in the complaint to federal Medicaid funding provisions and laws demonstrated "a core of substantial issues [that were] federally oriented." *Id.*, at 172-73.

The jurisdictional issue presented here will continue to arise as Lilly has removed and continues to remove some *Zyprexa* actions on similar federal question grounds. Lilly believes that

---

[4] Lilly will more fully address the jurisdictional aspects of plaintiff's argument in its response to plaintiff's motion to remand.

**Defendant's Reply Re: Motion To Stay All Proceedings Pending Transfer By The Judicial Panel On Multidistrict Litigation**
*State of Alaska v. Eli Lilly and Company* (Case No. 3:05-cv-00088-TMB)    Page 5 of 7

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

there are solid grounds for the exercise of federal jurisdiction: as Justice Souter wrote for the unanimous court in *Grable*, "a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law and thus justify resort to the experience, solicitude, and hope of uniformity that the federal forum offers on federal issues." 125 S. Ct. at 2367.

### II.     PLAINTIFF WILL NOT BE PREJUDICED BY A STAY

Plaintiff alleges that it will be prejudiced by a stay, postulating that Lilly hopes either that plaintiff will be forced to conclude its case without conducting "Alaska-specific discovery," or that this matter will "sit unnoticed for months" while Judge Weinstein's attention is focused on other cases. Plaintiff's Br., at 9-10.

In fact, the core of plaintiff's claims repeat many of the same allegations made in hundreds of other cases pending in the MDL, including (i) whether Zyprexa caused or substantially contributed to the development of diabetes or related diseases and conditions, and (ii) whether Lilly knew that Zyprexa caused or substantially contributed to the development of diabetes or related diseases or conditions, and failed to warn the medical community and the United States Food and Drug Administration (FDA). *See* Exhibit B, Complaint, at ¶¶ 7, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 30, 32, 42.

As plaintiff admits, it has access to the more than five million pages of documents already produced as well as the transcripts of all of the depositions taken to date. Discovery in the MDL is ongoing, and plaintiff will have access to this discovery. During the brief period of time during which this action is stayed pending transfer, plaintiff may draft the "Alaska-specific" discovery it believes it needs. Upon transfer to the MDL, plaintiff will have an opportunity, consistent with the Federal Rules of Civil Procedure, to pursue this case-specific discovery and to complete such discovery even if this case is remanded to state court. In *Stempien,* the Court stated:

> Plaintiffs have . . . failed to persuade the Court that the potential for delay if this Court issues a stay outweighs . . . considerations of judicial economy or the potential hardship to Defendants that would result from failing to stay the case. . . . . [I]f this Court were to deny the motion to remand, the MDL court may nonetheless revisit the issue upon transfer, thus forcing Defendants to relitigate

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

the issue. . . . If, on the other hand, this Court were to grant the motion to remand and the MDL court ultimately decided that removal was proper, Defendants would be prejudiced by being forced to litigate this case in state court because remand orders are not appealable.

Finally, plaintiff's suggestion that this action would languish "in limbo" in the MDL is baseless speculation. Plaintiffs cite no evidence, and there is none, that Judge Weinstein would not timely rule on any motion to remand presented to him for disposition.

In this case, as in *Stempien,* plaintiff will not be prejudiced in any meaningful way by a brief stay of proceedings pending transfer of this case to the MDL, while defendant faces the potential for significant prejudice if the stay is denied.

## IV. CONCLUSION

For the foregoing reasons, and as set forth in its Memorandum in Support of its Motion to Stay, Lilly respectfully requests that this Court grant its motion to stay all proceedings in the actions at issue pending transfer to the MDL proceeding that has been established in the Eastern District of New York.

DATED this 15th day of May, 2006.

                LANE POWELL LLC
                Attorneys for Defendant

                By  s/ Brewster H. Jamieson
                   301 West Northern Lights Boulevard, Suite 301
                   Anchorage, Alaska  99503-2648
                   Tel: 907-277-9511
                   Fax:907-276-2631
                   Email:  jamiesonb@lanepowell.com
                   ASBA No. 8411122

I certify that on May 15, 2006, a copy of the foregoing was served by ECF on:

Eric T. Sanders, Esq. sanders@frozenlaw.com
and a courtesy copy was sent by mail on:
    Matthew L Garretson, Esq.
    Joseph W. Steele, Esq.
    H. Blair Hahn, Esq.

  s/ Brewster H. Jamieson
121873.0001/155075.1

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska  99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631