**United States District Court**
For the Northern District of California

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4

5    CLAUDIA STEMPIEN, et al.,

6                              Plaintiffs,

7              v.

8    ELI LILLY AND COMPANY and
     MCKESSON CORPORATION,

9

10                              Defendants.

NO. C06-1811 TEH

ORDER GRANTING
DEFENDANT'S MOTION TO
STAY AND VACATING
PLAINTIFFS' MOTION TO
REMAND

11

12    This matter comes before the Court on (1) Defendant Eli Lilly and Company's motion

13  to stay proceedings pending a decision on transfer by the Judicial Panel on Multidistrict

14  Litigation ("JPML") and (2) Plaintiffs' motion to remand.  The Court heard oral argument on

15  Defendant's motion on Monday, May 1, 2006.  Plaintiffs' motion has not been fully briefed,

16  and oral argument on Plaintiffs' motion is not scheduled until June 12, 2006.

17    This case was conditionally transferred to Multidistrict Litigation ("MDL") No. 1596,

18  *In re Zyprexa Products Liability Litigation*, on April 14, 2006.  Plaintiffs informed the Court

19  that they intend to oppose the conditional transfer order in this case, and the JPML will

20  therefore allow briefing on the transfer issue before deciding whether transfer is appropriate.

21  This Court retains jurisdiction over this matter until any transfer ruling becomes effective.

22    After carefully considering the parties' written and oral arguments on Defendant's

23  motion, the Court finds a stay of proceedings to be appropriate in this case.  The Court has

24  the inherent power to control its own docket, including the power to stay proceedings in the

25  interests of judicial economy. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).  While a

26  conditional transfer order is pending, the JPML routinely counsels that courts may rule on

27  any pending motions, including motions to remand, or courts may defer ruling on pending

28  motions until after the JPML has decided the transfer issue.  The JPML advises that the

EXHIBIT ___*A*___
PAGE ___*1*___ OF ___*4*___

1    "latter course may be especially appropriate if the motion raises questions likely to arise in

2    other actions in the transferee court and, in the interest of uniformity, might best be decided

3    there if the Panel orders centralization." *See, e.g.,* JPML Letter (Reply Ex. G).[1]

4         In this instance, the Court concludes that judicial economy warrants a stay of

5    proceedings until after the JPML decides whether transfer is appropriate. The parties agree

6    that seven cases involving the identical question – whether Plaintiffs fraudulently joined

7    McKesson Corporation as a defendant to destroy diversity – are pending before courts in this

8    district, and Plaintiffs do not dispute Defendant's representation that several other such cases

9    are pending before other district courts in California. Moreover, given that this Court

10   continues to receive new Zyprexa cases filed in federal court, the Court has no reason to

11   expect that new cases will not be filed in California state court and subsequently removed by

12   Defendants to federal court. Thus, multiple judges will need to decide the jurisdictional issue

13   presented in this case unless the cases are ultimately transferred to MDL, where a single

14   judge will be able to resolve the issue in all cases. Even if the Court were to grant Plaintiffs'

15   motion to relate all Zyprexa cases naming McKesson Corporation pending in this district,

16   judges in other California districts would nonetheless have to decide the issue, thus resulting

17   in unnecessarily duplicative litigation, an inefficient use of judicial resources, and the risk of

18   inconsistent results.

19        The Court finds that the interests in promoting uniformity and consistency therefore

20   counsel in favor of a stay in this case. This is not a case where the jurisdictional issue is

21   unlikely to be raised in other cases that may be transferred to MDL, nor is it a case where it is

22   clear from a preliminary review of the notice of removal or motion to remand that removal

23   was improper. *See, e.g., Leeson v. Merck & Co.,* No. CIV. S-05-2240 WBS PAN, 2006 U.S.

24   Dist. Lexis 3096, at *8-10 (E.D. Cal. Jan. 25, 2006) (reviewing district court Vioxx cases

25

26   _____

27   [1]The cited letter does not refer specifically to this case but, instead, concerns two other
     Zyprexa cases. However, the letter is a form letter that this Court has received in other cases
     under consideration by the JPML, including two cases currently before the Court involving
28   Zyprexa and Seroquel.

