## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

STATE OF WEST VIRGINIA ex rel.
DARRELL V. MCGRAW, JR.,
Attorney General,

                Plaintiff,

v.                              CIVIL ACTION NO. 3:06-0298

ELI LILLY AND COMPANY,

                Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before the Court are motions by Defendant Eli Lilly and Company to stay all proceedings pending transfer by the judicial panel on multidistrict litigation (MDL) [doc. no. 2] and for an enlargement of time to respond to a motion to remand filed by Plaintiff State of West Virginia ex rel. Darrell V. McGraw, Jr., Attorney General [doc. no. 11]. For the following reasons, the Court **DENIES** Defendant's Motion to Stay and **GRANTS, in part,** Defendant's Motion for an Enlargement of Time.

Plaintiff filed this action in the Circuit Court of Mason County, West Virginia, on February 28, 2006, seeking injunctive relief, restitution, and other pecuniary relief for the cost of past and future medical care incurred by the State for patients taking the drug Zyprexa. Defendant removed this action to this Court on April 21, 2006, alleging that Plaintiff's claims raise substantial issues of federal law and present federal question jurisdiction. Contemporaneously with the removal, Defendant also filed its motion to stay the proceedings pending MDL transfer, pursuant

to 28 U.S.C. § 1407, to the *In re Zyprexa Products Liability Litigation*, MDL 1956, currently before the Honorable Jack B. Weinstein in the United States District Court for the Eastern District of New York. Defendant states that such stays have been granted in more than sixty cases by district courts throughout the country.

Plaintiff, however, asserts that, although this case involves the drug Zyprexa, the overwhelming majority of the cases before the MDL involve individual personal injury cases. On the other hand, Plaintiff states that this case is premised on violations of State statutory and common law claims, including claims under the Consumer Credit and Protection Act, West Virginia Code § 46A-1-101 *et seq.*, and the Medicaid Fraud Act, West Virginia Code § 9-7-1 *et seq.* Therefore, Plaintiff has filed a motion to remand, arguing that no substantial federal question exists. Defendant asks the Court to enlarge the time it has to respond to the motion to remand until after the motion to stay is resolved.

As noted by Plaintiff, this Court has inherent discretionary authority over motions to stay and generally considers three factors in deciding whether a stay should be granted. *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). These three factors include: (1) the interests in judicial economy; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party. *Rivers*, 980 F. Supp. at 1360 (citation omitted).

-2-

In applying these factors to the current situation, Plaintiff argues that the interest of judicial economy favor resolving the jurisdictional questions now rather than waiting until MDL transfer and then waiting for the jurisdictional issue to be decided. On the other hand, Defendant assets that the State of Louisiana has filed two similar actions to the present one and the MDL already has ruled on the jurisdictional issues. *See In re: Zyprexa Products Liability Litigation v. Eli Lilly Co.*, 375 F. Supp.2d 170 (E.D. N.Y. 2005). Therefore, Defendant argues that judicial economy and the interests of consistency favor staying the action and letting the MDL decide the current motion to remand. Upon considering these arguments, the Court acknowledges the decision in the Louisiana cases, however, the Court does not believe the fact that the MDL has issued one opinion in an alleged similar case makes a strong argument in favor of judicial economy and the interests of consistency. Clearly, this Court is aware of the Louisiana decision, and the Court can render a decision in this case in an efficient manner without the parties having to go through the MDL transfer process before the issue can be briefed and resolved. Although the Court does not believe judicial economy weighs overwhelming in favor of Plaintiff, the Court does find it tips in Plaintiff's favor.

The next factor for the Court to consider is the hardship and inequity Defendant may suffer if the action is not stayed. Defendant argues that it will be prejudiced if a stay is not issued because it will have to engage in duplicative discovery. However, the Court sees little risk of this occurring in this case. If the Court determines that jurisdiction is proper then the case will go to the MDL and there will be no risk of duplicative discovery. If, however, the Court finds jurisdiction is lacking, the case will be remanded and any discovery that is conducted there will be by virtue of

-3-

**Exhibit A, Page 3 of 5
Notice of Supplemental
Authority**

the fact that the federal courts do not have jurisdiction. Thus, in this situation, the fact that discovery

occurred in the MDL cases is irrelevant to the fact that the parties in the state court action, for which

federal jurisdiction does not exist, also have the right to conduct discovery. Moreover, Plaintiff

argues that, although there may be some overlap of discovery, much of the discovery that will need

to be conducted in this case is unique because it is based upon State statutory and common law.

Therefore, the Court finds that Defendant will not suffer any hardship or inequity if this Court

proceeds to address the remand motion.

The final factor for the Court to consider is the potential prejudice to Plaintiff if the

stay is granted. Plaintiff argues that a stay will delay its ability to argue the jurisdictional issues it

raises in its remand motion. In addition, Plaintiff states that the MDL is preparing to close generic

discovery, begin resolving dispositive motions and *Daubert* challenges, and begin remanding

individual cases for specific discovery. Therefore, Plaintiff argues that it will suffer hardship if the

case is delayed while awaiting a transfer to proceedings that ultimately may be of limited value.

Although the Court does not find Plaintiff's arguments on this point overwhelmingly convincing,

the Court does find that Plaintiff would suffer some limited prejudice as a result of a delay in

resolving the jurisdictional issue. Therefore, the Court finds that this factor tips slightly in favor of

Plaintiff.

Given the Court's analysis of the above factors, the Court concludes that the balance

falls in favor of denying the stay and having this Court proceed to resolve the jurisdictional issue

raised in Plaintiff's remand motion. Accordingly, the Court **DENIES** Defendant's Motion to Stay.

-4-

**Exhibit A, Page 4 of 5**
**Notice of Supplemental**
**Authority**

In Defendant's Motion for an Enlargement of Time to Respond to the Motion to Remand, it asks for an additional fourteen days to respond after the Court rules on its Motion to Stay. Although the Court agrees that it should be given some additional time to respond, the Court believes that eight days is sufficient. Therefore, the Court **GRANTS**, the motion, **in part**, and **DIRECTS** Defendant to file its Response on or before May 19, 2006.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        May 11, 2006

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

**Exhibit A, Page 5 of 5**
**Notice of Supplemental**
**Authority**