Brewster H. Jamieson, ASBA No. 8411122
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907-277-9511
Facsimile: 907-276-2631
Email: jamiesonb@lanepowell.com

Attorneys for Defendant
Eli Lilly and Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| STATE OF ALASKA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ELI LILLY AND COMPANY,<br><br>　　　　　　　　　　　Defendant. | Case No. 3:06-cv-00088-TMB<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR HEARING REGARDING DEFENDANT'S <u>COMMUNICATION WITH JUDGE WEINSTEIN</u>** |

　　　　Under the guise of a "request for hearing," a procedural maneuver not recognized by this Court's local rules, plaintiff apparently wants this Court to hold some sort of proceeding wherein the Court will apparently (i) "discuss" opposing counsel's conduct and (ii) "to inquire into Lilly's agenda" and whether Judge Weinstein "initiated any contact . . . with this court." If the State of Alaska "wonders about Lilly's true purposes" for sending a letter – with a copy to opposing counsel – to the judge with national supervisory responsibility for the Zyprexa litigation in the federal courts, it could have asked, and it would have been told:

　　　　1.　　In this MDL proceeding, counsel for Eli Lilly and Company ("Lilly"), counsel for plaintiffs, and Judge Weinstein communicate regularly. These communications have included numerous letters over the two years that the MDL has been in existence. Coordination envisioned by

the MDL procedure requires this type of communication in order for an MDL court to be effective. An MDL aims to "eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation costs, and save the time and effort of the parties, the attorneys, the witnesses, and the courts." Manual for Complex Litigation (Fourth) § 20.131 (2004). Without regular communication between counsel and Judge Weinstein, the MDL could not be effectively managed.

  2. Modern complex litigation also requires federal-state coordination. *See* Manual for Complex Litigation (Fourth) § 20.3 (2004). Therefore, it is not surprising that Judge Weinstein has expressed interest in the status of other Zyprexa litigation, whether in federal or state court, from the beginning of the MDL. Judge Weinstein, at the initial Status Conference of the MDL, sought to coordinate discovery between the MDL magistrate judge and state court judges. Transcript of Record at 30, *In re: Zyprexa Products Liab. Litig.*, 04-MD-1596 (E.D. N.Y. June 15, 2004) (attached as Exhibit A). Moreover, Judge Weinstein has sent a letter to state court judges seeking to share information about this litigation: "If you have any suggestion as to how your court and mine can assist each other regarding this litigation, I would be happy to hear from you." *See* Order, *In re: Zyprexa Products Liab. Litig.*, MD-1596 (E.D. N.Y. January 30, 2006) (attached as Exhibit B). Judge Weinstein has also directed counsel to aid the MDL court in this federal-state coordination. *See* Order, *In re: Zyprexa Products Liab. Litig.*, MDL-1596 (E.D. N.Y. January 12, 2006) (attached as Exhibit C). And counsel has obliged, keeping Judge Weinstein abreast of developments, whether in state court, federal court, or courts of other countries. For example, on an issue with a direct bearing on the State of Alaska's claims, Judge Weinstein discussed with plaintiffs' counsel at a recent MDL conference, held in the fall of 2005, whether they intend to represent state Attorneys General in third-party payor cases brought in the MDL. Transcript of Record at 15-16, *In re: Zyprexa Products Liab. Litig.*, 04-MD-1596 (E.D. N.Y. November 9, 2005) (attached as Exhibit D).

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Defendant's Response to Plaintiff's Request for Hearing
Regarding Defendant's Communication with Judge Weinstein**
*State of Alaska v. Eli Lilly and Company* **(Case No. 3:05-cv-00088-TMB)** Page 2 of 4

3.  Throughout this litigation, Lilly has worked to keep Judge Weinstein informed about all Zyprexa litigation and to aid the MDL court in the type of federal-state coordination described in the Manual for Complex Litigation. Lilly has endeavored to help the MDL court with this coordination, and this coordination explains the communications plaintiff now puts at issue. Lilly, <u>with a copy to opposing counsel</u>, sent three communications about this case, two of which went to Judge Weinstein. The first was a notice, sent pursuant to Rule 7.5(e) of the Rules of Procedure of the Judicial Panel on Multi-District Litigation, dated April 20, 2006, sent to the Clerk of the Judicial Panel on Multi-District Litigation (JPML), informing the Clerk that this case was a potential tag-along action to MDL 1596. The second, a letter sent April 19, 2006, informed Judge Weinstein of the action filed by the State of Alaska. The letter included statements of fact, such as that Eli Lilly had moved to stay the action pending transfer and that Judge Weinstein had seen similar allegations in actions brought by Louisiana. The last was a cover letter sent to Judge Weinstein, enclosing a courtesy copy of the notice of removal and motion to stay in this litigation.

4.  All of these communications represent nothing more than the constant flow of information that goes on in the MDL, a process Lilly has been involved in since the start of this litigation. Plaintiff speculates about "Lilly's true purposes" in writing to Judge Weinstein and insinuates that counsel for Lilly acted disrespectfully by sending these three pieces of communication. Plaintiff argues that, because Eli Lilly informed Judge Weinstein that it was moving for a stay, Lilly assumed "transfer is a foregone conclusion." Lilly's beliefs notwithstanding, it is the <u>JPML</u> that makes transfer decisions. Lilly merely informed Judge Weinstein, as a matter of courtesy, that it had exercised its rights under the law and moved for a stay. As explained above, Lilly's purpose in these communications was to inform the Clerk of the JPML and the MDL court of a potential tag-along action.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Defendant's Response to Plaintiff's Request for Hearing**
**Regarding Defendant's Communication with Judge Weinstein**
*State of Alaska v. Eli Lilly and Company* (Case No. 3:05-cv-00088-TMB)           Page 3 of 4

5.      If plaintiff's counsel wishes to know if this Court has been contacted by Judge Weinstein, then counsel should make this inquiry, but it would require only a postage stamp, and not the time and expense of a hearing.

There is no reason to stifle any party's communications with Judge Weinstein. Indeed, plaintiff should feel free to write to him. Anything less than full communication with the MDL court will almost certainly lead to duplicative efforts in areas like discovery, the very thing that an MDL seeks to avoid. Plaintiff's questions having been answered, there is no need for a hearing. Although Lilly would be pleased to discuss this matter with the Court, it suggests that a formal "hearing" is unnecessary.

DATED this 23rd day of May, 2006.

> LANE POWELL LLC
> Attorneys for Defendant
>
> By  s/ Brewster H. Jamieson
>    301 West Northern Lights Boulevard, Suite 301
>    Anchorage, Alaska  99503-2648
>    Tel: 907-277-9511
>    Fax: 907-276-2631
>    Email: jamiesonb@lanepowell.com
>    ASBA No. 8411122

I certify that on May 23, 2006, a copy of the foregoing was served by ECF on:

Eric T. Sanders, Esq. sanders@frozenlaw.com

   s/ Brewster H. Jamieson
121873.0001/155241.1

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Defendant's Response to Plaintiff's Request for Hearing
Regarding Defendant's Communication with Judge Weinstein**
*State of Alaska v. Eli Lilly and Company* **(Case No. 3:05-cv-00088-TMB)**                    Page 4 of 4