format or the format required by the new rule, completely preempts most state law claims related to the adequacy of prescription drug warnings. Such state law claims, according to the FDA, frustrate "the full objectives of the Federal law." *See* Requirements on Content and Format of Labeling for Human Prescription Drug and Biologic Products, 71 Fed. Reg. 3922, 3935, 3934 (Jan. 24, 2006) ("FDA believes that under existing preemption principles, FDA approval of labeling under the act ... preempts conflicting or contrary State law.").[9] This clear expression of regulatory intent raises a substantial federal question with respect to whether, in light of the FDA's position, plaintiff can claim Lilly is liable for allegedly failing to provide adequate warnings for Zyprexa. *See Abramowitz v. Cephalon*, 2006 WL 560639 (N.J. Super. L., Mar. 3, 2006).[10]

Plaintiff further argues that, even if plaintiff's claims were preempted, this would not provide a basis for federal jurisdiction. Plaintiff's Br., at 18-20. However, of the two cases plaintiff cites in support of this proposition, one was decided before *Grable*. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003). The second, *Lontz v. Thorp*, 413 F.3d 435 (4th Cir. 2005), decided two weeks after *Grable*, failed to consider the impact of the *Grable* decision.

The opinion in *Grable* states that the Court may consider preemption when weighing the substantiality of the federal questions presented. In discussing *Merrell Dow*, the *Grable* court noted that the primary importance of the absence of any federal cause of action "emerged when the Court treated *the combination of no federal cause of action and no preemption of state remedies for misbranding* as an important clue to Congress's conception of the scope of jurisdiction to be exercised under § 1331." 125 S. Ct. at 2370 (emphasis added). Now that the FDA has stated emphatically that conflict preemption principles apply to failure-to-warn claims like those asserted

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

---

[9] On May 10, 2006, the FDA reaffirmed its position in an *amicus curiae* brief filed in the case of *Colacicco v. Apotex, Inc.*, Civil Action No. 05-CV-05500-MMB (E.D. Pa.). A copy of the FDA's *amicus* brief is attached as Exhibit A.

[10] Plaintiff argues that "years of federal jurisprudence have found no such preemption;" Plaintiff's Br., at 19; however, every one of the ten cases plaintiff cites for this proposition was decided prior to the issuance of the new FDA rule. In its preemption statement, the FDA explained that "the determination whether labeling revisions are necessary is, in the end, squarely and solely FDA's under the [FDCA]." 71 Fed. Reg. at 3934. "In fact, FDA interprets the act to establish both a 'floor' and a 'ceiling'" on risk information included in medication labeling. *Id.*, at 3935.