Eric T. Sanders
Alaska Bar No. 7510085
FELDMAN ORLANSKY & SANDERS
500 L Street, Fourth Floor
Anchorage, Alaska 99501
Telephone:    (907) 272-3538
Facsimile:    (907) 274-0819
Email:        sanders@frozenlaw.com

Attorneys for Plaintiff State of Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| STATE OF ALASKA,<br><br>                    Plaintiff,<br><br>v.<br><br>ELI LILLY AND COMPANY,<br><br>                    Defendant.<br>_____ | Case No. 3:06-cv-00088-TMB<br><br>**REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND TO STATE COURT** |

## INTRODUCTION

The Court should remand this matter to state court.  Plaintiff's well-pleaded complaint does not raise a substantial issue of federal law actually in dispute, which a federal forum could entertain without upsetting the congressionally approved balance of federal and state judicial responsibilities.

Reply to Defendant's Opposition to Motion to Remand to State Court
State of Alaska v. Eli Lilly and Company
Case No. 3:06-cv-00088-TMB
Page 1 of 10

Defendant mischaracterizes Plaintiff's claims for relief in an effort to bootstrap what it alleges to be substantial federal questions actually in dispute. Defendant attempts to implicate federal Medicaid regulations on state drug formularies by claiming Plaintiff seeks to exclude Zyprexa from its Medicaid formulary, but what Plaintiff actually seeks is to recover those payments for Zyprexa that it would not have incurred but for Defendant's unfair and deceptive marketing practices and representations. Moreover, despite Defendant's arguments concerning the scope of federal jurisdiction over claims that implicate FDA regulations after *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 125 S. Ct. 2363 (2005), it is clear that *Grable & Sons* did nothing to change years of federal jurisprudence regarding "arising under" jurisdiction, or removal jurisdiction, even when preemption may be at issue.

Defendant's objections to remand are ill-founded, and this Court therefore should grant Plaintiff's motion to remand this case to state court.

## ARGUMENTS

### I.    Plaintiff's Claims Do Not Raise Substantial And Disputed Issues Of Federal Law.

While Zyprexa has been on the market since 1996, Defendant did not communicate the risk of hyperglycemia and diabetes to physicians by way of a "Dear Health Care Provider" letter until March 2004. Defendant's knowledge of these risks predates, or should have predated, Zyprexa's launch in 1996. Defendant warned of similar risks in the Zyprexa product labeling in Europe as early as 1998, and in Japan in

Reply to Defendant's Opposition to Motion to Remand to State Court
State of Alaska v. Eli Lilly and Company
Case No. 3:06-cv-00088-TMB
Page 2 of 10

April 2002. Instead of taking steps for patient safety in the United States similar to those taken in foreign countries, Defendant instead engaged in marketing and promotion of Zyprexa which Plaintiff alleges violates Alaska state law, and resulted in increased payments by Alaska's Medicaid program both for unnecessary prescriptions for Zyprexa, and for diabetes-related injuries resulting from the use of Zyprexa by Alaska residents. While Defendant's conduct may also be in violation of federal law, it is state law that Plaintiff seeks to enforce.

Contrary to Defendant's suggestion, Plaintiff is not required to prove that it could have refused to pay for Zyprexa prescriptions or that the FDA would have approved a particular label change. Instead, Plaintiff must prove that, but for Defendant's conduct in violation of this state's statutory and common laws, physicians in this state would have known the true risk-benefit profile of Zyprexa and thus prescribed it more discriminatingly than Defendant encouraged them to. As for the label change to reflect the increased risk of diabetes and hyperglycemia, all Plaintiff must prove is that Defendant knew of a risk it failed to communicate, and that a reasonable manufacturer would have communicated the risk. Any conflicting requirement by the FDA *may* present Defendant with a colorable preemption defense to Plaintiff's claims, but would not create federal jurisdiction.

A very recent decision by the federal district court in the Western District of Texas (filed May 10, 2006) granted remand on very similar facts to the current case,

Reply to Defendant's Opposition to Motion to Remand to State Court
State of Alaska v. Eli Lilly and Company
Case No. 3:06-cv-00088-TMB
Page 3 of 10

