IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2006 MAY 10 AM 11:34
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ DEPUTY

| | |
|---|---|
| THE STATE OF TEXAS, § | |
| § | |
| PLAINTIFF, § | |
| § | |
| V. § | CAUSE NO. A-06-CA-232-LY |
| § | |
| MERCK & CO., INC., § | |
| § | |
| DEFENDANT § | |

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

Before the Court are the Motion of the State of Texas to Remand Action to Texas State Court filed April 4, 2006 (Doc. #3); Opposition of Defendant Merck & Co., Inc., to Plaintiff's Motion to Remand filed April 24, 2006 (Doc. #9); Motion by Defendant Merck & Co., Inc., to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation filed March 31, 2006 (Doc. #2); The State of Texas's Opposition to Defendant's Second Motion to Stay All Proceedings filed April 11, 2006 (Doc. #4); Merck's Reply in Support of Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation filed April 24, 2006 (Doc. #10); The State of Texas's Reply to Merck's Opposition to Remand and Response to Defendant's Reply in Support of Its Motions to Stay All Proceedings filed May 1, 2006 (Doc. #11); and The State of Texas's Supplement to Its Reply to Merck's Opposition to Remand and Response to Defendant's Reply in Support of Its Motions to Stay All Proceedings filed May 4, 2006 (Doc. #12). Having considered the motions, responses, and replies, the Court renders the following order.

## I. Background

This action has previously been before this Court. On June 30, 2005, the State of Texas ("Texas") as the Plaintiff filed suit in state court in Travis County, Texas against Merck & Co. Inc. ("Merck") regarding Merck's alleged misrepresentations about Vioxx, a drug that had been placed on Texas's Medicaid formulary. *See The State of Texas v. Merck & Co., Inc.*, No. GV503021 (345th Dist. Ct., Travis County, Tex. June 30, 2005). Texas brought suit in state court against Merck for damages and civil penalties pursuant to Texas's Medicaid Fraud Prevention Act. *See* TEX. HUM. RES. CODE ANN. §§ 36.001–.132 (West 2001).[1] In part Texas alleges that Merck made false statements or misrepresentations of material fact concerning the safety of Vioxx, concealed or failed to disclose the truth about Vioxx, and made claims under the Texas Medicaid program for a product that is substantially inadequate or inappropriate when compared to generally recognized standards within the health-care industry or claims for a product that is otherwise inappropriate. Texas alleges that Merck's conduct regarding Vioxx violates several provisions of Texas's Medicaid Fraud Prevention Act. *See* TEX. HUM. RES. CODE ANN. §§ 36.002(1), (2), (4), (7) (West 2001). As damages Texas seeks restitution with interest for the value of all payments which Texas has made for Vioxx prescriptions under the Texas Medicaid program; civil penalties; twice the value of all payments which Texas has made for Vioxx prescriptions under the Texas Medicaid program; and fees, expenses, and costs associated with the lawsuit.

---

[1] The Texas Legislature amended the act effective September 1, 2005. Because this action was filed in June 2005, the prior law governs. *See* Act of May 23, 2005, 79th Leg., R.S., ch. 806, § 20(a), 2005 Tex. Gen. Laws 2789 ("This Act applies only to conduct that occurs on or after the effective date of this Act. Conduct that occurs before the effective date of this Act is governed by the law in effect at the time the conduct occurred, and that law is continued in effect for that purpose.").

On August 2, 2005, Merck removed the state-court action to this Court on the basis of both diversity and federal-question jurisdiction. *See The State of Texas v. Merck & Co., Inc.*, No. A-05-CA-606-LY (W.D. Tex. filed Aug. 2, 2005). In its first notice of removal, Merck argued federal-question jurisdiction existed because Texas's "claims are premised on the allegations that Merck violated regulations promulgated and enforced by the Food and Drug Administration . . . under statutory authority conferred by the federal Food, Drug & Cosmetic Act . . . 21 U.S.C. § 301, *et. seq.*" Additionally, Merck claimed Texas's petition raised "important federal questions related to the federal Medicaid statute and its associated regulations." Merck claimed that diversity jurisdiction existed because the Texas Health and Human Services Commission, and not Texas, was the real plaintiff. Texas moved to remand the action on August 4, 2005. Concluding that neither diversity nor federal-question jurisdiction was present, this Court granted Texas's motion, and remanded the action to state court in Travis County on August 29, 2005.

Following remand, the parties agreed to a Docket Control Order that the state-court judge signed on January 27, 2006. Pursuant to the Docket Control Order, this action was set for jury trial "the second jury trial week of 2007." The record reflects that Texas has not amended its original state-court petition previously before this Court, and which this Court has already concluded does not present a federal question.

