IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA,<br>                Plaintiff,<br>vs.<br>MERCK & CO., INC,<br>                Defendant. | Case No. 3:06-cv-0018-TMB<br><br>O R D E R |

BACKGROUND

The State of Alaska ("the State") filed this case on December 23, 2005, in Superior Court. The State's complaint alleges that Merck's marketing practices for the drug Vioxx violated Alaska's Unfair Trade Practices and Consumer Protection Act. The complaint also alleges that Merck made false statements concerning the safety of Vioxx "that induced the State of Alaska to authorize expenditure of Medicaid funds for the purchase of Vioxx." Docket No. 1, Ex. 3 (Compl. ¶ 22). Merck removed the case to federal court, arguing that the case raises a substantial federal question. Docket No. 1. Merck then moved to stay all proceedings pending transfer to the Judicial Panel on Multidistrict litigation ("MDL"). Docket Nos. 8 (Mot.); 14 (Opp'n); 15 (Reply). Subsequently, the State moved for remand back to state court. Docket Nos. 13 (Mot.); 19 (Opp'n); 24 (Reply). On February 7, 2006, the MDL Panel issued a conditional transfer of the case. Docket No. 17, Ex. A. The conditional transfer order states that this action appears to involve "questions of fact which are common to the actions previously transferred" to the MDL Panel. Id. The MDL Panel issued a schedule requiring the State to oppose the transfer by March 9, 2006. Id. The State has moved for expedited consideration of its motion to remand, requesting that the Court issue a

1

ruling before the State's opposition to the MDL transfer is due. Docket No. 25. The motion for expedited consideration at **Docket No. 25** is **GRANTED.**

## DISCUSSION

Courts must strictly construe the removal statute, 28 U.S.C. § 1441, against removal jurisdiction. Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Sutetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). As is pertinent here, 28 U.S.C. § 1441 provides for the removal of (1) actions arising under federal law or (2) actions between parties of diverse citizenship where none of the defendants are citizens of the forum state. *See* 28 U.S.C. § 1441(b).[1] The Court must examine the complaint filed in state court to determine whether it states a claim arising under federal law. In making this determination, it is irrelevant whether the defendant intends to rely on the United States Constitution or a federal statute in defending the action. The inquiry is limited to the grounds for relief invoked by the plaintiff in its complaint. *See Merrell-Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

On February 16, 2005, the MDL Panel issued the first transfer order establishing MDL-1657, *In re Vioxx Marketing, Sales Practices and Products Liability Litigation,* pursuant to 28 U.S.C. § 1407. In that order the Panel stated, "[t]he pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings." 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005). The pendency of transfer to MDL, however, does not limit the Court's authority to rule on the motion for remand. Several courts have opted to rule on motions for

---

[1] The statute provides:
> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b).

ORDER

remand despite the pendency of transfer to MDL-1657. *See, e.g., Kantner v. Merck & Co.*, 2005 WL 277688 (S.D. Ind. Jan 26, 2005). However, 3,008 actions have been transferred to MDL-1657. Docket No. 17, Ex. A.

A preliminary review of the complaint and motion to remand reveals the difficult issue of whether federal question jurisdiction exists based on federal Medicaid law, which limits a state's authority to decline to pay for prescription drugs covered under the program. *See* 42 U.S.C. §§ 1396r–8(d)(4). As this case does not plainly warrant immediate remand, the Court finds that transfer to the MDL panel will promote efficient and coordinated proceedings, including the consideration of remand motions.[2] The State will suffer minimal prejudice from the stay. By contrast, the risk to Merck of duplicative litigation is significant.

**IT IS THEREFORE ORDERED:**

The motion to stay proceedings pending transfer to the MDL panel at **Docket No. 8** is **GRANTED**. This case will be transferred to MDL-1657 for a consolidated determination of jurisdictional issues.

Dated at Anchorage, Alaska, this 6th day of March 2006.

/s/ TIMOTHY M. BURGESS
TIMOTHY M. BURGESS
United States District Judge

---

[2] The judge presiding over the Vioxx MDL proceeding has expressed his preference that remand motions be presented to the MDL Panel: "There are various issues of remand in various cases throughout the country. Again, a significant advantage of the MDL concept is some consistency. . . I'm conscious of dealing with the remand [motions] as quickly as possible, but I do want to get them all together . . . and deal with that issue in a consistent and fair fashion." Docket No. 19, Ex. 1 (Transcript of Status Conference at 21, MDL No. 1657 (June 23, 2005)).

ORDER

C:\Documents and Settings\patty\Local Settings\Temp\notesF8C1A4\Merck.wpd  3

EXHIBIT  A
PAGE  3  OF  3