United States District Court
For the Northern District of California

2

EXHIBIT _____A_____
PAGE __2__ OF __4__

United States District Court
For the Northern District of California

1  involving allegations against McKesson and concluding that defendant's "fraudulent joinder

2  arguments are not clearly baseless").

3      Plaintiffs have also failed to persuade the Court that the potential for delay if this

4  Court issues a stay outweighs the considerations of judicial economy discussed above or the

5  potential hardship to Defendants that would result from failing to stay the case. First, the

6  Honorable Jack Weinstein, the judge presiding over the MDL litigation, has recently issued

7  an order emphasizing expedition of discovery and the ultimate resolution of the Zyprexa

8  litigation, thus undermining Plaintiffs' argument that this case would be significantly delayed

9  if it had to wait for the MDL court to resolve the jurisdictional issue. *In re: Zyprexa Prods.*

10  *Liab. Litig.*, MDL-1596 (E.D.N.Y. Apr. 10, 2006) (Reply Ex. J). Second, Defendants face

11  considerable hardship if this Court were to decide the remand motion, regardless of whether

12  the Court granted or denied that motion. As one court recently observed in a Vioxx case, if

13  this Court were to deny the motion to remand, the MDL court may nonetheless revisit the

14  issue upon transfer, thus forcing Defendants to relitigate the issue.[2] *Leeson*, 2006 U.S. Dist.

15  Lexis 3096, at *15-16. If, on the other hand, this Court were to grant the motion to remand

16  and the MDL court ultimately decided that removal was proper, Defendants would be

17  prejudiced by being forced to litigate this case in state court because remand orders are not

18  appealable. *Id.* at *16.

19      The Court acknowledges that at least one judge in the Central District of California

20  has *sua sponte* remanded a Zyprexa case involving McKesson. *See Sconiers v. Eli Lilly &*

21  *Co.*, No. CV 06-1466 PA (PJWx), slip op. (Ex. I to Pls.' Mot. to Remand). However, the

22  Court is not without precedent in exercising its discretion to stay proceedings in this case. In

23  the Vioxx cases, for example, most California district courts, with the exception of those in

24  the Central District of California, either stayed cases pending transfer and allowed the MDL

25  court to resolve the motions to remand or avoided the issue because the cases were

26  transferred to MDL before motions to remand were filed. *Leeson*, 2006 U.S. Dist. Lexis

27  _____

28  [2]Plaintiffs acknowledged at oral argument that the case would likely be transferred to the MDL court if their remand motion was denied.

3

EXHIBIT ___*A*___
PAGE__*3*__ OF _*4*_

1   3096, at *11-12.  More recently, Judge William Alsup in this district has routinely stayed all

2   Zyprexa cases as they are filed and, just last week, denied plaintiffs' request for leave to file

3   a motion to remand in a case involving McKesson.  *Johnson v. Eli Lilly & Co.*, No.

4   C06-2188 WHA, docket no. 18 (N.D. Cal. Apr. 26, 2006) (Ex. A to Supplemental Decl. of

5   James M. Neudecker).  This Court finds the approach followed by Judge Alsup and the

6   majority of California district courts to be more prudent than the Central District's

7   consideration of the jurisdictional issues pending transfer.

8          Accordingly, and in light of all of the above, the Court GRANTS Defendant's motion

9   to stay and VACATES Plaintiffs' motion to remand without prejudice.  If the JPML does not

10  transfer this case to the MDL court, then Plaintiffs may renew their motion to remand before

11  this Court at that time.

12

13  **IT IS SO ORDERED.**

14

15  Dated:   05/04/06

16                                      THELTON E. HENDERSON, JUDGE
                                        UNITED STATES DISTRICT COURT
17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

4

EXHIBIT _____A_____
PAGE __4__ OF __4__