recognizing precisely the point that Plaintiff urges in this case:  that the need to apply some federal law to resolve a state's state-law claims against a drug company does not in itself convey federal court jurisdiction.  *See State of Texas v. Merck & Co., Inc.,* No. A-06-CA-232 LY (copy attached as Exhibit A).  The plaintiff state's claims in that case closely parallel the plaintiff's claims in the present case.  As the Texas court summarized, "In part Texas alleges that Merck made false statements or misrepresentations of material fact concerning the safety of Vioxx, concealed or failed to disclose the truth about Vioxx, and made claims under the Texas Medicaid program for a product that is substantially inadequate or inappropriate when compared to generally recognized standards within the health-care industry or claims for a product that is otherwise inappropriate."  *Id.* at 2. Merck removed the case to federal court, asserting federal-question jurisdiction based on the need to apply federal law to resolve Texas's state-law claims.  Texas moved to remand to state court, and the federal court granted that motion.  *See id.* at 5-6.  The court determined, under *Grable & Sons,* that Texas's state-law claims did not contain a disputed and substantial question of federal law that must be litigated in a federal forum. "[T]he mere need to apply federal law in a state-law claim will [not] suffice to open the 'arising under' door to federal-question jurisdiction."  *Id.* at  6 (internal quotes from *Grable & Sons* omitted).  The court's opinion concluded by reminding Merck "that the

Reply to Defendant's Opposition to Motion to Remand to State Court
State of Alaska v. Eli Lilly and Company
Case No. 3:06-cv-00088-TMB
Page 4 of 10

phrase 'federal issue' is not 'a password opening federal courts to any state action embracing a point of federal law.'" *Id.* (quoting *Grable & Sons,* 125 S. Ct. at 2368).[1]

This Court should follow the well-reasoned decision in *State of Texas v. Merck.*

## II.    Plaintiff's Claims Do Not Present Substantial And Disputed Questions Of Federal Law Regarding Off-Label Promotion Or FDA Label Approval.

In *Grable & Sons*, the Supreme Court reaffirmed the analysis it employed in *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986), where the Court held there was no federal jurisdiction over state tort claims resting in part on allegations involving FDA regulations.  As explained in *Grable & Sons*, the *Merrell Dow* Court assumed federal law would be applied to resolve the claims, but did not find the federal questions were substantial enough to warrant federal jurisdiction:

> The Court [in *Merrell Dow*] saw the missing cause of action not as a missing federal door key, always required, but as a missing welcome mat, required in the circumstances, when exercising federal jurisdiction over a state misbranding action would have attracted a horde of original filings and removal cases raising other state claims with embedded federal issues.

*Grable & Sons*, 125 S. Ct. at 2370.  There is no difference in the case at bar, where Plaintiff's state law claims may touch upon areas in which FDA regulations are present. However, those FDA regulations provide no cause of action for Plaintiff.  The welcome mat is still missing, even after *Grable & Sons*.  The recent decision in *State of Texas v. Merck,* discussed in the previous section, illustrates the proper analysis.

---

[1]    The Texas court also rejected an earlier attempt by Merck to invoke federal jurisdiction, based either on diversity and/or a federal question.  *See State of Texas v. Merck & Co., Inc.,* 385 F. Supp. 2d 604 (W.D. Tex. 2005).

Reply to Defendant's Opposition to Motion to Remand to State Court
State of Alaska v. Eli Lilly and Company
Case No. 3:06-cv-00088-TMB
Page 5 of 10

Defendant's attempt to conflate its alleged preemption defense with Plaintiff's claims as a basis for removal is legally misguided. Again, nothing in *Grable & Sons* purports to change the Court's previous "arising under" or removal jurisprudence. Read in its entirety, nothing in *Grable & Sons* changes the Court's previous holdings that preemption, as a federal defense to a plaintiff's claims, is <u>not</u> a valid basis for removal jurisdiction. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) ("Federal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court.") (citing *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936)); *see also Lontz v. Tharp*, 413 F.3d 435, 441 (4th Cir. 2005) ("Even if preemption forms the very core of the litigation, it is insufficient for removal.") (*citing Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)).

Further, despite Defendant's attempts to invoke the "complete preemption" exception to this rule, even the FDA final rule that Defendant cites does not support complete preemption of state law claims. That rule states, "FDA recognizes that FDA's regulation of drug labeling will not preempt all State law actions." *Requirements on Content and Format of Labeling for Human Prescription Drug and Biologic Products,* 71 Fed. Reg. 3922, 3936. Additionally, as Defendant acknowledges, federal law provides no right of action or remedy for violations of the FDA regulations referred to by Defendant. Contrary to Defendant's conclusory assertions, nothing in *Grable & Sons* disturbed the

Reply to Defendant's Opposition to Motion to Remand to State Court
<u>State of Alaska v. Eli Lilly and Company</u>
Case No. 3:06-cv-00088-TMB
Page 6 of 10

Supreme Court's requirement that, for complete preemption to be found, the preempting statute or regulation must not only create a federal cause of action, but must also indicate that Congress intended to provide the exclusive cause of action for the claims. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 9, 11 (2003).

Plaintiff's claims do not offensively raise any actual and substantial disputed federal questions, and Defendant's defensive claims of federal preemption are irrelevant to this Court's assessment of its removal jurisdiction.