On March 30, 2006, Merck removed the action to this Court for a second time. In its second notice of removal, Merck asserts federal-question jurisdiction on the basis of some of Texas's discovery responses. *See* 28 U.S.C. §§ 1331, 1441. Merck alleges that on March 17, 2006, Texas provided discovery responses that contradict Texas's prior arguments to this Court that this action does not implicate questions of federal law. Merck claims that Texas conceded in these discovery

3
Exhibit A
Reply to Opposition to
Motion to Remand

responses that the federal funding that supports Texas's Medicaid program "is contingent upon the State's compliance with the federal laws, rules, and regulations pertaining to Medicaid and is calculated according to federal law." Merck asserts that these responses are concessions that this action implicates substantial questions of federal law, thereby rendering it removable under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 125 S.Ct. 2363 (2005).

Texas responds that it has not amended its pleadings since this action was previously before this Court, and that all allegations against Merck continue to be based exclusively on the Medicaid Fraud Prevention Act. Texas states that there are no allegations of violations of federal law or regulations. Texas further responds that Merck has raised no new issue unaddressed by the Court in its original remand order. Texas also questions whether Merck procedurally can remove this case by invoking federal-question jurisdiction based on discovery responses.

## II. Applicable Law

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A federal court may exercise jurisdiction over cases only as expressly provided by the Constitution and laws of the United States. *See* U.S. CONST. art. III § 2; *see also Kokkonen*, 511 U.S. at 377. As such, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Thus, to support removal, a defendant bears the burden of establishing facts demonstrating that the Court has subject-matter jurisdiction of the cause. *Carpenter v. Wichita Falls ISD*, 44 F.3d 362, 365 (5th Cir. 1995). Any doubt as to the propriety of the removal is to be resolved in favor of remand. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

### III. Analysis

Under *Grable*, federal-question jurisdiction may exist when "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 125 S.Ct. at 2368. Even assuming that Merck's removal of this action is procedurally proper, the discovery responses upon which Merck relies to establish federal-question jurisdiction do not reflect that Texas's state-law claims disclose a disputed and substantial federal issue, much less one that "indicates a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id.* at 2367 (and cases cited therein).

The discovery responses to which Merck directs this Court reflect generally that the federal Food and Drug Administration bears the initial responsibility to approve drugs, Texas and the federal government jointly fund Texas's Medicaid program, Texas must reimburse the federal government out of any recovery in this action for past federal funds received by its Medicaid program, and Texas has designated witnesses to testify about this dual system.[2] The Court concludes that it does not follow that Texas's state-law claims contain a disputed and substantial question of federal law that should be litigated in a federal forum. Even assuming that these discovery responses reflect the

---

[2] As Texas points out, Merck in its second notice of removal quotes only part of the first sentence of Texas's response to Interrogatory 16, inquiring about the procedure and criteria used to evaluate the safety of drugs placed on Texas's Medicaid formulary list. The entire sentence is:

> The Vendor Drug Program expects the manufacturer to properly comply with federal law and to receive approval of its drug from the FDA; *it further expects the manufacturer's assertion to the State of Texas in its questionnaire that the drug is safe and effective to be accurate.* (Emphasis added.)

5
Exhibit A
Reply to Opposition to
Motion to Remand

necessity to apply federal law in Texas's state-law claims against Merck, the "mere need to apply federal law in a state-law claim will [not] suffice to open the 'arising under' door" to federal-question jurisdiction. *Id.* To the extent this case presents a federal issue, it is not a substantial one. There is no serious federal interest in claiming the advantages thought to be inherent in a federal forum.

As addressed by the Court in its first remand order, Texas's action involves Merck's conduct toward and with Texas in requesting and receiving approval from Texas to add Vioxx to Texas's Medicaid program. The crux of Texas's action is what Merck said and did in order to convince Texas to add Vioxx to Texas's Medicaid program. There is no reason for this Court to preempt the state-court's resolution of this dispute. The Court reminds Merck that the phrase "federal issue" is not "a password opening federal courts to any state action embracing a point of federal law," and cautions Merck against removing—and delaying—this action every time a federal law is mentioned in connection with Texas's Medicaid program. *Id.* at 2368.

The Court concludes that Merck has failed to satisfy its burden of demonstrating the existence of a federal question involved in Texas's action against Merck. Because federal-question jurisdiction remains lacking, the Court finds that remand is warranted.

**IT IS THEREFORE ORDERED** that the Motion of the State of Texas to Remand Action to Texas State Court (Doc. #3) is **GRANTED**.

IT IS FURTHER ORDERED that Texas's request for attorney's fees and costs is **DENIED**.

IT IS FURTHER ORDERED that the Motion by Defendant Merck & Co., Inc., to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation (Doc. #2) is **DISMISSED**.

IT IS FINALLY ORDERED that this action is REMANDED to the 345th Judicial District Court of Travis County, Texas.[3]

SIGNED this 10th day of May 2006.

*/s/ Lee Yeakel*
LEE YEAKEL
UNITED STATES DISTRICT JUDGE

---

[3] This action was initially filed in the 345th Judicial District Court of Travis County. The Docket Control Order in state court indicates that this action was removed from the 126th Judicial District Court of Travis County. Regardless, Texas requests that the action be remanded to the 345th Judicial District Court of Travis County.