## III.    Plaintiff's Complaint Does Not Raise Substantial Federal Questions Regarding Federal Medicaid Law.

As stated earlier, Defendant's attempts to paint Plaintiff's actions as an effort to remove Zyprexa from the state's Medicaid formulary are inaccurate. Plaintiff seeks merely to recover its damages for direct drug costs it would not have incurred but for Defendant's illegal marketing practices and misrepresentations, and to ensure Defendant pays for the damages it has caused to the state's residents who used Zyprexa. Federal Medicaid law does not provide exclusive remedies, or in some cases remedies at all, for these requests for relief. As noted in Plantiff's Motion to Remand at 9-10, federal Medicaid law delegates the management of the Medicaid program, and recovery of Medicaid funds, to the states. Further, the states are required to have laws in place to facilitate this recovery. In other words, this case depends on state law.

That the state may have to reimburse the federal government some portion of its recovery if successful in this case does not create a substantial federal question. There is

Reply to Defendant's Opposition to Motion to Remand to State Court
State of Alaska v. Eli Lilly and Company
Case No. 3:06-cv-00088-TMB
Page 7 of 10

no question, in fact, that the state may have to do so, or any dispute over that fact because that issue is controlled by agreement between each state and the federal government which is not in question in this litigation. Any notion that this creates a significant federal interest compelling litigation in a federal forum is belied by the congressional delegation to the states of the duty to recover Medicaid funds, under state laws enabling such recovery, in such circumstances. This is exactly the kind of sensitive judgment over the "congressionally approved balance of federal and state judicial responsibilities" *Grable & Sons* calls for. It simply does not make sense that Congress would envision this litigation, carried out by states under state law, being brought in or removed to federal court. Once again, the thoughtful decision in *State of Texas v. Merck* addressed and resolved this claim appropriately, concluding that "[t]here is no serious federal interest in claiming the advantages thought to be inherent in a federal forum." No. A-06-CA-232-LY, at 6.

Plaintiff's claims for recovery in this case do not raise any substantial or actually disputed issues of federal Medicaid law which require litigation in a federal forum.

**IV.    *In re Zyprexa Products Liability Litigation* Does Not Define The Actually Disputed And Substantial Federal Issues Nor Address The Congressionally Approved Balance Of Federal And State Judicial Responsibilities.**

Defendant's assertion that Plaintiff has attempted to call Judge Weinstein's scholarship into question is unfair. Plaintiff merely pointed out that the opinion in *In re Zyprexa Products Liability Litigation* does not explicitly address the issues raised in

Reply to Defendant's Opposition to Motion to Remand to State Court
State of Alaska v. Eli Lilly and Company
Case No. 3:06-cv-00088-TMB
Page 8 of 10

*Grable & Sons* and is, therefore, not particularly helpful as precedent for this Court or the parties.

In its opinion, the court concluded that "the substantial federal funding provisions involved and the allegations about the violation of federal law through improper off-label use present a core of substantial issues more federally oriented than those in *Merrell Dow*." *In re Zyprexa Products Liability Litigation*, 375 F. Supp. 2d 170, 172-73 (E.D.N.Y. 2005). This addresses a slightly differently question than that before this Court. *Grable & Sons* requires this Court to consider whether Plaintiff's state law claims "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons*, 125 S. Ct. at 2368. The decision *In re Zyprexa Products Liability Litigation* does not directly discuss the actually disputed, substantial federal issue or issues, or the effect of exercising federal jurisdiction on the congressionally approved balance of federal and state judicial responsibilities. While no disrespect to Judge Weinstein is meant, the opinion simply fails to provide this Court with a clear precedential path to resolution of such important jurisdictional questions.

## CONCLUSION

For the foregoing reasons, and those articulated in more detail in Plaintiff's Motion to Remand, the Court should grant Plaintiff's motion and remand this matter to state court.

Reply to Defendant's Opposition to Motion to Remand to State Court
State of Alaska v. Eli Lilly and Company
Case No. 3:06-cv-00088-TMB
Page 9 of 10

DATED this 31st day of May, 2006.

By____/s/ Eric T. Sanders

FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Telephone:     (907) 272-3538
Facsimile:     (907) 274-0819
Email:          sanders@frozenlaw.com
[Alaska Bar No. 7510085]

Attorneys for Plaintiff State of Alaska

Certificate of Service

I certify that on May 31, 2006, a copy of the
foregoing Reply To Defendant's Opposition
To Motion To Remand To State Court
was served electronically on:

Brewster H. Jamieson

By____/s/ Eric T. Sanders

Reply to Defendant's Opposition to Motion to Remand to State Court
State of Alaska v. Eli Lilly and Company
Case No. 3:06-cv-00088-TMB
Page 10 of 10